# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jeremy A. Tigan
302 351-9106
jtigan@morrisnichols.com

October 29, 2021

**VIA ECF**
The Honorable Maryellen Noreika
United States District Court
  for the District of Delaware
844 North King Street
Room 4324, Unit 19
Wilmington, DE 19801

**REDACTED –
PUBLIC VERSION**

        Re:    *Jazz Pharmaceuticals, Inc. v. Avadel Pharmaceuticals plc, et al.*
              Civil Action Nos. 21-691 (MN) and 21-1138 (MN)

Dear Judge Noreika:

      This firm, together with Quinn Emanuel, represents Plaintiff Jazz Pharmaceuticals, Inc. in this matter. We write jointly with Defendants ("Avadel") pursuant to Your Honor's October 22, 2021 Order (D.I. 58) to submit a letter regarding consolidation of the present matter with Civil Action No. 21-1138. The parties have met and conferred but have not been able to reach agreement regarding the schedule. The parties' respective schedules are contained in the attached Exhibit A and the parties' positions are set forth below.

      **Jazz's Position**

      Jazz's proposed schedule seeks a 28-day extension for fact discovery and less than a two-month extension for the time to trial to accommodate incorporation of the patent-in-suit in Civil Action No. 21-1138 (U.S. Patent No. 11,077,079 (the "'079 patent)) into the main case. In addition to that patent, Jazz will also shortly be bringing an additional patent infringement complaint against Avadel regarding U.S. Patent No. 11,147,782 (the "'782 patent") that was issued by the Patent Office just ten days ago. Under Jazz's proposed schedule, the new '782 patent case would be placed on the same schedule as the current matter and the case concerning the '079 patent to avoid the parties and Court having to go through the exercise of consolidating and re-scheduling matters again at a later date.

      Jazz's proposed schedule is reasonable considering that the new '079 and '782 patents involve an additional inventor and new claim limitations compared to the patents-in-suit in the main case and, therefore, will require additional discovery and additional contentions. Jazz's

proposed schedule builds in time for the parties to take additional discovery prior to engaging in claim construction exchanges while only extending the deadline for fact discovery by 28 days. The parties will need to take additional discovery regarding elements of the inventions in the '079 and '782 patents that were not included in the original patents-in-suit.

Jazz intends to file its suit regarding the '782 patent by November 10, 2021. That there may be issues raised in the pleadings regarding that patent that are not at-issue now is a further reason in support of the modest extension of 28 days to the fact discovery deadline and less than two months to the overall schedule that Jazz seeks.

Avadel's contention that the parties incorporate two new patents (including one for a complaint that has not yet been filed) into the case with no adjustment to the schedule is unreasonable and would unnecessarily burden the parties. Avadel accuses Jazz of seeking to "delay this case" but, as discussed above, this is incorrect. Rather, Jazz seeks an overall extension of less than two months. Further, it is not clear how Jazz had delayed proceedings regarding the '079 patent and the '782 patent when there has yet to be a scheduling conference for the '079 patent case and the '782 patent issued a mere ten days ago. In addition, rather than delay proceedings with respect to the '782 patent, Jazz is instead expediting proceedings by agreeing to a schedule before its complaint concerning that patent is even filed. Accordingly, Avadel's arguments in support of its position lack merit. We therefore respectfully request that the Court enter Jazz's proposed schedule for the consolidated matters.

**Avadel's Position**

Avadel is eager to have this dispute adjudicated on the merits. Avadel therefore respectfully submits that the best way to consolidate the two pending cases, along with the forthcoming third case that Jazz confirmed, for the first time today, that it would file November 10, is to follow the existing schedule of Jazz's first-filed case. The first-filed case is still in its infancy, with the first substantive deadline—identification of claim terms for construction at the end of February 2022—nearly *four months from now*. The *Markman* hearing itself is not scheduled until August of 2022, and fact discovery does not close for almost a year, which is more than enough time, as Avadel agrees to conduct discovery immediately upon the third action's filing.

The only necessary modification to the existing schedule is the exchange of new contentions. Avadel proposes that Jazz serve its infringement contentions for its additional patents on December 7, 2021, which should not present any undue burden to Jazz given that it has had Avadel's NDA for nearly three months and already has a Rule 11 basis for its infringement allegations. The scheduling order in Jazz's first-filed case gave Jazz one month to serve its infringement contentions after receiving Avadel's NDA, and Jazz was able to comply. *See* D.I. 29 at ¶2(b). Avadel can then serve its invalidity contentions on January 14, 2022, more than a month before the exchange of terms for construction. This will provide an efficient resolution to these related actions and will allow Avadel to provide its improved, single-dose sodium oxybate product to narcolepsy patients as quickly as possible.

Conversely, Jazz's proposal seeks to delay trial for at least a month and *Markman* for at least two, despite the current schedule's contemplating a November 1 deadline for the amendment of pleadings (which could include newly-asserted patents). In any event, adding two new patents this early does not require Jazz's proposed revisions to the schedule or rearranging the Court's calendar for the *Markman* and trial. While Jazz argues that an expanded schedule is needed to accommodate additional discovery, that is simply not correct. There will be significant overlap between the discovery in the three actions, as all accuse the same Avadel product, and the patents in the later-filed cases, like four earlier-asserted patents, relate to a once-nightly sodium oxybate product. Whatever modicum of unique discovery the later-filed actions require, *e.g.*, an additional inventor deposition and a few additional discovery requests, can easily be accommodated during the full year of fact discovery remaining under the current schedule.

Jazz's inactivity should not delay this case: despite filing the second complaint in early August, Jazz has done nothing to advance the second action, and only plans to file its third action after Avadel pressed Jazz on its plans during the parties' meet and confer and after the existing November 1 deadline for the amendment of pleadings.

For these reasons, Avadel respectfully requests that the Court consolidate the cases on the existing schedule for the first-filed case.

\* \* \*

We appreciate Your Honor's attention to this matter.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
Attachment
cc:     Clerk of the Court (via hand delivery)
       All Counsel of Record (via CM/ECF and email)