**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 21-691-MN |
| AVADEL CNS PHARMACEUTICALS, LLC, | |
| Defendant. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR**
**PARTIAL JUDGMENT ON THE PLEADINGS**

ME1 41460729v.1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .................................................................................................................1

II.     ARGUMENT .........................................................................................................................2

     A.     AVADEL WAS NOT REQUIRED TO SEEK LEAVE BEFORE FILING ITS RENEWED 12(C) DELISTING MOTION ................................................................. 2

     B.     AVADEL SHOULD BE GRANTED LEAVE TO FILE ITS 12(C) MOTION IF LEAVE WAS REQUIRED ................................................................................... 6

III.    CONCLUSION.....................................................................................................................7

ME1 41460729v.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Asbestos Litigation Thorne v. Crane Co.*,
    C.A. No. 20-419-MN-SRF, 2022 WL 2178443 (D. Del. June 16, 2022)................................7

*CG Technology Development, LLC v. FanDuel, Inc.*,
    C.A. No. 17-1041-RGA, D.I. 375 (D. Del. Mar. 5, 2020)........................................................5

*Hercules Incorporated v. Delaware Valley Scrap Co., Inc.*,
    Civil No. 08-4391-RMB-KMW, 2009 WL 10690434 (D.N.J. Sept. 23, 2009) .......................6

*MAZ Encryption Techs. LLC v. Blackberry Corp*
    No. 13-304-LPS, 2016 WL 5661981 (D. Del. Sep. 29, 2016)..................................................4

**Other Authorities**

Fed. R. Civ. P. 1 ...............................................................................................................................1

Fed. R. Civ. P. 12 ......................................................................................................................2, 3, 4

Fed. R. Civ. P. 16 ...............................................................................................................................1

Fed. R. Civ. P. 56 ........................................................................................................................4, 5

D. Del. LR 7.1.2.................................................................................................................................7

ME1 41460729v.1

## I.     INTRODUCTION

Jazz's decision to limit its opposition to solely a procedural objection, forgoing any substantive response, is calculated to further delay resolution of Avadel's delisting counterclaim and prevent Avadel from introducing its new once-nightly sodium oxybate product to the narcolepsy market.  But Jazz's invocation of Rule 16 does not merit deferring consideration of Avadel's motion.  As FEDERAL RULE OF CIVIL PROCEDURE 1 mandates, the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Delaying consideration of Avadel's motion would not further those objectives.

When Avadel first filed its 12(c) motion on July 23, 2021, Jazz asked the Court to delay ruling on the bases that the issue was allegedly unripe and required claim construction to determine whether the '963 patent claims are directed to systems or methods.  D.I. 43.  The Court rejected Jazz's ripeness argument, but agreed that claim construction was necessary and denied Avadel's motion without prejudice on that basis.  D.I. 55.  Now that the parties have disclosed their claim construction positions and the *Markman* hearing is fast approaching, Avadel renewed its 12(c) motion and explained why—under either party's proposed construction—the '963 patent is not Orange Book-listable.  As Avadel additionally explained in its motion, given the exigent circumstances, Avadel respectfully requests that the Court rule on the merits of the motion as soon as practicable following its claim construction ruling.

Rather than take on the substance of Avadel's motion and attempt to explain how the '963 patent is properly listed in the Orange Book, Jazz's opposition is (tellingly) entirely limited to procedural arguments that are intended to create further unjustified delay.  According to Jazz's opposition, which it styled as an "objection," the Court should deny Avadel's motion because the Scheduling Order required Avadel to seek leave before filing.  Jazz is incorrect.  Jazz's procedural

"objection" is based on mischaracterizations of both Avadel's motion and this Court's procedures, and are (ironically) procedurally improper. Jazz could have raised its procedural argument in a responsive brief, along with any substantive arguments, but instead attempted to force a drawn-out two-step response process for a straightforward motion.

While the Court plainly has full discretion to manage its docket, the Scheduling Order did not require Avadel to seek leave to file its renewed 12(c) motion. The Scheduling Order requires only that parties seek leave to file "case dispositive motions" (*i.e.*, motions for summary judgment), not motions brought pursuant to Rule 12. Given that Jazz only opposed on this procedural ground and has now waived any substantive opposition, if the Court agrees, Avadel's motion can be granted immediately. However, to the extent the Court disagrees, Avadel respectfully requests that the Court convert Avadel's renewed motion and accompanying cover letter into a request for leave to file a renewed motion for judgment on the pleadings, and rule on Avadel's renewed motion as promptly as possible.

## II.   ARGUMENT

### A.   AVADEL WAS NOT REQUIRED TO SEEK LEAVE BEFORE FILING ITS RENEWED 12(C) DELISTING MOTION

This Court's procedures did not require Avadel to seek leave before filing its renewed motion for partial judgment on the pleadings, as Jazz contends.[1] D.I. 124 at 1 (citing D.I. 31 at ¶ 15). While Jazz argues that Avadel's motion is a "case dispositive motion" requiring leave of Court, the Scheduling Order's reference to "case dispositive motions" is addressed to summary

---

[1] The Court's procedures also do not permit Jazz to make an "objection" to Avadel's motion. If Jazz wanted to insist on forgoing responsive briefing (which is unjustified, as explained below), it should have at the very least followed the procedure outlined in paragraph 9 of the Scheduling Order, which states that "any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above." D.I. 31 at ¶ 9.

judgment motions and does not encompass motions for judgment on the pleadings brought under Rule 12(c). Jazz's argument is inconsistent with the procedural posture of Avadel's motion, Jazz's own actions in litigating before this Court, prior precedent, and the Court's form scheduling orders.

First, Avadel filed a *renewed* motion for judgment on the pleadings, which refers back to its initial motion for judgment on its delisting counterclaim. D.I. 118 at 1. Notably, Jazz did not object to that motion on procedural grounds. Further, the Court did not deny Avadel's motion with prejudice; rather, the Court noted that "Defendants' arguments depend in no small part on claim construction" (D.I. 55 at 5), and "decline[d] to engage in claim construction at this early stage of the case." *Id*. at 6. This concern no longer exists. It makes little sense to suggest that although the initial motion was properly filed under the Court's procedures, as Jazz seems to recognize, it could not be renewed once the concerns that led to its denial without prejudice had been resolved absent additional motion practice.

Precedent from this district confirms that Avadel was not required to seek leave to file its renewed Rule 12 motion. In *Eli Lily and Co. v. Eagle Pharmaceuticals, Inc.*, the Court ruled on the substance of a motion for judgment on the pleadings that was filed for the first time *after* a scheduling order was entered that included precisely the same provision Jazz argues prohibits such a motion: "[n]o case dispositive motions shall be filed without prior authorization of the Court." Exhibit A, C.A. No. 17-1293-MSG, D.I. 16 (Scheduling Order) at ¶ 10; Exhibit B, *Eli Lily*, D.I. 50 (Memorandum Opinion ruling substantively on Defendants' motion for judgment on the pleadings). The same result should follow here. In fact, Jazz appears to agree that 12(c) motions are not verboten absent leave of Court, as it recently filed a motion for judgment on the pleadings in Case Number 22-487, despite that fact that the Court's form scheduling orders prohibit case

3

dispositive motions in cases where a jury trial has not been requested.  *See* C.A. No. 22-487-MN, D.I. 24.  Thus, Jazz's actions speak louder than the words of its "Objection."

Further, the Court's form scheduling orders are consistent with Avadel's understanding that the reference to "case dispositive motions" in the Scheduling Order refers to summary judgment motions, not Rule 12 motions.  For example, paragraph 15 of the Court's form patent scheduling order for non-ANDA cases is entitled "Case Dispositive Motions," and specifically references Rule 56, restricts early motions for summary judgment, and specifies that the appropriate time for filing such motions is "four months prior to the pretrial conference."  Exhibit C at ¶ 15(a).  Paragraph 15 goes on to require concise statements of fact "as to which the moving party contends there is no genuine issue to be tried" and requires the opposing party to submit a responsive statement of facts.  *Id*. at ¶ 15(b).  Finally, Paragraph 15 provides a combined page limit for all "case dispositive motions" and *Daubert* motions.  *Id*. at ¶ 15(c).  The reference to "case dispositive motions" in this context and at this phase of the case—shortly before the pretrial conference and alongside *Daubert* motions—appears to be a clear nod to summary judgment motions, and not a restriction on the timing or filing of Rule 12 motions.

Other Courts in this district have likewise distinguished between "case dispositive motions," *i.e*., summary judgment motions, and motions for judgment on the pleadings.  For example, in *MAZ Encryption Techs. LLC v. Blackberry Corp*., Judge Stark did not consider Defendant's motion for judgment on the pleadings to be "an early case-dispositive motion," which would have required leave pursuant to the Court's Scheduling Order.  C.A. No. 13-304-LPS, 2016 WL 5661981 at *10, n.5 (D. Del. Sep. 29, 2016).  Specifically, the Court refused to consider an argument by Defendant that contradicted the specification of the asserted patent because Defendant chose to a file a motion for judgment on the pleadings, which required the Court to treat

4

the statements in the specification as true.  The Court noted that if the Defendant wanted to contradict the information in the pleadings, which would require a summary judgment motion rather than a motion for judgment on the pleadings, it "could have waited to press its § 101 issue *until the time for case-dispositive motions or sought leave to file an early case-dispositive motion*." *Id*.  This language indicates, of course, that Defendant's motion for judgment on the pleadings was not an "early case-dispositive motion" under the scheduling order (and the practice in this District).  *See also* Exhibit D, *CG Technology Development, LLC v. FanDuel, Inc.*, C.A. No. 17-1041-RGA, D.I. 375 (D. Del. Mar. 5, 2020) (addressing a 12(c) motion despite scheduling order's restriction on early case dispositive motions).

Jazz's argument that the scheduling order in *MAZ Encryption Techs* "permitted two types of dispositive motions" is unsupported and contradicted by the Court's reasoning in deciding the motion.  D.I. 124 at 2.  A more logical reading of the Scheduling Order in *MAZ* is that the Court expected summary judgment briefing to be filed 180 days following the Court's claim construction ruling and required leave to file any summary judgment motions more than 10 days before that date ("early" summary judgment motions).  In other words, as is typical in this District, the Order created a 10-day window in which the parties could file summary judgment motions without leave of Court.  The distinction Jazz attempts to draw between the alleged "two types of motions" is more appropriately read as a clarification (*i.e.*, the reference to Rule 56 makes explicit what is already implicit—that the cited portion of the scheduling order is geared toward summary judgment motions), not an indication that summary judgment motions are a subset of case dispositive motions.  And in any event, the court's ruling is clear—motions for judgment on the pleadings are not "case dispositive motions" in the context of such a Scheduling Order.

5

## B.   AVADEL SHOULD BE GRANTED LEAVE TO FILE ITS 12(C) MOTION IF LEAVE WAS REQUIRED

If the Court finds that Avadel was required to seek leave to file its motion, Avadel respectfully requests that the Court convert Avadel's renewed motion and accompanying cover letter into a request for leave.  It is well within the Court's discretion to do so.  *See, e.g.*, *Hercules Incorporated v. Delaware Valley Scrap Co., Inc.,* Civil No. 08-4391-RMB-KMW, 2009 WL 10690434, at *1 (D.N.J. Sept. 23, 2009) (converting Defendant's motion to "re-instate" a third-party complaint into a motion seeking leave to file a third-party complaint).

As Avadel explained in the cover letter accompanying its motion, Avadel's renewed motion for partial judgment on the pleadings can and should be resolved contemporaneously with claim construction, or as soon as possible thereafter.  D.I. 119.  Doing so is the most efficient way to resolve this dispute, as there are no additional issues that require resolution to decide this motion, and ruling in Avadel's favor on claim construction is dispositive of Avadel's delisting counterclaim (which Jazz does not dispute).  And, as Avadel explained and Jazz has not disputed, this Court need not even reach claim construction to decide this motion.  Even if the Court were to adopt Jazz's proposed construction, the '963 patent should still be delisted.  D.I. 118 at 9-11. Further, as established in Avadel's cover letter and brief, resolution of this dispute is time-sensitive.  The FDA recently required Avadel to provide a Paragraph IV certification to Jazz's improperly listed '963 patent, which is delaying approval of Avadel's only product.  D.I. 119; *id.* at 1-3.  Thus, Avadel has established via its initial motion that there is good cause to grant leave and to grant the motion.

No additional briefing is necessary on Avadel's renewed motion for judgment on the pleadings.  Jazz has already had a chance to be heard on Avadel's original motion, and clearly had the ability and wherewithal to express its substantive opposition.  However, in the face of Avadel's

ME1 41460729v.1

renewed motion, Jazz chose to file only a procedural objection in violation of the Court's Local Rules regarding motion briefing, and it is not entitled to submit any additional briefing.  By choosing not to respond on the merits when it had the opportunity to do so, Jazz has waived any arguments it failed to include in its opposition.  *See In re Asbestos Litigation Thorne v. Crane Co.*, C.A. No. 20-419-MN-SRF, 2022 WL 2178443 at *7 (D. Del. June 16, 2022) (finding that Plaintiffs waived an argument that "should have been" addressed in their answering brief but was not) (internal citations omitted).

To be clear, an "objection" is not a proper response to a motion—the appropriate action was for Jazz to file a responsive brief where it could have raised any procedural objections and responded on the merits, to the extent it could muster a substantive retort.  *See* D. Del. LR 7.1.2. There is no justification for Jazz's failure to respond substantively, or for its suggestion that it should be awarded further briefing should the Court continue with deciding Avadel's motion.  The *only reason* Jazz chose to proceed in this manner is that it recognized a potential opportunity to create further delay by raising a procedural objection and then dragging out its responsive briefing. Jazz's gamesmanship should not be rewarded with a second bite at the apple.  Avadel respectfully requests that the Court rule on this motion as promptly as possible, including by declining any request for additional briefing by Jazz.

## III.    CONCLUSION

In light of the foregoing, Avadel respectfully requests that the Court reject Jazz's procedural gambit and address Avadel's motion for judgment on the pleadings on the merits.  Or, in the alternative, Avadel respectfully requests that the Court convert Avadel's cover letter and renewed motion for judgement on the pleadings into a request for leave to file its motion, grant Avadel's request, and resolve the motion as promptly as possible.  For the reasons stated in Avadel's initial motion, which Jazz chose not to dispute on the merits, Avadel respectfully requests

that this Court grant Avadel's motion for renewed judgment on the pleadings and require Jazz to

delist the '963 patent.

Dated: July 14, 2022

*Of Counsel*:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Herman Yue
Bornali Rashmi Borah
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com
Rashmi.Borah@lw.com

Daralyn J. Durie
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 365-6666
ddurie@durietangri.com

McCARTER &ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Defendant*

ME1 41460729v.1

Kira A. Davis
Katherine E. McNutt
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
(213) 992-4499
kdavis@durietangri.com
kmcnutt@durietangri.com

9