IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-691 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | **Confidential Version Filed: January 30, 2023** |
| | | **Public Version Filed: February 6, 2023** |
| JAZZ PHARMACEUTICALS, INC. and | ) | |
| JAZZ PHARMACEUTICALS IRELAND | ) | |
| LIMITED, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 21-1138 (GBW) |
| | ) | |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| JAZZ PHARMACEUTICALS, INC. and | ) | |
| JAZZ PHARMACEUTICALS IRELAND | ) | |
| LIMITED, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 21-1594 (GBW) |
| | ) | |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**JAZZ'S UNOPPOSED MOTION TO REDACT PORTIONS OF THE
JANUARY 4, 2023 DISCOVERY TELECONFERENCE TRANSCRIPT**

Pursuant to Federal Rule of Civil Procedure 5.2 and this Court's Policy on the Electronic

Availability of Transcripts of Court Proceedings, Plaintiffs Jazz Pharmaceuticals, Inc. and Jazz

Pharmaceuticals Ireland Limited hereby move to redact limited portions of the transcript from the January 4, 2023 discovery teleconference.[1]

The grounds for this motion are set forth below. The requested redactions are set forth in Exhibit A, which is a version of the transcript with the proposed redactions highlighted. A redacted version of the transcript is attached as Exhibit B.

Although "[t]he public has a common law right of access to judicial proceedings and records," this right "is not absolute[.]" *MOSAID Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). "Every court has inherent supervisory power, and the Third Circuit has held that courts may exercise that power to deny access to judicial records, for example, 'where they are sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). The party seeking to seal a portion of a judicial record bears the burden of showing that (1) the material is the kind of information that courts will protect, and (2) good cause exists to justify the redaction. To establish "good cause," the party seeking redaction must show that the "disclosure will work a clearly defined and serious injury to [that party]." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The court's assessment of whether good cause exists "generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *MOSAID Techs.*, 878 F. Supp. 2d at 508 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)). The Third Circuit has identified a series of factors to consider in this balancing process, including: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose;

---

[1] Pursuant to D. Del. LR 7.1.1, counsel for Jazz conferred with counsel for Avadel about the requested redactions. Avadel confirmed that it does not oppose this motion.

2

(3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefiting from the order is a public entity or official; and (7) whether the case involves issues important to the public." *Id.* at 508 n.2 (citing *Pansy*, 23 F.3d at 787-91).

Courts routinely recognize that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *see also Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (recognizing that "protection of a party's interest in confidential commercial information" is an exception to the right of public access); *Joint Stock Soc'y v. UDV N. Am. Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000) (recognizing that consumer research studies, strategic plans, potential advertising or marketing campaigns and financial information are the type of sensitive business information entitled to protection).

Good cause exists here to redact limited portions of the January 4 teleconference transcript. The proposed redactions constitute only 14 lines containing Jazz's confidential business information and disclosure of this information would "work a clearly defined and serious injury" to Jazz. Specifically, Jazz seeks to redact portions of the transcript that contain confidential Jazz information concerning its experimental work and formulation efforts. Disclosure of this information would "work a clearly defined and serious injury" to Jazz as it would provide Jazz's competitors with knowledge regarding, *e.g.*, Jazz's internal research and development programs.

Moreover, because this "case involves private litigants" and their confidential information, there is no "legitimate public interest" in the proposed redactions. *See Pansy*, 23 F.3d at 788. Therefore, Jazz's interest in maintaining the confidentiality of the proposed redacted information outweighs any countervailing public interest. *See id.* ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

Finally, the January 4 hearing concerned discovery disputes, not a dispositive motion or trial proceedings. The proposed redactions are limited in scope, covering only 14 lines, and the remainder of the transcript left unredacted provides sufficient context to allow readers to understand the nature of the dispute.

Accordingly, Jazz respectfully submits that good cause exists to redact the Court's January 4, 2023 teleconference transcript. Jazz respectfully requests that the Court grant this motion and order that: (i) the confidential information identified by Jazz in the transcript of the January 4, 2023 teleconference be redacted; and (ii) any publicly available copies of the transcript of the January 4, 2023 teleconference, including but not limited to transcripts that are or will be available by remote electronic access, shall be the redacted version of the transcript attached as Exhibit B.

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Krista M. Rycroft
Frank C. Calvosa
Nicholas A. LoCastro
Krista M. Rycroft
Quentin Jorgensen
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

January 30, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 30, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Sarah Propst, Esquire<br>Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Daralyn J. Durie, Esquire<br>Eric P. Berger, Esquire<br>Rebecca E. Weires, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>Henry Huttinger, Esquire<br>Katherine E. McNutt, Esquire<br>Rose S. Lee, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Andrew T. Jones, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, D.C.  20037<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-691 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 21-1138 (GBW) |
| | ) | |
| v. | ) | |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 21-1594 (GBW) |
| | ) | |
| v. | ) | |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

Having considered Plaintiffs Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited's Motion to Redact Portions of the January 4, 2023 Teleconference Transcript, it is hereby ORDERED that:

8

1. Jazz's motion is GRANTED;

2. Any publicly available copies of the teleconference held on January 4, 2023, including but not limited to transcripts that are or will be available by remote electronic access, shall be redacted consistent with the redactions set forth in Exhibit B to the Motion; and

3. The original, unredacted transcript shall remain sealed in accordance with the Protective Order.

SO ORDERED this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE