# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM DANIEL M. SILVER, ESQ. REGARDING 30(B)(6) DEPOSITION TESTIMONY AT TRIAL**

February 19, 2024

ME1 47673735v.1

Dear Judge Williams:

Avadel should be permitted to play limited designations from the deposition of Jazz's 30(b)(6) designee Mr. Clark Allphin. The great weight of authority—*including the two recent occasions on which courts in this District have considered the issue*—favors admissibility. Jazz's letter misstates the law and does not compel a contrary result. Further, Avadel intends to play less than ten (10) minutes of Jazz's deposition testimony in its case-in-chief, which will hardly raise any of the concerns articulated in Jazz's February 16th letter. Jazz's suggestion that Avadel solely be permitted to play clips from that deposition for purposes of impeachment would also unduly impair Avadel's substantive rights by preventing the introduction into evidence of party testimony obtained from Jazz's corporate witness.

During the Pretrial Conference, Jazz argued to the Court that under the *Micron* case from this District, "Rule 611 overrides 32 [ ] to allow or require that [a party] not play the video [deposition of 30(b)(6) designees of its adversary] separately." *See* Pre-Trial Conf. Tr. (Ex. A) at 8:20-23; *id.* at 11:19-12:9 ("My argument is I understand 30(b)(6), I get it, nobody is disputing that. It's why in those 611 rules, the Rule 611 cases they overrode those precept rules."); *id.* at 12:21-13:2 (Mr. Silver: "The Micron case it doesn't appear to me to be [about] 30(b)(6) testimony, it appears to be individual testimony." Mr. Cerrito: "It does. He was a corporate designee under – Section 5 corporate designee and they talk about him in that case. Absolutely is.").

Jazz was incorrect. That is not what *Micron* says, and Jazz's citation to *Micron* in its letter is likewise inapposite. *Micron* did not address the presentation of Rule 30(b)(6) deposition testimony (as Avadel's counsel pointed out at the Pretrial Conference). *See generally Micron Tech., Inc. v. Rambus Inc.*, No. 00-792, 2007 WL 9771144 (D. Del. Aug. 29, 2007). To the contrary, the issue in *Micron* was whether the deposition testimony for witnesses testifying in their *personal* capacity could be played in addition to or in lieu of live testimony where the witness was available to testify live. *See id.* at *2 ("[T]he only dispute is whether the availability of a witness to testify live should limit the extent to which Micron may also (or instead) play deposition testimony of that witness."). That is not the issue here; Avadel is not asking to play testimony obtained from a witness in their *personal* capacity. Avadel is instead seeking only to play *party* testimony taken pursuant to Rule 30(b)(6)—testimony from Jazz, the corporate entity, as though Jazz were sitting in the witness chair rather than the particular individual who gave the answers at deposition. The rules treat such party testimony as entirely different from personal testimony. *Compare* FED. R. CIV. P. 30(b)(1) *with* FED. R. CIV. P. 30(b)(6). Because *Micron* was silent as to the question of whether a party should be allowed to play the deposition testimony of a corporation, it cannot—and does not—dictate the result Jazz seeks. That *Micron* references testimony from officers, directors, and managing agents, 2007 WL 9771144, at *2, does not change that result, because unlike 30(b)(6) corporate testimony,[1] testimony from "officers, directors, and managing agents" is personal testimony.

---

[1] "The purpose of the Rule 30(b)(6) witness is to represent the collective knowledge of the corporation. Rule 30(b)(6) designees do not testify as to their personal opinions and beliefs but rather present the corporation's positions on the topics." Wang J., *et al.*, Speak for Yourself: The 30(b)(6) Deposition, available at https://www.americanbar.org/groups/tort_trial_insurance_prac

Jazz's remaining cases are not from this District and thus fail to address the authority from *this* District that (unlike *Micron*) have fully considered the question raised by Jazz. In both of those instances, the courts held that the deposition testimony of an adverse party could be played pursuant to Rule 32(a)(3) even though the designee was also testifying live (in their personal capacity). In *APEX Fin. Options, LLC v. Gilbertson*, No. 19-0046, 2022 WL 622130, at *3 (D. Del. Mar. 3, 2022), Circuit Judge Bryson (sitting by designation) rejected the same argument advanced by Jazz. As here, the defendants in *Apex* argued that because the named defendant Ryan Gilbertson was testifying live, Plaintiff "should not be allowed to introduce the deposition testimony of Ryan Gilbertson for any purpose other than impeachment." *Id.* And like Jazz, defendants there argued the testimony would be "duplicative and a waste of time." *Id.* The court denied the motion, even though Mr. Gilbertson was testifying live, stating: "I . . . will not impose a blanket restriction on the purposes for which the plaintiffs may introduce Mr. Gilbertson's deposition testimony." *Id.* As the court explained, "[n]owhere within the text of [Rule 32(a)(3)] is any limitation relating to a party's availability to testify." *Id.* And in *Minerva Surgical, Inc. v. Hologic, Inc. et al.*, No. 18-217-JFB-SRF (D. Del. July 13, 2021), the Court, when presented with the identical argument advanced by Jazz here, held that a party may "present the Rule 30(b)(6) deposition designations of a witness who may also testify live at trial." *See* Disputed Pretrial Order at ¶31, p. 10-12 (D.I. 343 in C.A. 18-217-JFB-SRF) (attached as Ex. B); Order after Pretrial Conference at ¶10, p. 3 (D.I. 345 in C.A. 18-217-JFB-SRF) (attached as Exhibit C).

Other courts in this Circuit have followed the same approach as *Apex* and *Minerva* and have declined to impose a blanket restriction on the use of 30(b)(6) deposition/party testimony when the corporate designee is testifying at trial—including in several of the cases Jazz cites in its letter. For example, in *Hilburn v. New Jersey Dep't of Corr.*, "[t]he Court **permitted** defense counsel to use Plaintiff's deposition extensively at trial," including "**permit[ting]** defense counsel to read to the jury numerous passages from Plaintiff's deposition transcript." No. 7-6064, 2012 WL 3133890, at *22 (D.N.J. July 31, 2012) (emphasis added). And in *Fenstermacher v. Philadelphia Nat. Bank*, 493 F.2d 333, 338 (3d Cir. 1974), the court held that the predecessor to Rule 32(a)(3) permitted the deposition testimony of corporate representatives, which "may be used for any purpose ***at a trial or hearing*** if otherwise admissible under the rules of evidence." *Id.* (emphasis added).

Avadel respectfully requests that the Court follow the approach in *Apex* and *Minerva* and allow introduction of targeted portions of Jazz's testimony (through Jazz's designee, Mr. Allphin). Avadel will play no more than ten minutes of Jazz's testimony during its case in chief.[2] Ten minutes of Jazz's testimony (through Mr. Allphin) would not "introduce juror confusion, waste time, be cumulative, [or] be prejudicial to Jazz." (*Contra* D.I. 543 at 2.) And Jazz has had—and will have—and opportunity to provide its objections and counter-designations to the designated testimony, thereby further reducing any potential alleged prejudice to Jazz. For these reasons,

---

tice/publications/the_brief/2018-19/summer/speak-yourself-30b6-deposition/#40 (last visited February 19, 2024) (citing *Spring Commc'ns L.P. v. Theglobe.com*, 236 F.R.D. 524 (D. Kan. 2006); *see also Delaware State Univ. v. Thomas Co., Inc.*, No. 15-1144-LPS-MPT, 2020 WL 6799605, at *58 (D. Del. Nov. 19, 2020).

[2] Similarly, to narrow the dispute, Avadel will forgo introduction of 30(b)(6) deposition testimony for Jazz designees on Avadel's will-call list who will testify live.

Jazz's only other cited case from inside the Third Circuit is inapposite. In *ATD-Am. Co. v. Krueger Int'l, Inc.*, No. 12-00032, 2014 WL 3952848, at *20 (E.D. Pa. Aug. 12, 2014), the court rejected the introduction of the proposed 30(b)(6) deposition testimony on the grounds that the deposition would be a waste of the jury's time because plaintiff's counsel "[could not] articulate the precise purpose" for the testimony. Here, the limited 30(b)(6) testimony that Avadel will play is directly relevant to inventorship and would not implicate any of the concerns raised by the court in *Krueger*.

The Court should also decline to follow the handful of cases from outside this District that Jazz cites in support of prohibiting the introduction of Jazz's 30(b)(6) deposition testimony. (*See* D.I. 543 at 2-3). Those cases are inconsistent with the approach taken in this Circuit and are also distinguishable. For example, in *Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.,* 310 F.R.D. 341, 342 (E.D. Mich. 2015); (D.I. 543 at 3), the court rejected defendants' request to permit the use of video depositions of six of plaintiff's designees on the grounds that it would require determining that each statement sought to be admitted was admissible, a concern not raised by Jazz here. *Id.* The remaining out-of-Circuit cases cited by Jazz are not binding on this Court and the Court should decline to follow them.

The Court also should reject Jazz's attempt to hamstring Avadel's introduction of 30(b)(6) party testimony because it would unduly constrain Avadel's ability to adduce evidence and present arguments to support its claims and defenses. The testimony of Jazz (through its designee, Mr. Allphin) is substantive evidence, in contrast to evidence offered for impeachment, which is not presumptively admissible. FED. R. EVID. 613. Avadel should also be free to play clips of Jazz's testimony in closing arguments, should it desire. Finally, a ruling in Jazz's favor would render Rule 30(b)(6) deposition testimony meaningless by allowing a corporate party to avoid the introduction of damaging corporate testimony at trial by bringing the designee to trial to testify live.

For the foregoing reasons, Avadel respectfully submits that the Court should adopt Avadel's proposal for introducing limited Rule 30(b)(6) deposition testimony of Jazz, consistent with the plain language of FEDERAL RULES OF CIVIL PROCEDURE and the practice in this District.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)