# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>    Defendant. | **REDACTED PUBLIC VERSION**<br>**FILED JANUARY 10, 2024**<br><br>C.A. No. 21-691-GBW<br><br> |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>    Defendant. | C.A. No. 21-1138-GBW<br><br> |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>    Defendant. | C.A. No. 21-1594-GBW<br><br> |

**AVADEL'S RESPONSES TO JAZZ'S CONCISE STATEMENT OF FACTS IN SUPPORT OF JAZZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 1 <u>OF INFRINGEMENT OF THE SUSTAINED RELEASE PATENTS</u>**

I. **RESPONSES TO JAZZ'S CONCISE STATEMENT OF FACTS**

1. Admitted

2. Admitted

3. Admitted

4. Generally admitted, except to the extent that Jazz intends to imply any additional limitations than those recited expressly in the claims of the asserted Sustained Release Patents.

5. Admitted

6. Admitted

7. Admitted

8. Admitted

9. Admitted

10. Disputed. Avadel disputes Jazz's characterization of Avadel's response to RFA No. 49, which omits relevant objections and other context. In response to RFA No. 49, Avadel stated: "Avadel incorporates its General Objections as and for its objections to Request No. 49. Avadel additionally objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege, protection, or immunity. Avadel objects to this Request as vague, ambiguous, and incapable of reasonable ascertainment at least because the term "corresponds," as it is used in the Request, is vague and ambiguous. Avadel objects to this Request on the ground that it mischaracterizes the document it purports to cite from. Avadel objects to this Request as premature as claim construction in this case has not yet occurred. *See* D.I. 179.

>Subject to and without waiving the foregoing General and Specific Objections, Avadel admits this Request." Ex. 31 at 31.

11. Disputed.  Avadel disputes Jazz's characterization of Table 1b of the '062 Patent.  Avadel admits that Table 1b states that the "IR [or immediate release] Microparticles" are a "Component" of the "MR [or modified release] Microparticles" that "Function" as a "Core of [the Modified Release] microparticles," but Avadel notes that this Table must be read in context with Table 1a, which lists the "Microcrystalline cellulose spheres" as serving the function of "Core" in the IR microparticles.  Ex. 32 at 48:42-44, 48:57-58.  Avadel additionally disputes the characterization of Dr. Klibanov's testimony in Paragraph 11 of Jazz's statement of facts.  As explained at his deposition, the description in Table 1b "has to be taken in the context of the entire patent, and at least of Example 1 where in Table 1A … it specifically said that the core was microcrystalline cellulose spheres."  Ex. 34 10/12/23 Klibanov Dep. Tr. at 226:13-19; *see also* Ex. 30, Klibanov Responsive Report re Non-Infringement ¶¶ 113-114.  Furthermore, Dr. Klibanov explained that the "neutral core" of the immediate and controlled release microparticles of LUMRYZ is "not merely a semantic distinction" as compared to the core comprising drug product recited in the Asserted Claims of Jazz's Sustained Release patents, because the neutral core the neutral core "allows for techniques that rely on spraying the core with a drug product and other materials to form the microparticles."  *Id.* ¶ 111.  In contrast, as Dr. Klibanov explains, tablets and capsules are generally not made this way and therefore have no need for a neutral core.  *See id.*

12. Disputed.  The IR microparticles are not "the core for the MR microparticles" as that term is used in the Sustained Release Patents as Jazz contends in this paragraph.  Avadel

2

disputes Jazz's characterization of Dr. Guillard's testimony in Paragraph 12 of Jazz's statement of facts. As explained at his deposition, the description in Table 1b that the IR Microparticles "Function" as a "Core of MR microparticles" is true "for the implementation steps" when manufacturing the MR microparticles using "a fluid air bed, [wherein] the microparticles with IR are used as a core" upon which to coat additional excipients. Ex. 36, Guillard Dep. Tr. at 122:7-21; *see also* Ex. 30, Klibanov Responsive Report re Non-Infringement ¶ 115. Moreover, when listing the components of LUMRYZ in its New Drug Application, Avadel characterized the microcrystalline cellulose spheres, not the immediate release particles, as the "neutral core" of both the immediate and controlled release microparticles that make up LUMRYZ. Ex. 37, LUMRYZ NDA, AVDL_00045655 at -665.

13. Disputed. The IR microparticles are not "the core for the MR microparticles" as that term is used in the Sustained Release Patents as Jazz contends in this paragraph. Avadel disputes Jazz's characterization of Dr. Guillard's testimony in Paragraph 13 of Jazz's statement of facts. Avadel admits that Dr. Guillard testified that the IR microparticles described in Table 1a of the '062 Patent comprise sodium oxybate. Ex. 36, Guillard Dep. Tr. at 121:4-122:2. Avadel admits that Dr. Klibanov testified that the IR microparticles described in Table 1a of the '062 Patent comprise sodium oxybate. Ex. 34, 10/12/23 Klibanov Dep. Tr. at 225:23-25.

14. Admitted.

15. Disputed. Avadel admits that it has asserted that only the microcrystalline cellulose sphere that is the innermost portion of all LUMRYZ microparticles is the core. Avadel disputes Jazz's characterization of Dr. Klibanov's testimony in Paragraph 15 of Jazz's

3

statement of facts, and disputes that portions of the '062 Patent are not relevant as Jazz contends. Jazz improperly states as a "fact" that only certain portions are relevant, but that is not a fact but a contention by Jazz, and one that has been contested in detail. Dr. Klibanov explained in his deposition the following:

a. that Table 1a of the '062 Patent states the immediate release microparticles comprise sodium oxybate (Ex. 34, 10/12/23 Klibanov Dep. Tr. at 225:23-25: "Q. The IR microparticles described in Table 1A comprise sodium oxybate, right? A. Yes.");

b. that Table 1b of the '062 Patent states that the immediate release microparticles function as a core of the modified release particles but this description must be read in the context of the entire patent (Ex. 34, 10/12/23 Klibanov Dep. Tr. at 226:1-19); and

c. other portions of the '062 Patent, such as Table 1a and FIGS. 1a-1b, indicate that the core of the modified release particles are microcrystalline cellulose spheres (Ex. 34, 10/12/23 Klibanov Dep. Tr. at 226:13-19, 228:18-232:11); *see also* Ex. 30, Klibanov Responsive Report re Non-Infringement ¶¶ 113-114.

| | |
|---|---|
| Dated:  December 15, 2023 | McCARTER &ENGLISH, LLP |
| | |
| | */s/ Daniel M. Silver* |
| *Of Counsel*: | Daniel M. Silver (#4758) |
| Kenneth G. Schuler | Alexandra M. Joyce (#6423) |
| Marc N. Zubick | Renaissance Centre |
| Alex Grabowski | 405 N. King Street, 8th Floor |
| Sarah W. Wang | Wilmington, Delaware 19801 |
| LATHAM & WATKINS LLP | (302) 984-6300 |
| 330 North Wabash Avenue, Suite 2800 | dsilver@mccarter.com |
| Chicago, IL 60611 | ajoyce@mccarter.com |
| (312) 876-7700 | |
| kenneth.schuler@lw.com | *Counsel for Defendant* |
| marc.zubick@lw.com | |
| alex.grabowski@lw.com | |
| sarah.wang@lw.com | |

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Audra M. Sawyer
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Audra.sawyer@lw.com

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
kmcnutt@mofo.com