IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW <br><br> **PUBLIC VERSION** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 1 AND PLAINTIFFS' <u>COUNTERSTATEMENT OF FACTS PRECLUDING SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

**Page**

I. RESPONSE TO AVADEL'S STATEMENT OF FACTS ................................................... 1
II. PLAINTIFFS' COUNTERSTATEMENT OF FACTS ....................................................... 6

Plaintiffs respond to Defendant's Concise Statement of Facts in Support of its Motion for Summary Judgment No. 1 and present Plaintiffs' Counterstatement of Facts, as follows.

I.     **RESPONSE TO AVADEL'S STATEMENT OF FACTS**

**Plaintiffs' Response to SMF ¶ A-1:** Undisputed.

**Plaintiffs' Response to SMF ¶ A-2:** Undisputed.

**Plaintiffs' Response to SMF ¶ A-3:** Undisputed.

**Plaintiffs' Response to SMF ¶ A-4:** Undisputed.

**Plaintiffs' Response to SMF ¶ A-5:** Undisputed as to the quotes from portions of the SR Specification and the portion of Dr. Moreton's testimony cited. Disputed in that Avadel only quotes a small portion of the SR Specification and that the excipients listed are not components of the functional coating described for controlling release of drug in the SR Specification. CoF No. 3. Further disputed in that Avadel quotes Dr. Moreton out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-6:** Undisputed as to the portion of the SR Specification cited and the portions of Dr. Moreton's testimony cited. Disputed in that Avadel only cites a small portion of the SR Specification and that the binders listed are not required components of the functional coating described for controlling release of drug in the SR Specification. CoF No. 3. Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-7:** Undisputed as to the portion of the SR Specification cited and the portion of Dr. Moreton's testimony cited. Disputed in that Avadel only cites a small portion of the SR specification and that a binder is not a required component of the functional

coating described for controlling the release of drug in the SR Specification.  CoF No. 3.  Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations.  CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-8:**  Undisputed as to the portion of the SR Specification cited and the portion of Dr. Moreton's testimony cited.  Disputed in that Avadel only cites a small portion of the SR Specification and that the lubricants listed are not required components of the functional coating described for controlling release of drug in the SR Specification.  CoF No. 3.  Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations.  CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-9:**  Undisputed as to the portion of the SR Specification cited and the portion of Dr. Moreton's testimony cited.  Disputed in that Avadel only cites a small portion of the SR specification and that surfactants, fillers, and compression aids are not required components of the functional coating described for controlling release of drug in the SR Specification.  CoF No. 3.  Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations.  CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-10:**  Undisputed as to the portion of the SR Specification cited and the portions of Dr. Moreton's testimony cited.  Disputed in that Avadel only cites a small portion of the SR Specification and ignores other disclosures regarding the components of the functional coating.  Further disputed in that Avadel cites Dr. Moreton's testimony out of context

and ignores his relevant testimony regarding disclosures relating to the claimed formulations. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-11:** Undisputed that the 13 examples listed in the SR Specification do not use a MAMM co-polymer or an enteric pore former, and regarding the portions of Dr Moreton's testimony cited. Disputed in that Avadel only cites the examples in isolation and ignores other disclosures regarding the components of the functional coating. CoF Nos. 2, 5-15. Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-12:** Undisputed as to the portions of Dr. Moreton's testimony cited. Disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-13:** Undisputed as to the portion of Dr. Moreton's testimony cited. Disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ¶ A-14:** Undisputed as to the content of the claims filed in the March 2011 '369 application. Disputed in that Avadel only cites the March 2011 claims in isolation and ignores other disclosures of the '369 application regarding the claimed formulations, as well as Dr. Moreton's testimony regarding such disclosures. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ⁋ A-15:** Undisputed as to the content of the claims filed during prosecution of the '369 application. Disputed in that Avadel only cites the '369 application claims in isolation and ignores other disclosures of the '369 application regarding the claimed formulations, as well as Dr. Moreton's testimony regarding such disclosures. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ⁋ A-16:** Undisputed.

**Plaintiffs' Response to SMF ⁋ A-17:** Undisputed.

**Plaintiffs' Response to SMF ⁋ A-18:** Disputed. The pending claims were modified in several ways. Ex. 7, Mar. 6, 2020 Amendments. And the Examiner Interview states, in part, "Applicant argued that the sustained release formulations of the amended claims are distinct from the delayed release formulations of Liang." *Id.* Summary of Apr. 2, 2020 Examiner Interview.

**Plaintiffs' Response to SMF ⁋ A-19:** Undisputed as to the portions of the SR Specification cited and the portion of Dr. Moreton's testimony cited. Disputed in that Avadel only cites a small portion of the SR specification and ignores other disclosures regarding the components of the functional coating. CoF Nos. 2, 5-15. Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores his relevant testimony regarding disclosures relating to the claimed formulations. CoF Nos. 2, 4-7, 9, 10, 12-15. Disputed in that a POSA would understand the SR Specification to be referring to MAMM co-polymers in other portions when discussing enteric components. CoF Nos. 9-12.

**Plaintiffs' Response to SMF ⁋ A-20:** Disputed. Dr. Moreton testified that the SR Specification teaches that if a POSA desires a GHB formulation with a pH-sensitive start-up lag time, then the POSA is directed to use one of three options, including the claimed MAMM co-polymers. CoF Nos. 2, 4-7, 9, 10, 12-15.

**Plaintiffs' Response to SMF ⁋ A-21:** Disputed. CoF Nos. 1-15.

- 5 -

## II. PLAINTIFFS' COUNTERSTATEMENT OF FACTS

1. The inventors discovered sustained release formulations that are comprised of a controlled release ("CR") core that contains the active pharmaceutical ingredient (gamma-hydroxybutyrate or "GHB") and a functional coating over the CR core. A0023, 11:54-56.

2. "The [SR] specification describes the purpose of the functional coating of the CR core [is] to 'preserve the integrity of the unit dosage [form] for post-administration and serve[] to facilitate controlled release of drug from the CR core.'" A2030, ¶ 126; A0023, 11:56-59. The "type of controlled release formulations described [in the SR Specification] are coated formulations. . . . So they have a coating over the drug which controls the rate of release of the drug from [the] formulations." A2179, 25:10-19.

3. Binders, fillers, diluents, disintegrants, colorants, buffering agents, coatings, surfactants, wetting agents, lubricants, glidants, and other suitable excipients are *not* components of the inventive functional coating described for controlling release of drug in the SR Specification; instead, each is described as being part of the CR core. A0022, 10:30-35.

4. The SR Specification does not describe using ingredients within the CR core (as opposed to the functional coating) to control the release of GHB. A2210, 151:25-152:4

5. The SR Specification states "[t]he 'functional coating compositions as disclosed herein may include one or more base polymer and at least one pore-former.'" A2030, ¶ 126; A0023, 12:40-42. All "Examples" of sustained release formulations use polymeric functional coatings, including with polymeric pore formers. A0027-A0031, Examples; A2032-A2035, ¶¶ 132-145. Pore formers work by "dissolv[ing] and form[ing] pores or channels in the coating through which the drug is released." A0024, 13:21-26; A2274-A2275, ¶¶ 90-91. The SR Specification states that the pore formers are to be used at about 20 to 50 % by weight of the functional coating. A0024, 13:35-47; A2030-A2031, ¶ 127; A2268, ¶ 75. A base polymer is described as

ranging from about 50% to about 80% by weight of the coating composition, excluding certain non-polymeric materials.  A2030, ¶ 126; A0023, 12:40-54; A2264-A2267, ¶¶ 67-72.

6. Dr. Charman admits the SR Specification lists only three classes of pore formers, two of which are polymers.  A1524, 356:22-358:6.  Dr. Moreton testified that "[t]he patent describes the use of the – the pore formers in the coating, and that's where – the functional coating, and that's where the controlled release control [is] centered."  A2210, 151:25-152:4.

7. Plasticizers and anti-tack agents alone do not control release.  While non-polymeric materials may be in the functional coating, neither plasticizers nor anti-tack agents are required by the claims.  A2264-A2267, ¶¶ 67-72, 84; A2199, 106:13-19, 107:12-15.

8. Dr. Charman admits that "one embodiment" described in the SR Specification is a sustained release formulation with a MAMM co-polymer functional coating.  A1524, 359:17-22

9. The SR Specification lists only three enteric materials as an enteric pore formers to achieve a pH-sensitive start-up lag time: "cellulose acetate phthalate, [MAMM] copolymers, and polyvinyl acetate phthalate."  A0024, 13:26-34; A2267-A2268, ¶¶ 73-75; A2268-A2269, ¶ 77; A2272-A2273, ¶ 86; A2186, 53:7-24; A2345-A2346, ¶ 68.  The SR Specification states that when an enteric pore former is used, "the functional coating composition may include an amount of pore former that ranges from about 20% to about 50% by weight of the coating composition."  A0024, 13:35-47; A2268, ¶ 75; A2198-A2199, 104:23-105:15.

10. The SR Specification discloses a "particular embodiment" to control the release of GHB where the "dosage form may be formulated such that controlled release formulation exhibits a start-up time lag."  A0026, 18:50-56; A2267-A2268, ¶ 74.

11. "Start-up time lag" as the "start-up of delivery of drug from the controlled release composition occurs after delivery of drug from the [immediate release] component is

substantially complete." A0026, 18:56-60; A2346, ¶ 69, n.17.

12.     The SR Specification states that, "[w]here a start-up lag time is desired, an enteric coating may be applied over the controlled release component" and that "[u]se of enteric pore-formers would also impart a start-up lag." A0026, 18:60-65; A2267-A2268, ¶ 74; A2201, 115:13-24. An enteric pore-former is a formulation component that may be used as part of a functional coating that works by "dissolv[ing] and form[ing] pores or channels in the coating through which the drug is released." A0024, 13:21-26; A2274-A2275, ¶¶ 90-91.

13.     Dr. Moreton opined that, although the SR Specification does not include working examples with MAMM co-polymers as the pore formers, the SR Specification includes sufficient data to inform a POSA that the claimed dissolution release profiles would be achieved through the use of water-soluble pore formers, like MAMM co-polymers. A2273-A2278, ¶¶ 88-94.

14.     Examples 1-3 of the SR Specification use hydroxypropyl cellulose. A0027-A0028, 19:10-22:11; A2274-A2275, ¶ 90. Hydroxypropyl cellulose, like MAMM co-polymers, is a water-soluble polymeric pore former. A2274-A2275, ¶ 90. Examples 1-3 provide data falling within the claimed dissolution release profiles. A2275-A2277, ¶¶ 92-93.

15.     Dr. Moreton opined that, "based on the disclosures in the Sustained Release Specification, a POSA would expect a [MAMM] co-polymer coating in the context of the claimed GHB sustained release formulations to behave similarly as compared to the hydroxypropyl cellulose coating described in Example 2, with the only exception being that the [MAMM] co-polymer formulation would include a start-up lag for the release of its sustained release portion." A2275, ¶ 91; A2211, 153:8-16; A2221-A2222, 195:21-197:11. Dr. Moreton would be "confident" that he could use the SR Specification's disclosed pore formers to achieve the dissolution release characteristics in the examples and in the claims. A2204, 127:21-128:23.

16.     Dr. Charman opined that there is a "caution highlighting the downside of using enteric polymers" (A2060-A2061, ¶ 249), that the SR Specification "describes the significant limitations of the two possible applications of using enteric materials to create a start-up lag" (A2346, ¶ 69), and that the SR Specification "teach[es] away from the use of enteric polymers" (A2347, ¶ 71).

17.     Dr. Moreton disagrees there is any "'caution' against using [MAMM] co-polymers." A2269-A2270, ¶¶ 78-79.  Dr. Moreton testified that the SR Specification "doesn't say there are any deficiencies" with the described lag time and "if you want a lag time, [MAMM] is the way to go."  A2207, 139:14-140:14.

18.     Dr. Charman opined that the "Sustained Release Specification states that a 'less pH-sensitive start-up lag time is desired,'" when it actually provides a discussion of formulation "*where* a less pH-sensitive lag time is desired."  A2348, ¶ 72; A0026-A0027, 18:67-19:1.

19.     Dr. Charman opined that he "disagree[s] with Dr. Moreton's opinion that a POSA would view non-enteric water-soluble polymers as functioning in the same manner as enteric polymers."  A2363-A2364, ¶ 98.  Dr. Charman bases his disagreement on the alleged varying pH of deionized water.  A2363-A2368, ¶¶ 98-104.  Dr. Charman opined that, because the pH of deionized water is unbuffered and because enteric polymers are pH triggered, pH would be a factor in determining dissolution release profile.  *Id.*

20.     None of Avadel's experts address that the pH of the deionized water will depend on what is dissolving in it; here the GHB.  A2445, 167:20-168:11.  None of Avadel's experts have done any testing to determine what the pH of deionized water will be once a GHB formulation is added for dissolution testing.  A1376, 62:9-63:4; A1379, 73:9-20; A1489, 218:4-17.  Dr. Moreton opined that he disagrees with Dr. Charman's purported concerns about any alleged variance in the pH of the deionized water.  A2285-A2286, ¶ 114.

Dated: December 15, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 15, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Denise Laspina, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Daralyn J. Durie, Esquire<br>Eric P. Berger, Esquire<br>Rebecca E. Weires, Esquire<br>Adam R. Brausa, Esquire<br>Tannyr Pasvantis, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>Henry Huttinger, Esquire<br>Katherine E. McNutt, Esquire<br>Rose S. Lee, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>David F. Kowalski, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Andrew T. Jones, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, D.C.  20037<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)