**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | **REDACTED PUBLIC VERSIONFIELD JANUARY 10, 2024** |
| Plaintiff, | |
| v. | C.A. No. 21-691-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1138-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1594-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |

**AVADEL'S RESPONSES TO JAZZ'S CONCISE STATEMENT OF FACTS**
**IN SUPPORT OF JAZZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 2 OF**
**NONOBVIOUSNESS OF U.S. PATENT NOS. 11,077,079 AND 11,147,782**

1.      Defendant disputes that the '079 and '782 patents are entitled to a priority date of February 18, 2016. Defendant's experts have opined that the '079 and '782 patents are invalid for lack of written description and "only entitled to a priority date of December 10, 2020" in the case of the '079 patent and March 23, 2021 in the case of the '782 patent.  Ex. 38, Charman Second Supp. Rpt. ¶¶ 177, 798, 837, 880 1117.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Defendant admits that this quote appears in Dr. Klibanov's deposition testimony, but disputes that it represents the full scope of his opinions. Dr. Klibanov's opinions on obviousness are based on his assumption that the '079 and '782 patents have sufficiently detailed written descriptions to support their claims, as Jazz contends, and on the detail and information in the prior art. *See* Ex. 34, Klibanov Tr. at 188:15-189:23 (concluding that there is no "substantive difference between the disclosures of, for example, Liang and the disclosures of the – of the resinate patents"). Dr. Klibanov testified that he was tasked with "determining whether the claims – the asserted claims of the resinate patents would have been obvious to a person of ordinary skill in the art as of 2016 in view of the prior art." Ex. 34, Klibanov Tr. 47:1-9.

6.      Admitted.

7.      Defendant admits that this quote appears in Dr. Klibanov's deposition testimony, but disputes that it represents the full scope of his opinions. Dr. Klibanov also testified that he did not analyze written description or enablement for the '079 and '782 patents. Dr. Klibanov explicitly explained he is "not offering an opinion on that." Ex. 34, Klibanov Tr. at 13:13-20. Dr. Klibanov makes clear that for purposes of his obviousness analysis, he assumes those legal requirements

have been met. *Id.*; *id.* at 18:1-19. Dr. Klibanov also explains that in his "analysis, there is no difference between – substantive difference between the disclosures of, for example, Liang and the disclosures of the – of the resinate patents." Ex. 34, Klibanov Tr. at 188:15-189:23.

8.      Defendant disputes that the statement in Paragraph 8 of Jazz's statement of allegedly undisputed facts correctly characterizes Dr. Klibanov's opinions. Dr. Klibanov repeatedly told Jazz's counsel that he reviewed the '079 and '782 patents because he could not provide an obviousness opinion on them otherwise. Ex. 34, Klibanov Tr. at 20:1-11; *id.* at 20:1-15; *id.* at 20:20-21: *id.* at 1;21:2-7; *id.* at 21:12-17.  Contrary to the statement in Paragraph 8, Dr. Klibanov did not assume that the POSA would have had access to the '079/'782 patents for the obviousness analysis.  Rather, Dr. Klibanov explained that he "reviewed Jazz's Final Validity Contentions as to whether the Asserted Claims of the '079 Patent have written description support and are enabled" and that he was "instructed by Counsel to assume that the language identified by Jazz is sufficient to demonstrate to a POSA that (a) the inventors had possession of all of the claimed subject matter of the Asserted Claims of the '079 Patent, and (b) the '079 Patent specification enables a POSA to practice the full scope of the Asserted Claims of the '079 Patent."  Ex. 39, Opening Rpt. of Alexander M. Klibanov at ¶ 43; *see also id.* at ¶ 166 (stating the same with respect to the '782 patent.").  Thus, Dr. Klibanov did not assume a POSA would have access to the '079 or '782 patents for purposes of his obviousness analysis.  Rather, he considered Jazz's admissions about what level of detail a POSA would require to believe the inventors of the '079 patent were in possession of the claimed invention and applied that same level of detail in considering the disclosures in the prior art.

9.      Defendant admits that this quote appears in Dr. Klibanov's deposition testimony, but disputes the context Jazz has provided. Dr. Klibanov did not testify that he "wasn't engaged in

some open-ended exercise" in response to questions about why Dr. Klibanov "focused on only certain disclosures in the alleged prior art that allegedly related to the '079/'782 Patents' asserted claims' dosage forms." Ex. 34, Klibanov Tr. at 46:7-18. Dr. Klibanov's answer was in response to why his **report** "focused on only certain disclosures in the alleged prior art." *Id.* Dr. Klibanov was merely explaining that his report focused on the most relevant information to the claims of the '079 and '782 patents, not relying the use of hindsight in analyzing obviousness.

10.    Admitted

11.    Defendant admits that this quote appears in Dr. Klibanov's deposition testimony, but disputes Jazz's characterization of it as suggesting that Dr. Klibanov performed his obviousness analysis of the prior art from the perspective of a POSA who had access to Jazz's patents.  As explained above, Dr. Klibanov did not assume a POSA would have access to the '079 or '782 patents for purposes of his obviousness analysis.  Rather, he considered Jazz's admissions about the level of detail a POSA would require to believe the inventors of the '079 and '782 patents were in possession of the claimed invention and applied that same level of detail in considering the disclosures in the prior art. *Supra* at ¶ 8.

12.    Admitted.

13.    Defendant disputes that the statement in Paragraph 13 of Jazz's statement of allegedly undisputed facts correctly characterizes the claims and prosecution of Jazz and Avadel's patents. Jazz is not correct that Avadel's '321 Application's claim 1 recited, various claim elements "[l]ike the '079 Patent's asserted claims."  Rather, the '079 Patent recites certain elements found in the pending claims of Avadel's '321 application, as Avadel's application contained the claims before the application leading to Jazz's '079 patent, the '041 application, was filed.  *Compare* Ex. 40 Claim 1 of Jazz's '041 application, filed December 10, 2020 *with* Ex. 41, Claim 1 of Avadel's '321 application published September 12, 2019. ████████████████████

3

███████████████████████████████████████████████████

████████████

14.     Defendant admits that this quote appears in the prosecution history of the '321 Application, but disputes that Jazz's citation accurately reflects Avadel's position with respect to Liang.  The prosecution of the '321 Application was done on a different factual record to the present case, and thus Avadel's statements are limited to that record.  As explained above, Dr. Klibanov considered Jazz's admissions about what level of detail a POSA would require to believe the inventors of the '079 and '782 patents were in possession of the claimed invention and applied that same level of detail in considering the prior art.  *Supra* at ¶ 8.  Those admissions were not of record during the prosecution of Avadel's '321 application.

15.     Admitted.

16.     Admitted.

17.     Defendant disputes that the statement in Paragraph 13 of Jazz's statement of allegedly undisputed facts correctly characterizes the claims and prosecution of Jazz and Avadel's patents. Jazz is not correct that Avadel's '235 Application's claim 1 recited, various claim elements "[l]ike the '782 Patent's asserted claims."  Rather, the '782 Patent recites certain elements found in the claims of the '235 application, as Avadel's application contained the claims before the application leading to Jazz's '782 patent, the '064 application, was filed.  Indeed, Avadel's '235 application had already published as U.S. Patent No. 10,736,866 by the time Jazz amended the claims of the '064 application.  *Compare* Ex. 43, Claim 1 of Jazz's '064 application, filed March 23, 2021 *with* Ex. 44, Claim 1 of Avadel's U.S. Patent No. 10,736,866. ██████████████████████

███████████████████████████████████████████████████

████████████

18.     Defendant admits that these quotes appear in the prosecution history of the '235 Application, but disputes that Jazz's use of it accurately reflects Avadel's position.   The prosecution of the '235 application was done on a different factual record to the present case, and thus Avadel's statements are limited to that record.  As explained above, Dr. Klibanov considered Jazz's admissions about what level of detail a POSA would require to believe the inventors were in possession of the claimed invention the claimed invention and applied that same level of detail in considering the prior art.  *Supra* at ¶ 8.  Those admissions were not of record during the prosecution of Avadel's '235 application.

19.     Admitted.

20.     Admitted.

21.     Defendant admits that this quote appears in Dr. Klibanov's deposition testimony, but disputes that it represents the full scope of his opinions.  Defendant disputes the incomplete characterization of what Dr. Klibanov considered different between the context of the Jazz's '079 and '782 patents with the applications that Avadel prosecuted. Avadel admits that one difference is that Dr. Klibanov was instructed to assume Jazz met the legal requirements for enablement and written description. Dr. Klibanov also explained that he considered certain positions taken by Jazz with respect to how a POSA would understand the prior art references in light of Jazz's representations regarding whether the disclosures of the '079 and '782 patents would provide written description support.  *Supra* at ¶ 8.  Those positions taken by Jazz were relevant to Dr. Klibanov's opinions and were not part of the factual record of Avadel's patent prosecution.

22.     Defendant admits that the quoted language appears in Dr. Klibanov's deposition testimony, but disputes that it represents the full scope of his opinions insofar as Jazz is attempting to imply that the POSA would have had access to the '079 and '782 patents.  As addressed above regarding

paragraph 8, Dr. Klibanov did not assume that the POSA would have had access to the '079/'782 patents for the obviousness analysis.  Rather, Dr. Klibanov considered certain positions taken by Jazz with respect to how a POSA would understand the prior art references in light of Jazz's representations regarding whether the disclosures of the '079 and '782 patents would provide written description support.  *Supra* at ¶ 8.


Dated:  December 15, 2023

*Of Counsel*:
Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Audra M. Sawyer
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Audra.sawyer@lw.com

McCARTER &ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Defendant*

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
kmcnutt@mofo.com