## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | **REDACTED PUBLIC VERSION** |
| Plaintiff, | **FILED JANUARY 10, 2024** |
| v. | C.A. No. 21-691-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1138-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1594-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |

**AVADEL'S RESPONSES TO JAZZ'S CONCISE STATEMENT OF FACTS
IN SUPPORT OF JAZZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3 OF
<u>NONOBVIOUSNESS OF THE SUSTAINED RELEASE PATENTS</u>**

1.       Defendant disputes that the effective filing date of each Sustained Release patent is March 24, 2011.  Defendant's experts have opined that the Sustained Release patents are invalid for lack of written description.  Ex. 38, Second Supp. Charman Op. Rpt. at ¶ 146.  Thus, they cannot properly claim priority to their earlier filing dates and have an effective filing date not earlier than July 2, 2018, the filing date of the application that issued as the '488 patent.  *Id.*

2.       Admitted.

3.       Admitted.

4.       Admitted.

5.       Admitted.

6.       Defendant admits that there is a section of Ms. Gray's opening report where she opines that the prior art taught the Claimed Dissolution Profile, but disputes that the statement correctly characterizes Ms. Gray's opinions.  In the first paragraph of that quoted section, Ms. Gray explains that she was asked by counsel to assume, for purposes of her analysis of the prior art, that the disclosures of the Sustained Release Patents would provide adequate written description support for the claims of the Sustained Release Patents.  Ex. 48, Gray Opening Rpt. at ¶ 90 ("In the alternative, counsel has asked me to assume that the Sustained Release Patents are not invalid as lacking written description support and instead to assume that the Sustained Release Patents' description of different formulations tested under different dissolution conditions would reasonably convey to a POSA that the inventors were in possession of the claimed subject matter."); *id.* at ¶ 63 ("However to the extent that the Sustained Release Patents are found to have adequate written description support, I have been asked by counsel to review and assess whether the prior art disclosed the Sustained Release Patents' dissolution limitations commensurate with the level of disclosure in the Sustained Release Patents.  *See* Ex. 48, Gray Op. Rpt. at ¶ 90. That

fundamental assumption (with which I disagree, for the reasons discussed above) is the predicate for my opinions concerning the prior art. Put another way, if Jazz's experts are correct that the Sustained Release Patents satisfy the written description requirement despite all of the omissions described in my reports on the subject, then the prior art likewise would have disclosed to a POSA the dissolution limitations"); Ex. 49, Gray Reply Rpt. at ¶ 62 ("Dr. Myers' and Dr. Little's critiques of my opinions regarding the prior art ignores the fact that these are my opinions only to the extent their opinions regarding written description, and the underlying assumptions, are accepted in their entirety. My opinions regarding the prior art are limited to that scenario, whereby if a POSA were to interpret the Sustained Release Specification in the same way as Dr. Myers and Dr. Little, they would interpret the prior art the same way, and arrive at the dissolution profiles in the claims, for the reasons set forth in my opening report.").

7. Defendant admits that this quotation appears in the Opening Report of Ms. Gray, but disputes that this quotation correctly characterizes the full scope of Ms. Gray's opinions for the same reasons discussed above. *Supra* at ¶ 6

8. Defendants admit that this quotation appears in Ms. Gray's deposition transcript, but dispute that this quotation correctly characterizes Ms. Gray's opinions. Plaintiffs omit the rest of Ms. Gray's answer at deposition qualifying her answer. Ex. 50, Gray Tr. at 164:2-164:15 ("Q. Well, my question is just did I-- does your report say: 'As properly viewed by a POSA with experience in dissolution profiles, I agree.' Q. Is that what it says? A. That is what it says. Q. Okay. And you agree with that? A. Yes. This is in context, this paragraph, is in context with talking about, in my view, what is the written description, whether it's adequate.") Further, Plaintiffs also omit the rest of Ms. Gray's qualifying language at the deposition explaining that her opinions were provided in the context of the position taken by Jazz's experts that the Sustained Release Patent

claims had adequate written description support. Ex. 50, Gray Tr. at 232:18-233:7 ("If you look at paragraph 61, this is explaining why, when I discussed prior art that I am putting aside the arguments against the fact that this really had an accurate – or adequate dissolution – adequate written description. Instead, adapting the rationale that was used by the Jazz experts. And one of the Jazz experts says: 'A POSA could draw conclusions regarding the dissolution profile of the claim formulation based on formulations that do not contain GHB.' So in context, with my opinions, if I take the expert opinions of – the expert opinions of Jazz, that this is, this is something that you can do."); *id.* at 235:4-236:12 ("Q. But you're willing to assume that dissolution results conducted in a different apparatus with different active ingredient, different dissolution media, it's okay to draw parallels between those two results? A. I repeat, this is with me taking the assumptions or the opinions of the Jazz experts to defend the fact that prior art predicts or instructs, teaches, the patent. . . . Remember, the caveat is that I don't agree with this, as far as the written description is concerned, but because I'm now commenting on prior art, I am taking on the opinions of the Jazz experts, which this is one.").

9.      Defendants admit that this quotation appears in the Opening Report of Ms. Gray, but dispute that this quotation represents the full scope of Ms. Gray's opinions for the same reasons discussed above. *Supra* at ¶¶ 6, 8.

3

Dated: December 15, 2023

*Of Counsel*:
Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Audra M. Sawyer
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Audra.sawyer@lw.com

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
kmcnutt@mofo.com

McCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Defendant*

4