IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-691-GBW<br><br>**PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1138-GBW<br><br>**PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1594-GBW<br><br>**PUBLIC VERSION** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 2 AND PLAINTIFFS' <u>COUNTERSTATEMENT OF FACTS PRECLUDING SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

**Page**

I. RESPONSE TO AVADEL'S STATEMENT OF FACTS ...................................................1

II. PLAINTIFFS' COUNTERSTATEMENT OF FACTS .......................................................7

Plaintiffs respond to Defendant's Concise Statement of Facts in Support of its Motion for Summary Judgment No. 2 and present Plaintiffs Counterstatement of Facts, as follows.

I.  **RESPONSE TO AVADEL'S STATEMENT OF FACTS**

**Plaintiffs' Response to SMF ¶ B-1:**  Undisputed as to the contents of Dr. Charman's report. Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions.  CoF Nos. 1-5, 12, 16, 19-24.

**Plaintiffs' Response to SMF ¶ B-2:**  Undisputed as to the quoted portion of Dr. Little's report. Disputed in that the same paragraph of Dr. Little's report goes on to state: "Dr. Charman's opinions, in my opinion, fail to account for all of the information in the '079 patent's specification that teaches a POSA how to make and use the claimed inventions, and that I discuss throughout my previous written description and enablement opinions. I incorporate that discussion here."  A2544, ¶ 99.  Further disputed in that Avadel ignores that this testimony is focused on "a finished dosage form" and also ignores other relevant testimony regarding teachings in the '079/'782 Patents.  CoF Nos. 1-4.

**Plaintiffs' Response to SMF ¶ B-3:**  Undisputed as to the quoted portion of Dr. Moreton's report.  Disputed in that Avadel ignores that Dr. Moreton states this is his opinion if a POSA was "starting from scratch"; the same paragraph of Dr. Moreton's report goes on to state: "what Dr. Charman's position overlooks, in my opinion, is that the inventors explain in the Sustained Release Specification how they overcame those difficulties and, in so doing, provided further information to a POSA, including the type of in vitro release targeted with the claimed methacrylic acid-methyl methacrylate copolymers, which I discuss in my written description section. Thus, it is my opinion that a POSA seeking to practice the Sustained Release Asserted Claims, and achieve the claimed dissolution limitations, would have encountered far less complexity than Dr. Charman suggests. The Sustained Release Specification, in my opinion,

teaches a POSA how to reach that achievement." A2290-A2291, ¶ 125. Further disputed in that Avadel implies that Dr. Moreton was referring to the "time of invention" of the '079/'782 Patents in February 2016 instead of the "time of invention" for the Sustained Release Patents in March 2011; Dr. Moreton was opining on the latter, not the former. CoF Nos. 16, 24. Further disputed in that Avadel ignores Dr. Moreton's other relevant testimony regarding teachings in the patents-in-suit. A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ⁋ B-4:** Undisputed.

**Plaintiffs' Response to SMF ⁋ B-5:** Undisputed that Dr. Little relies on the incorporation by reference of Allphin 2012 in part to support his opinions regarding enablement of the '079 and '782 patents. Disputed in that Avadel ignores other relevant testimony regarding teachings in the '079/'782 Patents (even without the incorporation by reference). CoF Nos. 1-5, 12, 19, 22, 26.

**Plaintiffs' Response to SMF ⁋ B-6:** Undisputed as to the contents of Dr. Charman's report. Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions. CoF Nos. 1-5, 12, 16, 19-24.

**Plaintiffs' Response to SMF ⁋ B-7:** Undisputed as to the contents of Dr. Charman's report. Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions. CoF Nos. 1-5, 12, 16, 19-24.

**Plaintiffs' Response to SMF ⁋ B-8:** Undisputed as to the contents of Dr. Charman's report. Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions. CoF Nos. 1-5, 12, 16, 19-24.

**Plaintiffs' Response to SMF ⁋ B-9:** Undisputed as to the contents of Dr. Charman's report. Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions. CoF Nos. 1-5, 12, 16, 19-24.

**Plaintiffs' Response to SMF ¶ B-10:** Disputed in that Dr. Little's rebuttal report discloses his opinions regarding why the requirements of the claims would limit the types of materials that a POSA would utilize to prepare the claimed formulations. A2541-A2542, ¶ 92; A2566, ¶ 151. Further disputed in that Avadel ignores other relevant testimony regarding teachings in the '079/'782 Patents. CoF Nos. 5-15.

**Plaintiffs' Response to SMF ¶ B-11:** Undisputed as to the cited portions of Dr. Little's opinions regarding the nonobviousness of the SR Patents and the contents of the prior art as a whole as of March 2011. Disputed in that Avadel ignores other relevant testimony regarding teachings in the '079/'782 Patents. CoF Nos. 5-15.

**Plaintiffs' Response to SMF ¶ B-12:** Undisputed as to the quoted portion of Dr. Little's testimony. Disputed in that surfactants are not required components of the claimed inventions. Further disputed in that Avadel cites Dr. Little's testimony out of context and ignores other relevant testimony regarding teachings in the '079/'782 Patents. CoF Nos. 5-15.

**Plaintiffs' Response to SMF ¶ B-13:** Undisputed.

**Plaintiffs' Response to SMF ¶ B-14:** Undisputed as to the quoted portion of Dr. Moreton's testimony. Disputed in that fillers, lubricants, and surfactants are not required components of the claimed inventions. Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit. A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ¶ B-15:** Undisputed as to the quoted portion of Dr. Moreton's testimony. Disputed in that plasticizers are not required components of the claimed inventions. Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit. A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ¶ B-16:** Undisputed as to the quoted portion of Dr. Moreton's testimony. Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit. A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ¶ B-17:** Undisputed as to the quoted portion of Dr. Moreton's testimony. Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit. A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ¶ B-18:** Undisputed as to the cited portion of Dr. Moreton's testimony. Further disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit. A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ¶ B-19:** Undisputed.

**Plaintiffs' Response to SMF ¶ B-20:** Undisputed as to the quoted portion of Dr. Moreton's testimony. Disputed in that those other two enteric coating polymers are not disclosed in the Sustained Release Patents ("SR") Specification.

**Plaintiffs' Response to SMF ¶ B-21:** Undisputed as to the quoted portion of Dr. Moreton's testimony. Disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit. A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ¶ B-22:** Undisputed as to the quoted portion of Dr. Moreton's testimony. Disputed to the extent Avadel implies a POSA would have known this without the teachings of the patents-in-suit.

**Plaintiffs' Response to SMF ¶ B-23:** Undisputed as to the cited portions of Dr. Little's report. Disputed to the extent that Avadel implies this is the full scope of Dr. Little's enablement opinions for non-resinate controlled/modified release oxybate. *See, e.g.*, A2500, ¶ 4; A2506-A2517, ¶¶ 21-42; A2532-A2533, ¶ 71; A2535-A2536, ¶ 79; A2540, ¶¶ 90-102; A2548-A2558, ¶¶ 115-131; A2563, ¶ 143; A2564, ¶ 145; A2565-A2567, ¶¶ 149-152.

**Plaintiffs' Response to SMF ¶ B-24:** Undisputed that Section VI.B.2(b) of Dr. Little's report contains one paragraph, ¶ 79. Disputed to the extent that Avadel implies this is the full scope of Dr. Little's enablement opinions for non-resinate controlled/modified release oxybate. *See, e.g.*, A2500, ¶ 4; A2506-A2517, ¶¶ 21-42; A2532-A2533, ¶ 71; A2535-A2536, ¶ 79; A2540, ¶¶ 90-102; A2548-A2558, ¶¶ 115-131; A2563, ¶ 143; A2564, ¶ 145; A2565-A2567, ¶¶ 149-152.

**Plaintiffs' Response to SMF ¶ B-25:** Undisputed that Dr. Little relies, in part, on Dr. Moreton's analysis.

**Plaintiffs' Response to SMF ¶ B-26:** Undisputed in that ¶¶ 21-42 of Dr. Little's report describes the disclosures of the '079/'782 patents relating to non-resinate formulations. Disputed as to the Avadel's characterization of those paragraphs. Further disputed to the extent that Avadel implies this is the full scope of Dr. Little's enablement opinions for non-resinate controlled/modified release oxybate. *See, e.g.*, A2500, ¶ 4; A2506-A2517, ¶¶ 21-42; A2532-A2533, ¶ 71; A2535-A2536, ¶ 79; A2540, ¶¶ 90-102; A2548-A2558, ¶¶ 115-131; A2563, ¶ 143; A2564, ¶ 145; A2565-A2567, ¶¶ 149-152.

**Plaintiffs' Response to SMF ¶ B-27:** Undisputed as to the quoted portion of Dr. Moreton's testimony. Disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit. A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ¶ B-28:** Undisputed as to the quoted portion of Dr. Moreton's

testimony.  Disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit.  A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ⁋ B-29:**  Undisputed as to the quoted portion of Dr. Moreton's testimony.  Disputed in that Avadel cites Dr. Moreton's testimony out of context and ignores other relevant testimony regarding teachings in the patents-in-suit.  A2287-A2295, ¶¶ 117-134.

**Plaintiffs' Response to SMF ⁋ B-30:**  Undisputed as to the contents of Dr. Charman's report.  Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions.  CoF Nos. 1-5, 12, 16, 19-24.

**Plaintiffs' Response to SMF ⁋ B-31:**  Undisputed as to the quoted portion of Dr. Little's testimony.  Disputed in that Avadel cites Dr. Little's testimony out of context and ignores other relevant testimony regarding teachings in the '079/'782 Patents.  CoF Nos. 5-15.

**Plaintiffs' Response to SMF ⁋ B-32:**  Undisputed as to the contents of Dr. Charman's report.  Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions.  CoF Nos. 1-5, 12, 16, 19-24.

**Plaintiffs' Response to SMF ⁋ B-33:**  Undisputed as to the contents of Dr. Charman's report.  Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions.  CoF Nos. 1-5, 12, 16, 19-24.

**Plaintiffs' Response to SMF ⁋ B-34:**  Undisputed as to the quoted portions of Dr. Little's testimony.  Disputed in that Avadel cites Dr. Little's testimony out of context and ignores other relevant testimony regarding teachings in the '079/'782 Patents.  CoF Nos. 5-15.

**Plaintiffs' Response to SMF ⁋ B-35:**  Undisputed as to the contents of Dr. Charman's report.  Disputed in that Dr. Charman ignores the teachings in the '079/'782 Patents regarding how to make and use the claimed inventions.  CoF Nos. 1-5, 12, 16, 19-24.

## II. PLAINTIFFS' COUNTERSTATEMENT OF FACTS

1. The '079/'782 Specification demonstrates that the claimed inventions are focused on administrability of controlled/modified release oxybate dosage forms. Dr. Little opines that Jazz's formulation of controlled/modified release oxybate in a sachet (required in the '079 Patent's claims) and with a viscosity enhancing agent and acid separate from the oxybate particles (required in the '782 Patent's claims) allowed Jazz to overcome prior-art administrability issues with controlled/modified release oxybate dosage forms. A2508, ¶ 24; A2509, ¶ 26; A2513-A2514, ¶¶ 34-35; A2548, ¶ 115; A2550-A2551, ¶ 118; A0621, 5:37-6:11; A0625, 13:57-14:30.

2. Dr. Charman disagrees with Dr. Little's administrability opinions. A2399-A2400, ¶ 260.

3. The SR Specification states: "Despite the challenges noted, formulations and unit dosage forms providing controlled release of GHB are described herein." A0020, 5:25-27; A1506, 285:17-286:10.

4. The '079/'782 Specification discloses formulating oxybate as an oral suspension, including in a sachet and with a viscosity enhancing agent and acid separate from the oxybate particles. A0621, 5:37-6:11, 13:57-14:30; A0625; A2508, ¶ 24; A2509, ¶ 26; A2513-A2514, ¶¶ 34-35; A2548, ¶ 115; A2550-2551, ¶ 118

5. The structural requirements in the '079/'782 Patents' claims limit the number and types of materials that could be used. A2541-A2542, ¶ 92; A2566, ¶ 151

6. Dr. Little's opinions regarding there being "more than a finite number of options of coating materials to choose from" refers to the "alleged prior art as a whole" to the SR Patents and not to the disclosures of the SR Specification or the '079/'782 Specification. A2601, ¶ 6

7. In response to the question whether "there are a near infinite number of formulations that could fit within claim 1 of the '079 patent," Dr. Little testified that is not the way a POSA would

looks at this because, otherwise, every formulation patent would have infinite numbers of possibilities.  A2460-A2461, 228:9-230:5; *see also* A2454-A2456, 202:14-210:5; A2461, 231:17-232:13.

8.      In response to the question regarding how Dr. Charman and Dr. Little "differ on what the universe of materials could be," Dr. Little testified that he disagreed that a POSA would undertake the multiplication exercises suggested by Dr. Charman.  A2455, 205:7-206:11.

9.      In response to a question regarding attempting to determine an approximate number of potential combinations, Dr. Little testified that a formulator would not be intimidated by the number of potential combinations that Dr. Charman proposes and would understand how to tune the potential variables.  A2454, 202:14-203:13.

10.     In response to a question on potential combinations possible for pH-sensitive polymers, Avadel's expert, Dr. Langer, testified that any patent, including his own, could have "billions of combinations" if read the way the question suggested.  A1175, 99:1-100:1.

11.     Dr. Little never testified that the amount of experimentation to practice the '079/'782 Patents' claims would be undue.  Instead, Dr. Little testified that the experimental work would be "common" formulation work that a POSA would undertake.  A2449, 182:6-184:19.

12.     The '079/'782 Patents disclose that a POSA can test for controlled release with dissolution testing or pharmacokinetic testing.  A0621-A0622, 6:55-7:8.

13.     In response to the question "[w]hat do you consider to be routine experimentation in terms of dissolution testing," Dr. Langer testified that the work that Avadel characterizes as undue is actually routine.  A1183, 129:16-130:10.

14.     In response to a question regarding whether a POSA would understand that experimentation is necessary to develop GHB formulations, Dr. Charman testified "[t]he

- 8 -

[experimentation] threshold required for GHB formulation would be somewhat higher due to the challenges posed by GHB as a drug to be formulated." A1486-A1487, 207:24-208:4.

15. Dr. Little has opined, "[g]iven th[e] higher level of skill [of a POSA] and the previous difficulties in working with GHB, it is my opinion that a greater amount of experimentation would not have been undue." A2543, ¶ 97.

16. Allphin 2012 discloses both USP 2 type dissolution testing and pharmacokinetic testing results, demonstrating controlled release. A2514-A2515, ¶ 37; A2273-A2278, ¶¶ 88-94.

17. Dr. Langer and Dr. Alexander Klibanov testified that they found prior art references to be enabling for controlled/modified release oxybate where one had no human data and the other had no data of any kind. A1175-A1176, 100:2-101:11; A0527, 136:2-10.

18. In response to a question if human GHB data was disclosed in the prior art, Dr. Langer testified that there is no human data in most pharmaceutical patents. A1176, 101:14-102:14. Dr. Langer also testified a lot of patents do not even contain animal data. A1176, 103:1-3.

19. Dr. Little opines that the '079/'782 Specification provides support for the disclosure of non-resinate multiparticulate formulations of oxybate even without the incorporation by reference of Allphin 2012. *See, e.g.*, A2509-A2510, ¶¶ 27-28.

20. Allphin 2012 is incorporated by reference in its "entire[ty] for all purposes" and discussed in the '079/782 Patents at least six times. A0619, 2:61-67; A0620, 3:51-58, 4:24-29; A0625, 14:42-46; A0629, 21:59-67; A0629, 22:20-22.

21. Dr. Little disputes the disparagement opinions Dr. Charman offers regarding Allphin 2012 by referencing examples of non-resinate controlled/modified release oxybate formulations in Allphin 2012. A2512-A2517, ¶¶ 33-42.

22. Dr. Little provides opinions regarding which approaches will and will not work in the context of the '079/'782 Specification. A2512-A2513, ¶¶ 33-34.

23. In response to the question "does Allphin 2012 teach a person of skill in the art which controlled release approaches may be precluded," Dr. Little testified "I don't think I've ever seen a patent go through all of the things that wouldn't work." A2428, 98:18-99:1. In response to the question "[d]oes the specification of Allphin 2012 describe which approaches may be precluded," Dr. Little testified that Allphin 2012 doesn't "ha[ve] a section of precluded formulations," but instead "[i]t focuses on formulations that would provide the desired behavior." A2428, 98:1-5.

24. Dr. Moreton opined that "[t]he Sustained Release Specification reasonably conveys information showing that the inventors were in possession of microparticle formulations, and teaches a POSA how to adjust coating compositions and amounts to account for any differences in surface area." A2255-A2256, ¶ 50.

25. The very first entry on Dr. Charman's "Materials Reviewed" list (U.S. Patent No. 6,514,531 to Alaux et al.) teaches, "[p]rolonged release pellets are prepared by coating immediate release pellets in the same way as described for the tablets . . . . The amount and composition of the coating is adjusted from that used in the tablet, to reduce the permeability of the coating in order to take into account the far greater surface for diffusion in the pellets." A2255-A2256, ¶ 50; A2584, 6:4-11; *see also* A2165.

26. Dr. Little and Dr. Charman dispute whether the disclosures in the '079/'782 Patents (minus the incorporated Allphin 2012) disclose the use of non-resinate microparticles. A2509-A2510, ¶¶ 27-28; A2397-A2398, ¶ 243.

Dated: December 15, 2023                     Respectfully submitted,

                                             MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:                                  /s/ *Jeremy A. Tigan*

F. Dominic Cerrito                           Jack B. Blumenfeld (#1014)
Eric C. Stops                                Jeremy A. Tigan (#5239)
Evangeline Shih                              1201 North Market Street
Andrew S. Chalson                            P.O. Box 1347
Gabriel P. Brier                             Wilmington, DE  19899
Frank C. Calvosa                             (302) 658-9200
QUINN EMANUEL URQUHART                       jblumenfeld@morrisnichols.com
   & SULLIVAN, LLP                           jtigan@morrisnichols.com
51 Madison Avenue, 22nd Floor
New York, NY  10010                          *Attorneys for Plaintiffs*
(212) 849-7000                               *Jazz Pharmaceuticals, Inc. and*
                                             *Jazz Pharmaceuticals Ireland Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 15, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Denise Laspina, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Daralyn J. Durie, Esquire<br>Eric P. Berger, Esquire<br>Rebecca E. Weires, Esquire<br>Adam R. Brausa, Esquire<br>Tannyr Pasvantis, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>Henry Huttinger, Esquire<br>Katherine E. McNutt, Esquire<br>Rose S. Lee, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>David F. Kowalski, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Andrew T. Jones, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, D.C.  20037<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)