# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | **REDACTED PUBLIC VERSION<br>FILED JANUARY 10, 2024**<br><br>C.A. No. 21-691-GBW<br><br> |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1138-GBW<br><br> |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1594-GBW<br><br> |

**AVADEL'S RESPONSES TO JAZZ'S CONCISE STATEMENT OF FACTS
IN SUPPORT OF JAZZ'S MOTION FOR PARTIAL SUMMARY
<u>JUDGMENT NO. 4 OF NO ANTICIPATION OF U.S. PATENT NO. 11,077,079</u>**

1. Defendant disputes that the '079 patent is entitled to a priority date of February 18, 2016. Avadel's experts have opined that the '079 patent is invalid for lack of written description and "only entitled to a priority date of December 10, 2020." Ex. 38, Charman Second Supp. Rpt. ¶¶ 177, 798, 837, 1117.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Defendant disputes that the statement in Paragraph 13 of Jazz's statement of allegedly undisputed facts correctly characterizes the claims and prosecution of Jazz and Avadel's patents. Jazz is not correct that Avadel's '321 Application's claim 1 recited, various claim elements "[l]ike the '079 Patent's asserted claims." Rather, the '079 Patent recites certain claim elements originally found in Avadel's '321 application, as Avadel's application contained the claims before the application leading to Jazz's '079 patent, the '041 application. *Compare* Ex. 40, Claim 1 of Jazz's '041 application, filed December 10, 2020 with Ex. 41, Claim 1 of Avadel's '321 application published September 12, 2019. █████████████████████████████████████████████████████████████████████████████████████████

7. Defendant admits that this quote appears in the prosecution history of the '321 Application, but disputes that Jazz's use of it accurately reflects Avadel's position. The prosecution of the '321 Application was done on a different factual record to the present case, and thus Avadel's statements are limited to that record. Avadel's expert, Dr. Charman explained that his anticipation opinions were based on certain positions Jazz took in this litigation regarding the disclosures required for a

POSA to believe the inventors of the '079 patent were in possession of the claimed invention. Ex. 38, Second Supp. Charman Op. Rpt. at ¶ 997; see also ¶¶ 1004-1025. Dr. Charman considered Jazz's admissions regarding the disclosures a POSA would allegedly require to believe that the inventors of the '079 patent were in possession of the claimed invention and applied that same understanding in considering the disclosures in the prior art and whether it anticipated the claimed invention. *Id.* Jazz's admissions regarding the disclosures of the '079 patent were not of record during the prosecution of Avadel's '321 application.

8. Admitted.

9. Defendant admits that this quote appears in Dr. Charman's Second Supplemental Opening Report, but disputes that Jazz's description accurately reflects Dr. Charman's opinions. As set forth in other portions of his report, Dr. Charman's opined that if "the '079 patent disclosures are deemed to meet the written description and enablement requirements, then Liang and Lebon 2013 (with their corresponding disclosures) would each anticipate the '079 patent claims, as discussed below." *Id.* at ¶¶ 997, 1004-1025.

10. Admitted.

11. Defendant disputes that Dr. Davies's opinion that nothing in Liang "teaches, suggests, or discloses that immediate release GHB particles and controlled release GHB particles could or should be pre-mixed in a sachet (and then suspended in water by the end user) prior to administration" is consistent with what Avadel told the PTO regarding Liang. As explained above, Avadel's statements during prosecution of the '321 application involved a different factual record. *Supra* at ¶ 7. Importantly, that record did not include Jazz's admissions from this litigation regarding level of detail a POSA would require to understand the claimed invention.

12.     Defendant disputes that Dr. Davies's characterization of Dr. Charman's opinions is an accurate one. Dr. Charman clearly and unambiguously qualifies his anticipation opinion, explaining that "if the Court construes the term 'oxybate' such that the claims encompass methods of treating with oxybate salts and the '079 patent disclosures are deemed to meet the written description and enablement requirements, then Liang and Lebon 2013 (with their corresponding disclosures) would each anticipate the '079 patent claims, as discussed below." Ex. 38, Second Supp. Charman Op. Rpt. at ¶ 997.  Thus, Dr. Charman can agree with the arguments Avadel made to the Patent Office based on that factual record, while still opining that Liang and Lebon 2013 anticipate if Jazz's own limited disclosures are found to satisfy written description and enablement.

|  |  |
|---|---|
| Dated:  December 15, 2023 | McCARTER &ENGLISH, LLP |
|  | */s/ Daniel M. Silver* |
| *Of Counsel*: | Daniel M. Silver (#4758) |
| Kenneth G. Schuler | Alexandra M. Joyce (#6423) |
| Marc N. Zubick | Renaissance Centre |
| Alex Grabowski | 405 N. King Street, 8th Floor |
| Sarah W. Wang | Wilmington, Delaware 19801 |
| LATHAM & WATKINS LLP | (302) 984-6300 |
| 330 North Wabash Avenue, Suite 2800 | dsilver@mccarter.com |
| Chicago, IL 60611 | ajoyce@mccarter.com |
| (312) 876-7700 |  |
| kenneth.schuler@lw.com | *Counsel for Defendant* |
| marc.zubick@lw.com |  |
| alex.grabowski@lw.com |  |
| sarah.wang@lw.com |  |

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Audra M. Sawyer
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Audra.sawyer@lw.com

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
kmcnutt@mofo.com

4