IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW <br><br> **PUBLIC VERSION** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 3 AND PLAINTIFFS' <u>COUNTERSTATEMENT OF FACTS PRECLUDING SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

**Page**

I. RESPONSE TO AVADEL'S STATEMENT OF FACTS ................................................... 1

II. PLAINTIFFS' COUNTERSTATEMENT OF FACTS ....................................................... 4

Plaintiffs respond to Defendant's Concise Statement of Facts in Support of its Motion for Summary Judgment No. 3 and present Plaintiffs' Counterstatement of Facts, as follows:

## I. RESPONSE TO AVADEL'S STATEMENT OF FACTS

**Plaintiffs' Response to Avadel's Statement of Fact ("SMF") ¶ C-1:** Disputed in that Jazz is asserting infringement of claims 1-8 and 10-12 of the '488 patent, claims 1-6 and 8-15 of the '885 patent, claims 1-8 and 10-11 of the '956 patent, claims 1-6 and 8-15 of the '931 patent, claims 1-3, 5, 7-12, 14, and 16-18 of the '079 patent, and claims 1-10, 13-18, and 20-24 of the '782 patent. Plaintiffs' Counterstatement of Fact ("CoF") No. 1.

**Plaintiffs' Response to SMF ¶ C-2:** Undisputed that the claims of the '488, '885, and '782 patents relate to pharmaceutical formulations and that the claims of the '956, '931, and '079 patents relate to methods of treating narcolepsy patients with pharmaceutical formulations.

**Plaintiffs' Response to SMF ¶ C-3:** Undisputed that the asserted claims of the '782 patent require that the formulations comprise gamma-hydroxybutyrate. Disputed in that the claims of the '488, '885, '956, and '931 patents require the formulations to comprise at least one pharmaceutically active ingredient selected from gamma-hydroxybutyrate and pharmaceutically acceptable salts of gamma-hydroxybutyrate that release its gamma-hydroxybutyrate. CoF No. 4. Disputed in that the claims of the '079 patent require that the formulations comprise oxybate. A0630-A0631.

**Plaintiffs' Response to SMF ¶ C-4:** Undisputed in that Lumryz™ is packaged as a solid formulation and that it contains sodium gamma-hydroxybutyrate as its active ingredient. *See* A3091, Section 16.1.

**Plaintiffs' Response to SMF ¶ C-5:** Undisputed in so far as Avadel means the stand-alone anion, unbound to anything. *See, e.g.*, D.I. 310 at 33-34.

**Plaintiffs' Response to SMF ¶ C-6:** Undisputed as to Avadel's restatement of its proposed construction. Disputed in that Jazz disputes that Avadel's proposed construction should be adopted. *See* D.I. 310.

**Plaintiffs' Response to SMF ¶ C-7:** Undisputed.

**Plaintiffs' Response to SMF ¶ C-8:** Disputed in that the stand-alone GHB anion does not exist. Regardless of what is used as the cation, the salt form of gamma-hydroxybutyrate always contains the negatively charged gamma-hydroxybutyrate anion, which is ionically bound to the positively charged cation (e.g., sodium). A3063, ¶ 24; *see also, e.g., id.* at ¶ 25.

**Plaintiffs' Response to SMF ¶ C-9:** Undisputed in so far as Jazz does not have an infringement theory if Avadel's construction gets adopted for the '079 and '782 patents. Disputed in so far as there is a mistranscription and "for the sustained release" should be the beginning of the next sentence. *See* A3096, 52:17-25.

**Plaintiffs' Response to SMF ¶ C-10:** Undisputed.

**Plaintiffs' Response to SMF ¶ C-11:** Undisputed in that Avadel accurately quotes portions of claims 1 and 12 of the '488 patent. Disputed in that Avadel omits that both claims state that the active pharmaceutical ingredient is "selected from gamma-hydroxybutyrate and pharmaceutically acceptable salts of gamma-hydroxybutyrate." Further disputed to the extent that Avadel implies this somehow supports its construction. *See, e.g.*, D.I. 310 at 20-22.

**Plaintiffs' Response to SMF ¶ C-12:** Undisputed that Avadel restates the definition found at the cited link. Disputed in that Avadel has never sought to construe the terms "its." Further disputed to the extent that Avadel implies this somehow supports its proposed construction or non-infringement contention. *See, e.g.*, D.I. 310 at 7-8, 20-22; CoF Nos. 6-10.

**Plaintiffs' Response to SMF ¶ C-13:**  Undisputed to the extent that Avadel quotes from Dr. Little's deposition and expert report.  Disputed in that neither quote concerns Dr. Little's opinions regarding Avadel's infringement of the asserted claims under Avadel's proposed construction of "gamma-hydroxybutyrate" that are discussed in his expert reports.  CoF Nos. 6, 10.

**Plaintiffs' Response to SMF ¶ C-14:**  Undisputed in that Avadel quotes portions of Dr. Klibanov's expert reports.  Disputed in that it ignores Dr. Klibanov's deposition testimony regarding what is released from Avadel's LUMRYZ$^{TM}$ product.  CoF Nos. 6-9.

**Plaintiffs' Response to SMF ¶ C-15:**  Undisputed in that Avadel quotes a portion of Dr. Klibanov's expert report.  Disputed in that it ignores Dr. Klibanov's deposition testimony regarding what is released from Avadel's LUMRYZ$^{TM}$ product.  CoF Nos. 6-9.  Further disputed to the extent that Avadel implies this somehow supports its proposed construction or non-infringement contention.  *See, e.g.*, D.I. 310 at 7-8, 20-22; CoF Nos. 6-10.

## II. PLAINTIFFS' COUNTERSTATEMENT OF FACTS

1. Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Ltd. ("Plaintiffs" or "Jazz") assert infringement of claims 1-8 and 10-12 of the '488 patent, claims 1-6 and 8-15 of the '885 patent, claims 1-8 and 10-11 of the '956 patent, claims 1-6 and 8-15 of the '931 patent, claims 1-3, 5, 7-12, 14, and 16-18 of the '079 patent, and claims 1-10, 13-18, and 20-24 of the '782 patent.  C.A. No. 21-691, D.I. 325, ¶¶ 24-75; C.A. No. 21-1138, D.I. 216, ¶¶ 25-37; C.A. No. 21-1594, D.I. 211 at ¶¶ 10, 24-36; A0143-A0144, ¶ 17; A0212, ¶ 19.

2. The parties refer to the '488 patent, the '885 patent, the '956 patent, and the '931 patent as the Sustained Release Patents.  A0143, ¶ 16; A0161, ¶ 3.

3. The parties dispute the construction of "gamma-hydroxybutyrate" from Jazz's Sustained Release Patents and "gamma-hydroxybutyrate" / "oxybate" from Jazz's '079/'782 patents.  D.I. 310.  The Court held a hearing regarding this dispute on November 1, 2023 but has not yet ruled.

4. All of the asserted claims of the Sustained Release Patents require that the formulation contain "at least one pharmaceutically active ingredient selected from gamma-hydroxybutyrate and pharmaceutically acceptable salts of gamma-hydroxybutyrate" that releases certain percentages of "its gamma-hydroxybutyrate."  A0031-A0033; A0063-A0064; A0094-A0096; A0127-A0128.

5. In the parties claim construction dispute, Jazz argues that "gamma-hydroxybutyrate" includes: (1) gamma-hydroxybutyric acid or (2) the negatively charged or anionic form (conjugate base) of gamma-hydroxybutyric acid, including when ionically bound (e.g., in the form of sodium oxybate).  D.I. 310 at 2.

6. Jazz's expert, Dr. Steven Little, and Avadel's expert, Dr. Alexander Klibanov, both agree that that the stand-alone, unbound anion (i.e., Avadel's proposed construction or the "GHB Anion") cannot exist as a solid, such as in the formulations claimed in the Sustained Release

Patents.  A2608, 17:24-18:5; A2619, 64:9-11; A2655, 8:4-10; A2671, 71:18-21; A2677, 93:8-23; A2684, 123:11-124:16; A2685-A2686, 128:1-130:3.

7.     Avadel's expert, Dr. Klibanov, first testified at his *Markman* deposition the following:

> Q. Okay. So you're saying if I dissolve even sodium oxybate in water, it then becomes the negatively charged or anionic form of gamma-hydroxybutyric acid?
>
> A. If you dissolve sodium gamma-hydroxybutyrate in water, three events will occur in sequence.  First, there will be the release of [sodium] gamma-hydroxybutyrate from the solid.  Then there will be a dissolution of that salt in water.  And, finally, there will be a dissociation of that salt into the cation of sodium and the anion of gamma-hydroxy- -- the anion of gamma-hydroxybutyrate.

A2625, 87:24-88:9 (with errata where Dr. Klibanov "misspoke" added in brackets, A2651).

8.     Avadel's expert, Dr. Klibanov, clarified at his infringement deposition that sodium gamma-hydroxybutyrate dissolves when the dosage form is added to water and *before* it is released:

> Q. Do you agree that the dissolution of an API, active pharmaceutical ingredient in water equals the release of that active pharmaceutical ingredient in water?
>
> A. Equals -- what do you mean equals?
>
> Q. That the words could be used interchangeably, dissolution and release.
>
> A. I would not use them interchangeably, because I think that the -- to me the dissolution is the initial step of the process. When there is a molecule that is surrounded -- the molecule of the API, which is surrounded by some molecules of water, it leaves other API molecules, the dissolution takes place, and then after that, diffusion takes place, and that results in release.

A0548, 219:1-16.

- 5 -

9. When asked "where does the 'gamma-hydroxybutyrate' as you've defined it come from," Dr. Klibanov admitted: "It comes from sodium gamma-hydroxybutyrate." A2628-A2629, 100:17-101:17.

10. Jazz's expert witness, Dr. Little, has opined that, given Dr. Klibanov's opinion, even if the Court grants Avadel's proposed construction for "gamma-hydroxybutyrate," Avadel would still infringe because in the context of the Sustained Release Patents, "release" is measured when the drug is dissolved in the deionized water testing media around the dosage form and that the drug must be dissolved in order to be measurable. A2700-A2701, ¶40; *see also* A0186-A0189, ¶¶73-76. In other words, based on Dr. Klibanov's deposition testimony, the GHB Anion from LUMRYZ$^{TM}$ is "released" when it is dissolved in deionized water. A2700-A2701, ¶40; *see also* A0186-A0189, ¶¶73-76. For a highly soluble drug such as gamma-hydroxybutyrate, dissolution happens essentially at the same time as water penetration/hydration of the dosage form. A2700-A2701, ¶40; *see also* A0186-A0189, ¶¶73-76.

Dated: December 15, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*
_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 15, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Denise Laspina, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Daralyn J. Durie, Esquire<br>Eric P. Berger, Esquire<br>Rebecca E. Weires, Esquire<br>Adam R. Brausa, Esquire<br>Tannyr Pasvantis, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>Henry Huttinger, Esquire<br>Katherine E. McNutt, Esquire<br>Rose S. Lee, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>David F. Kowalski, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Andrew T. Jones, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, D.C. 20037<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)