# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | **REDACTED PUBLIC VERSION FILED JANUARY 10, 2024** |
| Plaintiff, | |
| v. | C.A. No. 21-691-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1138-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1594-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |

**DEFENDANT AVADEL CNS PHARMACEUTICALS, LLC'S
CONCISE COUNTER-STATEMENT OF FACTS IN
<u>OPPOSITION TO JAZZ'S MOTION FOR SUMMARY JUDGMENT NO. 2</u>**

B-1.   Avadel's experts have opined that the asserted claims of the '079 patent are not supported by sufficient written description.  Ex. 38, Charman Second Supp. Op. Rpt. at ¶ 21.

B-2.   Jazz's expert Dr. Little asserts that the '079/'782 patents' statement that "it would be desirable to provide oxybate . . . in an extended release, oral liquid dosage form (including suspensions of oxybate-containing particles as described herein, which in some embodiments can be supplied as a sachet which can be suspended in e.g., tap water by the end user)" is adequate written description for the claimed sachet containing a solid oxybate formulation with an immediate release component and a controlled release component.  Ex. 45, Little Reb. Rpt. at ¶ 59 (citing Ex. 5, '079 patent at 6:4-11) (opining that "the '079 patent's specification teaches that the claimed inventions solve a problem of GHB administrability that the inventors had recognized" and that they had done so "through the development of GHB formulated in 'an extended release, oral liquid dosage form (including suspensions of oxybate-containing particles as described herein, which in some embodiments can be supplied as a sachet which can be suspended in e.g., tap water by the end user), using simply [sic], readily controlled processing methods.'")

B-3.   No examples of the '079/'782 patents mention the use of acids or viscosity enhancing agents at all—let alone separately from the claimed immediate release and modified release particles.  Given the absence of any supporting disclosure, Jazz's experts have taken the position a POSA would extrapolate written description support from the mere disclosure of the excipient categories themselves, ostensibly on the basis that a POSA would understand that the most logical place to put these excipients is "external to the particles."  Little Dep. Tr. at 244:19-246:4.

B-4.   The '079 patent issued from Jazz's U.S. Patent Appl. No 17/118,041 ("the '041 application").  Ex. 5, '079 patent at (21).

B-5. The '782 patent issued from Jazz's U.S. Patent Appl. No 17/210,064 ("the '064 application"). Ex. 6, '782 patent at (21).

B-6. █████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████

B-7. Jazz's claims from the '079/'782 copy much of their language from Avadel's earlier publications, as shown below. Jazz's own expert conceded that "the claims of the '079 patent are nearly identical to the claims . . . in Avadel's '321 application." Ex. 47, Davies Reb. Rpt. at ¶ 53

| Claim 1 of Jazz's '041 application, filed December 10, 2020 (Ex. 40) | Claim 1 of Avadel's US 2019/0274990 A1 published September 12, 2019 (Ex. 41) |
|---|---|
| A method of treating a disease or condition treatable with oxybate in a patient in need thereof, the method comprising:<br><br>administering a single daily dose to the patient, the single daily dose comprising an amount of oxybate equivalent to from 4.0 g to 12.0 g of sodium oxybate, wherein the administering comprises:<br><br>opening a sachet containing an oxybate formulation,<br><br>mixing the formulation with water, and<br><br>orally administering the mixture to the patient. | A method of treating a disorder treatable with gamma-hydroxybutyrate in a human in need thereof, the method comprising:<br><br>administering a single daily dose to said human an amount of gamma-hydroxybutyrate equivalent to from 3.0 to 12.0 g of sodium oxybate, wherein the administering comprises<br><br>opening a sachet containing a gamma-hydroxybutyrate formulation,<br><br>mixing the formulation with water, and<br><br>orally administering the mixture. |
| Claim 1 of Jazz's '064 application, filed March 23, 2021 (Ex. 43) | Claim 1 of Avadel's '866 patent, issued August 11, 2020 (Ex. 44) |
| A formulation of gamma-hydroxybutyrate comprising:<br><br>    an immediate release portion comprising gamma-hydroxybutyrate;<br><br>a modified release portion comprising gamma-hydroxybutyrate; | A formulation of gamma-hydroxybutyrate comprising:<br><br>an immediate release portion comprising gamma-hydroxybutyrate;<br><br>a modified release portion comprising gamma-hydroxybutyrate; |

| | |
|---|---|
| a viscosity enhancing agent; and<br><br>an acid;<br><br>wherein the viscosity enhancing agent and the acid are separate from the immediate release portion and the modified release portion. | a suspending or viscosifying agent selected from…; and<br><br>an acidifying agent selected from…;<br><br>wherein the suspending or viscosifying agent and the acidifying agent are separate and distinct from the immediate release portion and the modified release portion; and<br><br>wherein the ratio of gamma-hydroxybutyrate in the immediate release portion and the modified release portion is from 10/90 to 65/35. |

B-8.   Dr. Klibanov conducted a proper obviousness analysis premised on accepting Jazz's written description arguments at face value and applying the same disclosure standard to the prior art. Ex. 39, Second Supp. Klibanov Op. Rpt. at ¶¶ 43, 166 (*citing* Jazz Final Validity Contentions at 94-104, 203-210).

B-9.   Dr. Klibanov considered the prior art by applying Jazz's contentions as to how a POSA would allegedly interpret and extrapolate from certain words in the specification, and he explained as much in his report:

> [F]or purposes of this report, I have been instructed by Counsel to take as true Jazz's contention that the specification satisfies the written description and enablement legal requirements based on the limited information from the '079 Patent specification identified in Jazz's Final Validity Contentions. In other words, I have been instructed by Counsel to assume that the language identified by Jazz is sufficient to demonstrate to a POSA that (a) the inventors had possession of all of the claimed subject matter of the Asserted Claims of the '079 Patent, and (b) the '079 Patent specification enables a POSA to practice the full scope of the Asserted Claims of the '079 Patent.  Ex. 39, Second Supp. Klibanov Op. Rpt. of Alexander M. Klibanov at ¶ 43; *see also id.* at ¶ 166 (explaining the same understanding for the '782 patent).

3

| | |
|---|---|
| Dated:  December 15, 2023 | McCARTER &ENGLISH, LLP |
| | */s/ Daniel M. Silver* |
| *Of Counsel*: | Daniel M. Silver (#4758) |
| Kenneth G. Schuler | Alexandra M. Joyce (#6423) |
| Marc N. Zubick | Renaissance Centre |
| Alex Grabowski | 405 N. King Street, 8th Floor |
| Sarah W. Wang | Wilmington, Delaware 19801 |
| LATHAM & WATKINS LLP | (302) 984-6300 |
| 330 North Wabash Avenue, Suite 2800 | dsilver@mccarter.com |
| Chicago, IL 60611 | ajoyce@mccarter.com |
| (312) 876-7700 | |
| kenneth.schuler@lw.com | *Counsel for Defendant* |
| marc.zubick@lw.com | |
| alex.grabowski@lw.com | |
| sarah.wang@lw.com | |

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Audra M. Sawyer
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Audra.sawyer@lw.com

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
kmcnutt@mofo.com

4