# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW <br><br> **PUBLIC VERSION** |

**OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF CHRISTIAN MORETON PH.D.**

- i -

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1
II. ARGUMENT.........................................................................................................................1
III. CONCLUSION......................................................................................................................5

## TABLE OF AUTHORITIES

**Page**

### Cases

*Centrak, Inc. v. Sonitor Techs., Inc.*,
   915 F.3d 1360 (Fed. Cir. 2019)..................................................................................................1

*In re ChanBond, LLC Patent Litigation*,
   No. 15-842, 2019 WL 6910284 ................................................................................................4

*Purdue Pharma L.P. v. Faulding Inc.*,
   230 F.3d 1320 (Fed. Cir. 2000)..................................................................................................3

I.  **INTRODUCTION**

Avadel CNS Pharmaceuticals, LLC ("Defendant" or "Avadel") moves to exclude the expert testimony of Dr. Christian Moreton based on two cherry-picked sentences out of 148 paragraphs in Dr. Moreton's report.  Br. 35-37.[1]  Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Ltd. ("Plaintiffs" or "Jazz") oppose.

Avadel's motion should be denied.  Avadel argues that Dr. Moreton employed a "flawed methodology" that "relied on the issued claims for written description support."  *Id.* at 35.  As explained below, Avadel is wrong.  Dr. Moreton conducted a proper written description analysis.

II.  **ARGUMENT**

The Federal Circuit instructs that a proper written description analysis considers "whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date."  *Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360, 1365 (Fed. Cir. 2019) (internal cites and quotations omitted).  Dr. Moreton applied this legal standard in forming his opinions.  *See* A2245-A2246, ¶¶ 19-21 ("[T]he patent specification must provide information to reasonably convey to a POSA that the inventors were in possession of the claimed inventions as of the priority date sought.").

Dr. Moreton's opinion is "that the Sustained Release Asserted Claims are fully supported *by the Sustained Release Specification*," not the issued claims.  *See, e.g.*, A2297, ¶ 143 (emphasis added); *see also* A2251-A2287, ¶¶ 41-116.  Dr. Moreton confirmed this at deposition:

> Q. When you did your written description analysis to look for written description support, did part of that analysis involve looking at the claims of the '488 patent?

---

[1]  As used herein, "Br." refers to Avadel's "Brief in Support of Defendant's Summary Judgment and Daubert Motions" (C.A. No. 21-691, D.I. 407).

> A. Well, the claims of the '488 patent are important, because I was asked to consider whether there was adequate written description to support those claims.
>
> Q. And did you find some of that written description support in the claims themselves?
>
> A. I found a written description support in the specification of the patent.
>
> Q. Okay. Did that include the claims?
>
> A. Inasmuch as the claims define what I was looking for.

A2186-A2187, 56:21-57:15.

Avadel cherry-picks two sentences out of Dr. Moreton's written description analysis to argue that "Dr. Moreton's opinions are based on a flawed application of the law of written description and improperly rely on the issued claims themselves for written description support." Br. 37. Both sentences are Dr. Moreton responding to an opinion offered by Avadel's expert, Dr. William Charman. There, in forming his opinions on written description, Dr. Charman characterized the scope of the Sustained Release Patents' claims in a way that Dr. Moreton disagreed with. A2251-A2252, ¶ 42 (quoting what is ¶ 206 in Dr. Charman's Second Supplemental Opening Report, A2041). Avadel omits this context for Dr. Moreton's statements from its brief. Avadel also selectively modifies Dr. Moreton's responsive point regarding the scope of the claims in an attempt to mischaracterize his analysis. Dr. Moreton opined (with the cropped portion of the quote from Avadel's brief added in italics):

> Dr. Charman's position appears to overlook a key aspect of the claims *and the teachings of the Sustained Release Specification,* and one that greatly supports the disclosure of microparticles. In particular, each of the Sustained Release Asserted Claims requires not only the functional coating to which Dr. Charman refers . . . but also that the functional coating is in the sustained release portion of the formulation with a core, and deposited over that core. *See, e.g.,* Ex. 5, '488 patent at Claim 1.

*Compare* A2252, ¶ 44 *with* Br. 36-37.  Indeed, Dr. Moreton confirmed at deposition that he was specifically responding to Dr. Charman's characterization of the claims.  A2211-A2212, 156:25-159:1 ("Q. You're pointing [in paragraph 44] to the claimed core requirement.  Do you see that?  A. Yes.  Q. And why are you referencing the claimed core requirement?  A. Because that's what [Dr.] Charman – I was responding to Dr. Charman's point.").

Moreover, Dr. Moreton states in the next sentence of paragraph 44 of his report that "the claimed core requirement, *along with the teachings in the Sustained Release Specification*, would clearly convey to a POSA that the inventors had arrived at the film coatings described therein, and that such film coatings could be applicable in a variety of formulations."  A2252, ¶ 44 (emphasis added).  As explained above, Dr. Moreton is relying on the issued claims to "*define the invention*" (specifically in a different way than Dr. Charman), but finds "the support for the invention . . . in the specification as filed."  *See Purdue Pharma L.P. v. Faulding Inc.*, 230 F.3d 1320, 1329 (Fed. Cir. 2000).  Dr. Moreton continued at deposition by explaining how the Sustained Release Specification supports the defined claim element:  "And then [I] go on a couple of lines further down, you know, about creating a liquid suspension formulation.  And the way to do this would be to prepare [beads or] pellets coated with the described functional film coating."  A2212, 159:3-8 (with at errata at A2234); *see also* A2253-A2254, ¶¶ 45-47 (Dr. Moreton's discussion of those dosage forms based on the Sustained Release Specification).

Avadel next points to a sentence in paragraph 47 of Dr. Moreton's report stating that:

> A POSA would understand that (in view of the claims' other compositional requirements (i.e., the functional coating and core)) if the immediate release portion is a powder, liquid, or suspension, then that immediate release portion comprises microparticles or microparticles that were then dissolved or suspended.

Br. at 37 (emphasis omitted).  Here, too, Dr. Moreton is simply using the claims to define the invention.  Indeed, Dr. Moreton continues in paragraph 47 to find support for his opinion in "*the*

- 3 -

*Sustained Release Specification's disclosure in Example 3*, which adds the immediate release portion onto the sustained release portion of the formulation." A2253-A2254, ¶ 47.

And unsurprisingly, Avadel's expert employed the same analysis that Avadel faults Dr. Moreton for employing. Dr. Charman testified:

> The position of *the claim subject matter is the key here*, or is one of the keys, and it's a demonstration that the inventors were in possession of what that claim subject matter is. So . . . *that's the looking at the claims*, and through *that written description assessment*, is it evident that the inventors had possession of what those claims were. So that -- *that is a key aspect of that assessment* that I've undertaken in terms of applying that legal standard.

A1503, 274:10-21 (emphasis added). If referencing the claims to define the invention for which you are analyzing written description is the basis for exclusion, then it would apply equally to Dr. Charman, and Avadel would be unable to carry its burden on the defense.

In sum, Avadel's attempt to characterize Dr. Moreton's opinions as "improperly rely[ing] on the issued claims themselves for written description support" by cherry-picking two sentences in his entire report lacks merit and does not support exclusion of Dr. Moreton's opinions. And notably, the *In re ChanBond, LLC Patent Litigation* case that Avadel cites (Br. 37) demonstrates that Dr. Moreton's analysis would be flawed if he did *not* consider the issued claims and therefore does not support exclusion of his testimony either.

*In re ChanBond* explains, "[t]o be reliable, an expert's written description opinion must evaluate whether the asserted patents sufficiently describe the asserted claims. . . ." No. 15-842, 2019 WL 6910284, at *6. There, the court excluded testimony because the expert "focuse[d] on the accused technologies" as opposed to "whether the specification sufficiently describes the claims." *Id.* Here, Dr. Moreton did the right thing; he conducted a proper analysis of the asserted claims and "found [] written description support in the specification of the patent." A2187, 57:11-12 (emphasis added). Avadel's attempt to argue otherwise fails.

## III.  CONCLUSION

For the foregoing reasons, Avadel's motion to exclude expert testimony of Christian Moreton Ph.D. should be denied.

Dated: December 15, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 15, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Denise Laspina, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Daralyn J. Durie, Esquire<br>Eric P. Berger, Esquire<br>Rebecca E. Weires, Esquire<br>Adam R. Brausa, Esquire<br>Tannyr Pasvantis, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>Henry Huttinger, Esquire<br>Katherine E. McNutt, Esquire<br>Rose S. Lee, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>David F. Kowalski, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Andrew T. Jones, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, D.C.  20037<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)