IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW <br><br> **PUBLIC VERSION** |

**OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEVEN LITTLE PH.D.**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BRIEF OVERVIEW OF DR. LITTLE'S CHALLENGED OPINIONS ............................1

III. ARGUMENT ........................................................................................................................3

    A. Dr. Little's Report Sets Forth The Facts And Methodology For His Analysis..................................................................................................................3

    B. Dr. Little's Analysis Is Not Contrary To Federal Circuit Precedent .......................5

IV. CONCLUSION ....................................................................................................................6

## TABLE OF AUTHORITIES

**Page**

### Cases

*Baxalta Inc. v. Bayer Healthcare LLC*,
   513 F. Supp. 3d 426 (D. Del. 2021)...................................................................................4

*Capon v. Eshhar*,
   418 F.3d 1349 (Fed. Cir. 2005)..........................................................................................3

*Cephalon, Inc. v. Watson Pharms., Inc.*,
   707 F.3d 1330 (Fed. Cir. 2013)..........................................................................................4

*Finjan LLC v. ESET, LLC*,
   51 F.4th 1377 (Fed. Cir. 2022) ..........................................................................................2

*Inline Connection Corp. v. AOL Time Warner Inc.*,
   472 F. Supp. 2d 604 (D. Del. 2007)................................................................................1, 5

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
   665 F.3d 1269 (Fed. Cir. 2012)..........................................................................................5

### Rules

FRE 702 ...........................................................................................................................................1

FRE 703 ...........................................................................................................................................1

I.  **INTRODUCTION**

Avadel CNS Pharmaceuticals, LLC ("Defendant" or "Avadel") moves to exclude the expert testimony of Dr. Steven R. Little related to enablement of non-resinate techniques to control/modify the release of oxybate. Br. 37-41.[1] Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Ltd. ("Plaintiffs" or "Jazz") oppose.

Avadel's motion should be denied because it is based on an incorrect premise—that Dr. Little's challenged opinions purportedly "contain[] a single sentence" of "conclusory opinion." *Id.* at 39. Even a cursory review of Dr. Little's report demonstrates a detailed analysis of the challenged non-resinate enablement issue. *See* A2500, ¶ 4, A2532-A2533, ¶ 71, A2563, ¶ 143 (summary of enablement opinions); A2506-A2517, ¶¶ 21-42, A2548-A2558, ¶¶ 115-131 (discussion of non-resinate controlled/modified release disclosures in the '079/'782 Patents); A2535-A2536, ¶ 79, A2564 ¶ 145 (enablement opinions specific to non-resinate controlled/modified release); A2540-A2546, ¶¶ 90-102, A2565, ¶¶ 149-152 (*Wands* factors analyses); *see also* A2251-A2262, ¶¶ 42-62, A2267-A2270, ¶¶ 73-80, A2273-A2278, ¶¶ 88-94 (portions of Dr. Christian Moreton's report which Dr. Little agrees with and relies upon). "[Avadel] may not agree with [Dr. Little's] conclusions, but that is not a basis to strike an expert's opinion under FRE 702 or 703." *Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604, 613 (D. Del. 2007). Avadel's motion should be denied.

II.  **BRIEF OVERVIEW OF DR. LITTLE'S CHALLENGED OPINIONS**[2]

*First*, Dr. Little disagrees with Avadel's expert, Dr. William Charman, regarding the breadth of the '079/'782 Patents' claims and nature of the invention. In Dr. Little's opinion,

---

[1]  As used herein, "Br." refers to Avadel's "Brief in Support of Defendant's Summary Judgment and Daubert Motions" (C.A. No. 21-691, D.I. 407).

[2]  Page limits preclude a complete reproduction and the overview is not meant to be limiting.

the '079/'782 Patents' specification demonstrates that the claimed inventions are focused on administrability of controlled/modified release oxybate dosage forms. *See, e.g.*, A2508, ¶ 24; A2509, ¶ 26; A2513-A2514, ¶¶ 34-35; A2548, ¶ 115; A2550-A2551, ¶ 118.  Dr. Little opines that Jazz's formulation of controlled/modified release oxybate in a sachet (required in the '079 Patent's claims) and with a viscosity enhancing agent and acid separate from the oxybate particles (required in the '782 Patent's claims) allowed Jazz to overcome prior-art administrability issues with controlled/modified release oxybate. *Id.*

*Second*, Dr. Little disagrees with Dr. Charman's opinion that the '079/'782 Patents (without the incorporated Allphin 2012 reference) provide no embodiments for achieving the non-resinate formulations.  *See, e.g.*, A2509-A2510, ¶¶ 27-28.[3]

*Third*, Dr. Little disagrees with Dr. Charman's opinion that a POSA would disregard the disclosures of Allphin 2012 (U.S. Patent Application Publication No. 2012/0076865 of Jazz's earlier-filed Sustained Release Patents) when evaluating the disclosures of the '079/'782 Patents. Allphin 2012 is incorporated by reference in its "entire[ty] for all purposes" and discussed in the '079/782 Patents at least six times.  A0619, 2:61-67; A0620, 3:51-58, 4:24-29; A0625, 14:42-46; A0629, 21:59-67, 22:20-22.  "Patents that are incorporated by reference are effectively part of the host patents as if they were explicitly contained therein.  Incorporation by reference of a patent renders the entire contents of that patent's disclosure a part of the host patent." *Finjan LLC v. ESET, LLC*, 51 F.4th 1377, 1382 (Fed. Cir. 2022) (internal cites and quotations omitted).

Thus, for this additional reason, Dr. Little disagrees with Dr. Charman that the '079/'782 Patents fail to provide any descriptions, examples, guidance, and/or embodiments of non-resinate

---

[3]   Thus, Avadel is wrong that Dr. Little "relies exclusively on Allphin 2012 for the substantive written description of non-resinate controlled/modified release particles." Br. 39, n.11.

controlled/modified release particles. In particular, Dr. Little agrees with and relies upon Dr. Moreton's discussion of Allphin 2012 and the different ways of making and using non-resinate controlled/modified release particles. *See, e.g.*, A2511, ¶ 30; A2555-A2556, ¶¶ 125-126.[4] Dr. Moreton's report—on which Dr. Little relies—explains that Allphin 2012 describes the formulation of non-resinate, multiparticulate controlled/modified release oxybate, including through the use of enteric coatings and pore formers. *See, e.g.*, A2253-A2254, ¶¶ 45-47; A2254-A2255, ¶ 49; A2255-A2256, ¶ 50; A2260, ¶ 59. Dr. Moreton also discusses oxybate release profiles (*see, e.g.*, A2267-A2268, ¶¶ 73-76; A2273-A2278, ¶¶ 88-94), which Dr. Little provides further discussion of in his report (*see, e.g.*, A2514-A2515, ¶ 37).

*Fourth*, Dr. Little disagrees with Dr. Charman's opinion that the '079/'782 Patents disparage non-resinate controlled/modified release formulations. *See, e.g.*, A2512-A2513, ¶ 33.

*Fifth*, Dr. Little provides a detailed analysis of the *Wands* factors, disagreeing with Dr. Charman's opinions regarding each one and their impact on the overall undue experimentation analysis. *See* A2540-A2546, ¶¶ 90-102; A2565-A2567, ¶¶ 149-152. Dr. Little's *Wands* factors analysis specifically relies on his preceding opinions. *See, e.g.*, A2542, ¶ 93; A2544, ¶ 99.[5]

### III.   ARGUMENT

#### A.   Dr. Little's Report Sets Forth The Facts And Methodology For His Analysis

*First*, Avadel argues that Dr. Little's non-resinate enablement opinions are a "single sentence" that "merely states Dr. Little's conclusory opinion." Br. 39. As shown above, this is a

---

[4]  Any issue Avadel takes with Dr. Little referring back to his written description opinions for enablement lacks merit. "[E]nablement and written description are related and are often met by the same disclosure . . . ." *Capon v. Eshhar*, 418 F.3d 1349, 1360 (Fed. Cir. 2005).

[5]  These opinions were also discussed at Dr. Little's deposition. *See, e.g.*, A2426, 89:13-17 (Avadel's counsel acknowledging Dr. Little's *Wands* factor analysis). Since Avadel limits its challenge to Dr. Little's report, Jazz similarly limits its response. Tellingly, Avadel asked no questions regarding paragraph 79 of Dr. Little's report at his deposition.

severe mischaracterization of Dr. Little's report and lacks any factual basis. *See supra* § II.

*Second*, Avadel argues that Dr. Little "does not address the 'undue experimentation' aspect of the [enablement] inquiry." Br. 39. Again, this is wrong. Whether "undue experimentation" is required is determined by an analysis of the *Wands* factors. *See Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1336 (Fed. Cir. 2013). As explained above, Dr. Little expressly conducted the *Wands* factors analysis, and Avadel's counsel discussed it with him at deposition. *See* A2540-A2546, ¶¶ 90-102; A2565-A2567, ¶¶ 149-152; A2426, 89:13-17. Dr. Little also clearly stated in his report "it is my opinion that the '079 and '782 patents' specifications teach a POSA how to make and use the full scope of the claimed inventions without undue experimentation and, therefore, Dr. Charman fails to show lack of enablement. *See infra* at ¶¶ 68-102 (for the '079 patent), ¶¶ 142-153 (for the '782 patent)." A2500, ¶ 4.

*Third*, Avadel argues that Dr. Little does not "recite the facts he evaluated nor the methods he used." Br. 40. As discussed above, the facts are clearly set forth in Dr. Little's report. *See supra* § II. So, too, is the method he applied, which is the enablement inquiry as viewed from a POSA's perspective. *See, e.g.*, A2531-A2532, ¶¶ 68-70. This District routinely permits experts to testify on issues pertaining to the enablement inquiry from the perspective of a POSA. *See, e.g.*, *Baxalta Inc. v. Bayer Healthcare LLC*, 513 F. Supp. 3d 426, 449-450 (D. Del. 2021) (finding expert's analysis "clearly relevant to determine whether a POSA could enable the activity that is claimed" and rejecting argument that expert's "methodology [is] unreliable" where he "provides parameters governing his understanding [of the issue]" in his expert report).

In sum, Avadel's attacks on Dr. Little's opinions are baseless.[6]

---

[6] Avadel's cited *Adasa Inc. v. Avery Dennison Corporation* case is not even close to the facts here. There, the Federal Circuit affirmed exclusion of a conclusory opinion that licenses for

- 4 -

### B. Dr. Little's Analysis Is Not Contrary To Federal Circuit Precedent

Avadel also incorrectly argues that Dr. Little's opinions "rel[y] on what was known in the art," and thus, are "contrary to established Federal Circuit precedent." Br. 40. As Avadel recognizes, its cases stand for the unremarkable principle that "enabling disclosure of the *novel* aspects of the invention [must] come from the specification." *Id.* (emphasis added). "It is well-established, however, that a specification need not disclose what is well-known in the art." *Streck, Inc. v. Research & Diagnostic Sys.*, 665 F.3d 1269, 1288 (Fed. Cir. 2012). Here, it is Dr. Little's opinion that, by the time of the '079/'782 Patents, formulating non-resinate controlled/modified release oxybate was known; what is novel is the administrability through the use of the claimed sachet (for the '079 Patent) and the claimed viscosity enhancing agent and acid separate from the oxybate particles (for the '782 Patent). A0621 5:37-6:11; A0625, 13:57-14:30; A2508, ¶ 24; A2509, ¶ 26; A2513-A2514, ¶¶ 34-35; A2548, ¶ 115; A2550-A2551, ¶ 118. Avadel's motion does not challenge whether those features are enabled by the '079/'782 Patents (they are), nor does Avadel challenge that Allphin 2012 does *not* disclose those novel features. Indeed, Dr. Little does not rely on Allphin 2012 for those features, and Avadel's experts agree that Allphin 2012 lacks those disclosures. A1509, 298:6-12, 299:7-11; A0523, 118:16-119:7.

In sum, Dr. Little's opinions are consistent with Federal Circuit precedent, and Avadel's attempt to paint them in a different light fails.[7]

---

"hundreds or thousands of patents that spanned a broad range of technologies" were comparable licenses for damages purposes where the expert "did not undertake any meaningful comparison of the licensed technology with the invention." 55 F.4th 900, 915 (Fed. Cir. 2022). *Adasa* does not relate to the substance or depth of Dr. Little's opinions at all.

[7] The *Inline Connection Corporation v. AOL Time Warner Inc.* case Avadel cites is inapposite. There, the court excluded enablement testimony that focused on whether an accused product, rather than the claimed invention, was enabled. No. 02-272, 2007 WL 275928, at *4-5 (D. Del. Jan. 29, 2007). Avadel does argue that is the analysis that Dr. Little undertook, nor could it.

## IV. CONCLUSION

For the foregoing reasons, Avadel's motion to exclude expert testimony of Steven Little Ph.D. should be denied.

Dated: December 15, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 15, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Denise Laspina, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Daralyn J. Durie, Esquire<br>Eric P. Berger, Esquire<br>Rebecca E. Weires, Esquire<br>Adam R. Brausa, Esquire<br>Tannyr Pasvantis, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>Henry Huttinger, Esquire<br>Katherine E. McNutt, Esquire<br>Rose S. Lee, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>David F. Kowalski, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Andrew T. Jones, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, D.C.  20037<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)