# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | **REDACTED PUBLIC VERSION** <br> **FILED JANUARY 10, 2024** |
| Plaintiff, | |
| v. | C.A. No. 21-691-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1138-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1594-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, |  |
| Defendant. | |

**DEFENDANT AVADEL CNS PHARMACEUTICALS, LLC'S
CONCISE COUNTER-STATEMENT OF FACTS IN
<u>OPPOSITION TO JAZZ'S MOTION FOR SUMMARY JUDGMENT NO. 3</u>**

C-1.   The subject matter of the Sustained Release patent claims was copied from earlier-published claims from an Avadel patent publication.  *Compare* Ex. 51, Avadel's US Patent Application Publication 2018/0021284 A1 (Claim 4 element a: "the formulation releases at least 80% of its gamma-hydroxybutyrate at 3 hours) *with* Ex. 52, Jazz's Jul. 2, 2018 Preliminary Amendment at 3 (canceling all prior claims and adding language that "the formulation releases greater than about greater than about 90% of its gamma-hydroxybutyrate by 8 hours.").

C-2.   Jazz and its experts argue that a POSA would somehow "extrapolate" from data generated in experiments that involved coating materials far different from methacrylic acid-methyl methacrylate co-polymers and somehow conclude that the Jazz inventors "possessed" dissolution profiles that they simply never even tested—let alone presented to the public in their specification. *See, e.g.*, Ex. 53, Myers Rpt. at ¶ 72 ("Therefore, it is my opinion that a POSA would find the deionized water dissolution testing done for an HPC coating in the context of the claimed GHB sustained release formulations to apply to deionized water dissolution testing for a MAMM co-polymer coating in the context of the claimed GHB sustained release formulations.") and ¶ 103 ("[I]t is my opinion that it would not be unreasonable for a POSA to extrapolate from data obtained using a USP type 7 apparatus to a USP type 2 apparatus in the context of this invention.").

C-3.   Ms. Gray offered two separate opinions: (1) that the Sustained Release patents are invalid for lack of written description; and (2) that, if the trier of fact accepts Jazz's arguments that a POSA would be able to find sufficient written description in the specification of the Sustained Release patents, then the claimed dissolution profiles would have thereby been taught by the prior art.  Ex. 49, Gray Reply Rpt. at ¶ 61.

C-4.   Ms. Gray's opinion regarding the prior art is conditional and requires assuming that Jazz's approach to written description is endorsed by the jury.  As she explains:

> [I]f the reasons Jazz and Dr. Myers provide for why the Sustained Release Specification does provide sufficient written description, the same rationale must be applied to the prior art. In short, Dr. Myers and Jazz are taking positions with regard to how much "gap filling" a POSA would do with respect to the Sustained Release Specification that are inconsistent with Dr. Myers and Dr. Little's opinions on how a POSA would read the prior art. Gray Reply Rpt. at ¶ 61.

C-5. Ms. Gray identified four assumptions made by Jazz and its experts regarding the POSA's abilities: (1) "A POSA could draw conclusions regarding the dissolution profiles of the claimed [] formulations based on formulations that used other polymers, including pH-independent polymers;" (2) "A POSA could draw conclusions regarding the dissolution profiles of the claimed formulations based on formulations that do not contain GHB;" (3) "A POSA could draw conclusions regarding the dissolution profiles of the claimed formulations in USP Apparatus 2 based on dissolution testing conducted in different apparatus;" and (4) "A POSA could draw conclusions regarding the dissolution profiles of the claimed formulations in deionized water based on dissolution testing conducted in physiological media." Ex. 49, Gray Reply Rpt. at ¶ 61.

C-6. Ms. Gray does not agree with the four assumptions identified, but opines that if they are adopted by Jazz's experts to avoid invalidating the patent for lack of written description, then they must apply equally to obviousness. Ex. 49, Gray Reply Rpt. at ¶ 77.

C-7. Ms. Gray's obviousness opinion does not rely on a POSA having had access to the Sustained Release patents. Rather, she assumes that a POSA reviewing the prior art would have had the same level of skill and been able to perform the same type of extrapolations that Jazz's experts asserted a POSA would have displayed when reviewing the Sustained Release patents:

> Nevertheless, for this portion of my opinions, I adopted the assumptions Jazz's experts and Mr. Allphin made in support of their opinions that the Sustained Release Patents do have proper written description. *See supra* at ¶ 61. Therefore, if the court finds that the Sustained Release Patents do have written description support, it is my opinion that the fact that these formulations comprise different

2

> excipients or were tested under different conditions would not have prevented a POSA from understanding that [the prior art] disclosed the claimed dissolution profiles.

Gray Reply Rpt. at ¶ 77.

Dated: December 15, 2023

*Of Counsel*:
Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Audra M. Sawyer
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Audra.sawyer@lw.com

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com

MCCARTER &ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Defendant*

Kira A. Davis
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
kmcnutt@mofo.com