# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | **REDACTED PUBLIC VERSION** |
| Plaintiff, | **FILED JANUARY 10, 2024** |
| v. | C.A. No. 21-691-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, | ███████████████ |
| | ████████████ |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1138-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, | ███████████████ |
| | ████████████ |
| Defendant. | |
| JAZZ PHARMACEUTICALS, INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1594-GBW |
| AVADEL CNS PHARMACEUTICALS, LLC, | ███████████████ |
| | ████████████ |
| Defendant. | |

## AVADEL'S RESPONSE TO JAZZ'S COUNTERSTATEMENT OF FACTS IN OPPOSITION TO AVADEL'S MOTION FOR SUMMARY JUDGMENT NO. 1 (D.I. 420)

## I.    RESPONSE TO PLAINTIFF'S COUNTERSTATEMENT OF FACTS (D.I. 420)

1.    Disputed.  The claims define the scope of Jazz's purported invention.  But Jazz's claims are copied from Avadel's patent and Avadel, not Jazz invented these formulations.

2.    Undisputed.

3.    Disputed.  The SR Specification does not prohibit any excipients from being part of the claimed functional coating.  Additionally, the SR Specification discloses that to the extent a functional coating is used, it may include a polymer or polymer blend, a pore former (which may be a polymeric pore former, a small-molecule pore former, or an enteric pore former), a filler, a plasticizer, and/or an anti-tack agent.  *See* '488 patent at 12:13-15, 12:41-42, 12:50-51, 13: 4-7, 13:20-21, 12:26-28, 13:48-49, 13:59-60. 13:64-65.

4.    Undisputed.

5.    Disputed to the extent that Jazz implies that the specification describes pore formers as required formulation component.  The specification discloses that the functional coating "may include" a pore former ('488 patent at 12:40-42) and "may be modified by including a pore former" (*id*. at 12:55-57), not that it must include a pore former.  Additionally, the specification discloses that "the functional coating may include an amount of pore former that ranges from about 20% to about 50% by weight of the coating composition."  '488 patent at 13:38-41.

6.    Undisputed that Jazz accurately cites Dr. Charman and Dr. Moreton's testimony, but disputed that SR Specification lists "only three classes of pore formers."  Dr. Charman neglected to mention small molecule pore formers, a fourth class of pore formers expressly disclosed in the specification.  '488 patent at 12:66-13:4.

7.    Undisputed, except to note that the claims do not prohibit the use of plasticizers or anti-tack agents in the formulations either.

8.     Disputed.  Jazz mischaracterizes Dr. Charman's testimony.  Read in context, Dr. Charman testified that "enteric materials are one embodiment of the pore formers that can be used."  Charman Tr. at 356:22-357:25.  Dr. Charman also testified that "[t]here are no examples of any formulation in any form using methacrylic acid-methacrylate copolymer, so there's no example of it throughout."  Charman Tr. at 358:7-15.

9.     Undisputed that the specification lists three examples of enteric materials, but disputed to the extent that Jazz is suggesting these are the only three enteric materials available.  The specification describes these three materials as "examples" ('488 patent at 13:28-32) and Dr. Moreton testified that there are other enteric materials available.    A-19 (Moreton Tr. at 101:14-102:2).

10.    Undisputed that the quoted language appears in the specification, but disputed that the specification discloses any specific formulation or "particular embodiment" that exhibits a start-up lag time.

11.    Undisputed.

12.    Undisputed.

13.    Undisputed that Dr. Moreton provided the stated opinions, but disputed that he provide any factual basis for them.

14.    Undisputed that Examples 1-3 use hydroxypropyl cellulose and that Examples 2-3 provide data falling within the claimed dissolution release profiles.  Disputed that any of Examples 1-3 describe any formulations with MAMM or any formulations encompassed by the claims.  Further disputed that Example 1 discloses any dissolution data and disputed with respect to the characterization of MAMM as "water-soluble," because the solubility of MAMM in water is dependent on solution pH.  *See* Charman Reply ¶ 98.

15.   Undisputed that Dr. Moreton provided this testimony.

16.   Undisputed.

17.   Undisputed that Dr. Moreton provided the quoted opinions and testimony.  Disputed as to whether these citations capture the extent of Dr. Moreton's testimony on this issue, as Dr. Moreton also testified that "if you want a lag time, you can use an enteric type polymer.  And [the specification] mention[s] three" and that an enteric polymer is a way to achieve a lag time, however, "[i]t doesn't have to be that way, but it's the way – it is a way to do it."  53:19-21; 143:1-11.

18.   Undisputed.

19.   Disputed as to the characterization of Dr. Charman's opinions.  Dr. Charman's opinion that a POSA would not view non-enteric water-soluble polymers as functioning in the same manner as enteric polymers is based, in part, on variation in pH of deionized water, but also on his opinion that "[e]nteric and non-enteric polymers are fundamentally different in their dissolution characteristics with respect to solution pH" and cites additionally differences as between HPC and MAMM such as lag time, sensitivity to food effects, gastric motility, and a change in delivery characteristics based upon those factors." Reply ¶¶ 98, 101.

20.   Disputed.  Dr. Charman opines that "a POSA would recognize that it was possible for the oxybate or salts thereof released from the formulation to alter the pH of (unbuffered) DI water used as dissolution media (as the DI water has no inherent buffering capacity)" and Dr. Charman has addressed that the pH of DI water may depend on GHB dissolving in it.  *See* Charman Second Supp. Report ¶ 301, Charman Reply ¶ 104.

Dated:  December 22, 2023

McCARTER &ENGLISH, LLP

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Defendant*

*Of Counsel*:
Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Audra M. Sawyer
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Audra.sawyer@lw.com

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
kmcnutt@mofo.com