**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-691-GBW<br><br>**PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1138-GBW<br><br>**PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1594-GBW<br><br>**PUBLIC VERSION** |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. CORY J. BERKLAND AND DR. ROBERT S. LANGER**

**TABLE OF CONTENTS**

I.　　INTRODUCTION ................................................................................................................. 1

II.　　ARGUMENT ........................................................................................................................ 1

　　A.　　Dr. Berkland's Testimony Should Be Excluded Because It Does Not Fit
　　　　　The Inherent Anticipation Issue In This Case .................................................... 1

　　B.　　The Cases Avadel Cites Do Not Support The Admissibility
　　　　　Of Dr. Berkland's Testimony ............................................................................... 2

III.　　CONCLUSION .................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page**

### Cases

*360Heros, Inc. v. Gopro, Inc.*,
  569 F. Supp. 3d 198 (D. Del. 2021)......................................................................................2

*Blue Calypso, LLC v. Groupon, Inc.*,
  815 F.3d 1331 (Fed. Cir. 2016).............................................................................................3

*Callaway Golf Co. v. Acushnet Co.*,
  691 F. Supp. 2d 566 (D. Del. 2010)......................................................................................3

*Schneider ex rel. Estate of Schneider v. Fried*,
  320 F.3d 396 (3d Cir. 2003)...............................................................................................1, 3

*Glaxo Inc. v. Novopharm Ltd.*,
  52 F.3d 1043 (Fed. Cir. 1995)...............................................................................................3

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
  640 F. App'x 951 (Fed. Cir. 2016) ....................................................................................2, 3

*MeadWestVaco Corp. v. Rexam Beauty & Closures, Inc.*
  731 F.3d 1258 (Fed. Cir. 2013).............................................................................................2

*UGI Sunbury LLC v. 1.7575 Acres*,
  949 F.3d 825 (3d Cir. 2020)..................................................................................................2

### Other Authorities

FEDERAL RULE OF EVIDENCE 702 ...........................................................................................1

## I. INTRODUCTION

Jazz's motion boils down to a single, legal issue:  Did Dr. Berkland's purported reproduction and testing of Liang have to follow Liang's disclosed procedures?  The answer is "yes," and because of that, Dr. Berkland's opinions and Dr. Langer's testimony relying thereon must be excluded.  Courts routinely hold that testing that does *not* follow the alleged anticipatory reference's express disclosures is "not probative" of inherent anticipation, "not reliable to establish inherent anticipation," and "cannot show inherent anticipation."  C.A. No. 21-691, D.I. 388 ("Opening Brief") 2-3.  Avadel's cited cases do not provide any contrary holding.

## II. ARGUMENT

### A. Dr. Berkland's Testimony Should Be Excluded Because It Does Not Fit The Inherent Anticipation Issue In This Case

Avadel does not deny that Dr. Berkland deviated from Liang's disclosed procedures.  Instead, Avadel argues that "Jazz [does not] explain why any alleged deviations from Liang are legally significant."  C.A. No. 21-691, D.I. 418 ("Opp.") 32.  But Jazz provided that explanation in its Opening Brief.  The cases cited therein make clear that testing that does not follow the express disclosures of the prior art is "not probative" of inherent anticipation, is "not reliable to establish inherent anticipation," and "cannot show inherent anticipation."  Opening Brief 2-3.

As Avadel states, "FEDERAL RULE OF EVIDENCE 702 'embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit.'"  Opp. 29 (quoting *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003)).  "Rule 702 requires that the expert testimony must fit the issues in the case.  In other words, the expert's testimony *must be relevant* for the purposes of the case and must assist the trier of fact."  *Schneider*, 320 F.3d at 404 (emphasis added).  While Avadel attempts to shift the burden to Jazz to demonstrate that the changes Dr. Berkland made had an effect on the results of his experiment, that argument is

irrelevant for resolution of Jazz's *Daubert* challenge.[1]  The only question is whether Dr. Berkland's testing is reliable and fits the inherent anticipation legal standard.  "[T]he burden is placed on the party offering expert testimony [here, Avadel] to show that it meets each of the standards for admissibility."  *360Heros, Inc. v. Gopro, Inc.*, 569 F. Supp. 3d 198, 202 (D. Del. 2021).

Avadel cannot meet its burden under the prevailing case law.  As explained in Jazz's Opening Brief, Dr. Berkland's experiments cannot show inherent anticipation because he failed to follow Liang's express disclosures.  Opening Brief 5-10.  Thus, Dr. Berkland's testing "will [not] help the trier of fact to understand the evidence or to determine a fact in issue" and does not "fit" the proceedings.  *See UGI Sunbury LLC v. 1.7575 Acres*, 949 F.3d 825, 835 (3d Cir. 2020).

### B. The Cases Avadel Cites Do Not Support The Admissibility Of Dr. Berkland's Testimony

None of Avadel's cited cases support the admissibility of Dr. Berkland's alleged inherent anticipation experiments.  Citing *Stecyk v. Bell Helicopter Textron, Inc.*, Avadel argues that "[e]xperimental evidence may be admitted even if conditions do not perfectly correspond to the conditions at issue in litigation; dissimilarities may affect the weight of the evidence, but not its admissibility."  Opp. 30.  But *Stecyk* is not a patent case, let alone a case in which a prior art procedure was purportedly replicated for purposes of demonstrating inherent anticipation. Instead, the testing in *Stecyk* demonstrated the cause of a helicopter crash in a wrongful death action, which necessarily could not depend on exact replication of the crash conditions.  295 F.3d 408, 411 (3d Cir. 2002).  The other cases cited by Avadel fare no better.  *See MeadWestVaco Corp. v. Rexam Beauty & Closures, Inc.* 731 F.3d 1258, 1268-69 (Fed. Cir. 2013) (testing directed to infringement); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 640 F. App'x 951, 959

---

[1]  Avadel is wrong that Jazz "has no response" to Dr. Berkland's testing.  A4022-A4051, § VIII.

(Fed. Cir. 2016) (prior art reference explicitly disclosed that "neither [of the changed parameters] affects the properties of the final material")[2]; *Glaxo Inc. v. Novopharm Ltd.*, 52 F.3d 1043 (Fed. Cir. 1995) (affirming district court ruling (830 F. Supp. 871, 876 (E.D.N.C. 1993)) that experiments underlying prior art patent Example was representative of the Example based on inventor testimony that "the[] differences would [not] affect the [product])[3]; *Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331, 1354 n.2 (Fed. Cir. 2016) (noting that majority does not analyze inherent anticipation) (Schall J., dissenting).

Avadel's only response to the cases Jazz cites—which actually address the stringent requirements for testing needed to show inherent anticipation—is to quibble that, in those cases, "[n]one concern *Daubert* challenges" and that in *Pfizer* and *Valeant* "the court never excluded [the] expert's testimony." Opp. 31. These are red-herrings. It is beside the point that the parties in those two bench-trial cases did not move pre-trial to exclude testimony that the court ultimately found irrelevant to the issue of inherent anticipation. Here, however, in this jury-trial case, Jazz *did* make such a motion, which is an appropriate means of excluding expert evidence that fails to meet this Circuit's "trilogy of restrictions on expert testimony" properly addressed at the *Daubert* stage. Opp. 29 (quoting *Schneider*, 320 F.3d at 404). Indeed, courts in this District *have* excluded expert testing directed to inherent anticipation for failing to faithfully reproduce the prior art. *See e.g.*, *Callaway Golf Co. v. Acushnet Co.*, 691 F. Supp. 2d 566, 573 (D. Del. 2010) (granting motion to preclude expert's "test ball evidence" purporting to show inherent anticipation because it "does not represent a re-creation of a single prior art reference"). By law, Dr. Berkland's testing is not reliable and it does not fit the disputed inherent anticipation issue.

---

[2] Avadel does not argue that Liang contains any similar disclosure.

[3] Avadel does not argue that there is such testimony here for Dr. Berkland's numerous changes.

It should be excluded.

### III. CONCLUSION

For the foregoing reasons and those set forth in Jazz's Opening Brief, Jazz's *Daubert* challenge to Drs. Berkland and Langer's testimony should be granted.

- 5 -

Dated: December 22, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*