**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-691-GBW<br><br>**PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1138-GBW<br><br>**PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1594-GBW<br><br>**PUBLIC VERSION** |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE
EXERT TESTIMONY OF BRUCE CORSER, M.D.
<u>REGARDING U.S. PATENT NO. 11,077,079</u>**

Dr. Corser's analysis regarding the '079 Patent is conclusory, based on no methodology whatsoever, does not fit the disputed written description and enablement issues for the '079 Patent, and ignores relevant, contrary evidence presented by one of Jazz's experts. C.A. No. 21-691, D.I. 392 ("Opening Brief") at 3-5. Notwithstanding, Avadel argues his opinions should be allowed because he is allegedly providing "testimony about how a POSA would have interpreted data from a factual standpoint, which *other Avadel experts* may rely on for their opinions about written description and enablement." C.A. No. 21-691, D.I. 418 ("Opp.") 50 (emphasis added).

But *none* of Avadel's six other validity experts have relied on Dr. Corser's opinions regarding the '079 Patent. Indeed, Avadel does not cite to any of its other experts as purportedly relying on Dr. Corser. Opp. 48-50. To the extent that Avadel intended to have any of its experts rely on Dr. Corser's opinions, Avadel had to disclose such reliance before the close of expert discovery on November 21, 2023. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Given that that date has long passed, and without any such disclosure, Dr. Corser's opinions should be excluded. *See id.*; *see also Chanbond, LLC v. Atlantic Broadband Grp.*, No. 15-842, 2021 WL 1539182, at *4 (D. Del. Apr. 19, 2021) (excluding testimony no expert was relying on). Thus, Avadel's only purported basis for not excluding Dr. Corser's opinions regarding the '079 Patent lacks merit.

Avadel has not met its burden of demonstrating that Dr. Corser's opinions are reliable and would assist the jury. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994). The *one* paragraph Avadel cites (Opp. 49)—presumably, what it deems to be its best evidence of a proper analysis—fails to meet the *Daubert* requirements, as Jazz has already explained. Opening Brief at 3-5. Avadel argues that Dr. Corser's boilerplate conclusion is supported by an alleged "lack of any significant data in the '079 patent." *Id.* at 50. But Dr. Corser's failure to include *any* explanation or analysis in his reports requires exclusion of his testimony. *See, e.g.,*

*Magnetar Techs. v. Six Flags Theme Parks Inc.*, No. 07-127, 2014 WL 529983, at *12 (D. Del. Feb. 7, 2014) (excluding conclusory opinions that did not provide the required analysis).

This is especially true here, where Dr. Corser has admittedly refused to consider contrary evidence cited by Jazz's expert, Dr. Greenblatt, regarding data supporting the '079 Patent's asserted claims that is incorporated by reference. *See* Opening Brief at 3. Instead, Dr. Corser states that "I offer no opinion on the data supposedly incorporated by reference into the '079 patent." A1904, ¶ 49. To the extent that the inclusion of the word "supposedly" is intended to challenge the sufficiency of Jazz's incorporation by reference, Avadel has never raised such a challenge, and cannot have Dr. Corser argue its position to the jury. *See Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272,1283-84 (Fed. Cir. 2000) (holding whether material has been incorporated by reference into a patent is a question of law and finding reversable error where the lower court allowed that issue to go before the jury). Under these circumstances, Dr. Corser's wholly conclusory opinions based on insufficient facts and analysis should be excluded. *See TC Tech. LLC v. Sprint Corp.*, No. 16-153, 2019 WL 2515779, at *11 (D. Del. Jun. 18, 2019) (*citing Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.")).

For the foregoing reasons and those stated in Jazz's Opening Brief, the Court should exclude Dr. Corser's opinions regarding the '079 Patent.

- 3 -

Dated: December 22, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*