**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW <br><br> **PUBLIC VERSION** |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 1
<u>OF INFRINGEMENT OF THE SUSTAINED RELEASE PATENTS</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1
II. ARGUMENT ................................................................................................................1
    A. Jazz's RFA Regarding The Composition Of LUMRYZ™'s CR Portion Was Unambiguous, And So Was Avadel's Response Thereto ...............................1
    B. Avadel's Own Cited Authorities Confirm The Conclusiveness Of Avadel's RFA Response ........................................................................................3
    C. Avadel's Attempt To Inject Yet-Another Claim Construction Dispute Should Be Rejected .....................................................................................................5
III. CONCLUSION .............................................................................................................6

## TABLE OF AUTHORITIES

Page

### Cases

*Airco Indus. Gases, Inc. Div. of the BOC Grp., Inc. v. Teamsters Health & Welfare Pension Fund of Phila. & Vicinity*,
   850 F.2d 1028 (3d Cir. 1988)..................................................................................4, 5

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
   888 F. Supp. 2d 637 (W.D. Pa. 2012)..........................................................................5

*Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*,
   988 F.2d 414 (3d Cir. 1993).........................................................................................4

*Evonik Degussa GmbH v. Materia Inc.*,
   No. 09-636, 2016 WL 337378 (D. Del Jan. 26, 2016) ........................................3, 4, 5

*Gregory v. Home Retention Servs., Inc.*,
   No. 14-5366, 2015 WL 3490092 (D.N.J. June 2, 2015)..............................................5

*Langer v. Monarch Life Ins. Co.*,
   966 F.2d 786 (3d Cir. 1992).........................................................................................5

*PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*,
   491 F.3d 1342 (Fed. Cir. 2007)....................................................................................5

*Revlon Consumer Prod. Corp. v. L'Oreal S.A., Cosmair, Inc., Maybelline, Inc., Maybelline Sales, Inc.*,
   170 F.R.D. 391 (D. Del. 1997) ....................................................................................5

### Rules

Fed. R. Civ. P. 30(b)(6)..........................................................................................................1, 2

Fed. R. Civ. P. 36..............................................................................................................1, 3, 5

Fed. R. Civ. P. 36(a)(4)...........................................................................................................1, 3

Fed. R. Civ. P. 36(b) ..................................................................................................................5

I.  **INTRODUCTION**

Jazz's motion turns on one question: Did Avadel admit that Table 1b in Avadel's '062 Patent provides *"the composition"* for the CR portion of LUMRYZ™? The answer is "yes," and because of that, Jazz's motion for partial summary judgment of infringement should be granted.

The following material facts underlying Jazz's motion are not in dispute:

- The modified release ("MR") portion of Example 1 in Avadel's '062 Patent corresponds to the CR coated pellets in LUMRYZ™. Avadel's Counterstatement of Facts ("ACoF") A-11.

- Table 1b in Avadel's '062 Patent is entitled "Composition of MR Microparticles" and identifies each "Component" of the MR microparticles and its function. Jazz's Statement of Facts ("SOF") 11; Avadel's Resp. to Jazz's Statement of Facts ("ASoF") 11.

- Table 1b states that the immediate release ("IR") particles are the "component" of the MR microparticles that "function" as a "*Core* of MR microparticles." ASoF 11-12 (emphasis added); *see also* SOF 11.

- Those "core" IR particles comprise sodium oxybate. ASoF 3; SOF 13.

As explained below, Avadel's transparent attempt to change what it actually wrote in its Response to Jazz's Request For Admission No. 49 is both baseless and inconsistent with its Rule 30(b)(6) and inventor witnesses' testimony. The cases on which Avadel relies themselves confirm that summary judgment in favor of Jazz is appropriate. And Avadel's attempt to inject yet-another new claim construction dispute into this case on the eve of trial should be rejected.

II.  **ARGUMENT**

    A.  **Jazz's RFA Regarding The Composition Of LUMRYZ™'s CR Portion Was Unambiguous, And So Was Avadel's Response Thereto**

Requests for admission are governed by Fed. R. Civ. P. 36. The Rule states that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Here, Avadel did not qualify its answer to Jazz's RFA No. 49.

RFA No. 49 asked Avadel to admit that "the modified release portion of Example 1 of [the '062 patent] *(the composition of which is provided in Table 1b of said patent)* corresponds to the controlled release portion of [LUMRYZ™]." SOF 10 (emphasis added). Avadel's response was unqualified: "Subject to and without waiving the foregoing General and Specific Objections, Avadel admits this Request." *Id.* Avadel's response is consistent with its Rule 30(b)(6) witness's (Dr. Vaughn's) and Avadel's inventor's (Dr. Guillard's) testimony. Both testified that Table 1b in Avadel's '062 Patent provides the composition of LUMRYZ™'s MR (a/k/a CR coated) particles. Jazz's Response to Counter-Statement of Facts ("JRCoF") A4004, 122:3-13; A4010, 95:2-7.

Avadel relies on its non-infringement contentions and NDA submission stating that the MR particles allegedly consist of (1) an "inert core," (2) a "drug-loaded layer," and (3) a "CR coating. *See, e.g.*, ACoF A-1, A-5; C.A. No. 21-691, D.I. 418 ("Opp.") 2, 4, 6. But those materials all existed months *before* Avadel served its RFA responses. JRCoF ¶ A-5. Jazz reasonably relied upon Avadel's admission in framing its case, including fact and expert discovery. Moreover, RFA No. 49 was directed to Table 1b, not the NDA submission. Thus, the relevant inquiry is how Avadel characterized the MR particles in Table 1b. There is no dispute that Table 1b identifies the "IR particle" itself, not just a portion of it, as the component that functions as the "Core" in the MR particles. SOF 11-12, 15; ASoF 11-12, 15. And, as Avadel concedes, the IR particle consists of *both* what it calls the "inert" core and a "drug layer." Opp. 4, 6; ACoF A-5. Thus, through its unqualified admission, Avadel conceded that the "Core" of the MR particle includes the sodium oxybate in the IR particle.

Avadel now attempts to change its RFA response in Opposition. Avadel claims it objected to the parenthetical asking it to admit that the composition of the MR portion of

Example 1 is provided in Table 1b of Avadel's '062 Patent, and that it only admitted "that the modified release portion of Example 1 of U.S. patent No. 10,272,062 . . . corresponds to the controlled release portion of Defendant's NDA Product [i.e., LUMRYZ]," "nothing more." Opp. 6-7; *see also* ACoF A-11 (claiming it only "admitted that the modified release portion of Example 1 corresponds to the CR portion of LUMRYZ."). But none of Avadel's objections mention the parenthetical in Jazz's RFA and, as can be seen from Avadel's actual RFA Response, it did not qualify its answer then like it tries to do now.

While Avadel now argues that Jazz should have "crafted an RFA that asked Avadel to admit no other evidence in the case was relevant to an infringement question" (Opp. 7-8), this argument ignores that Rule 36 put the burden on Avadel to qualify its admission if desired. *See* Fed. R. Civ. P. 36(a)(4). Jazz did not need to ask Avadel "Are you sure?" in response to Avadel's already-given admission that Table 1b in Avadel's '062 Patent provides the composition for the CR coated pellets in LUMRYZ™. And notably, Avadel contends that its hypothetical RFA would have been "improperly seeking a legal conclusion" anyway. Opp. 8. Avadel is bound by its response to Jazz's RFA.

      **B.**    **Avadel's Own Cited Authorities Confirm The Conclusiveness Of Avadel's RFA Response**

The cases Avadel cites confirm that it cannot now escape its binding admission. In *Evonik* (Opp. 6, 8), the patentee admitted, "[s]ubject to and without waiving" its objections, that the accused compound was not within the scope of its claims "based on the Court's construction of 'aryl.'" No. 09-636, 2016 WL 337378, at *3 (D. Del. Jan. 26, 2016). The patentee contended that its RFA response "left open the argument that Evonik also literally infringed" for a separate reason. *Id.* In granting summary judgment, the court held that "Evonik's [RFA] was unqualified and precise" and that it would "not contort the plain wording of [the patentee's] admission which

was unqualified and expressed no limitation" to mean something different. *Id.* at *4. Here, too, Jazz's RFA was "unqualified and precise," and Avadel's admission was "unqualified and expressed no limitation." Avadel did not in any way deny that the composition of the MR portion of Example 1 is provided in Table 1b of Avadel's '062 Patent, nor did it limit its response to exclude that admission. It simply said "Avadel admits this Request." SOF 10.

*Airco* (Opp. 6) likewise supports granting summary judgment in favor of Jazz. In *Airco*, the Third Circuit reversed the district court's "clearly erroneous" finding that ignored an unambiguous RFA and the defendant's response. 850 F.2d 1028, 1036-37 (3d Cir. 1988) ("Our scrutiny of the admission in question here leaves us with no doubt that the 'no refund' policy was adopted by the Fund's trustees in their November 3, 1983 meeting. The language of the statement that 'the trustees unanimously agreed to adopt a policy' at that meeting . . . is unambiguous."). Here, too, there can be no doubt that Jazz's parenthetical was unambiguous. In fact, Avadel did not object to it as vague or ambiguous despite objecting to a term *outside* the parenthetical ("corresponds") as purportedly vague and ambiguous.[1]

*Coca-Cola* (Opp. 8) applies these same principles to different facts—with no similarity to the ones here. There, the defendant made admissions "pertain[ing] to syrups sweetened with sucrose or fructose," and the plaintiffs attempted to extend those admissions to "diet Coke [which] is sweetened with aspartame or saccharin." 988 F.2d 414, 426 (3d Cir. 1993). The Third Circuit held that "the district court correctly limited the Company's admissions to the specific syrups mentioned in the admissions." *Id.* Here, Jazz is not trying to extend Avadel's admission (though Avadel now attempts to limit it).

---

[1] Avadel does not dispute that it admitted the "corresponds" part of the RFA despite its objection, rendering its position here even less credible. Opp. 6-7.

Finally, neither *PharmaStem* nor *Carnegie Mellon* involved Rule 36 admissions. Instead, the courts there held that admissions in the forms of marketing materials (*PharmaStem*, 491 F.3d 1342, 1351 (Fed. Cir. 2007)) and witness testimony (*Carnegie Mellon*, 888 F. Supp. 2d 637, 643 (W.D. Pa. 2012)) had to be weighed against competing evidence. *Evonik*, however, reinforces the Third Circuit's rule that Rule 36 admissions are different than admissions in documents or witness testimony. *Evonik*, citing *Airco*, explains the difference is that Rule 36 admissions are "[a] studied response . . . normally made under the direction and supervision of counsel, who has full professional realization of their significance." 2016 WL 337378, at *3-4. Thus, "Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment." *Id.* (quoting *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992)).[2]

### C. Avadel's Attempt To Inject Yet-Another Claim Construction Dispute Should Be Rejected

Perhaps recognizing the flaws with its primary position, Avadel tries to walk back its admission by implying that the use of "core" in Avadel's '062 Patent means something different than the use of "core" in Jazz's patent claims. Opp. 3 ("Jazz did not seek claim construction as to what 'core' means and therefore never argued that both the Sustained Release patents and Avadel's '062 patent use the term 'core' in the same way."). But Avadel cites no evidence that the patents use "core" in different ways. Without any construction, the plain and ordinary meaning applies for the Sustained Release Patents. And Avadel does not argue that Avadel's

---

[2]  Avadel asserts that it should be granted leave to amend its RFA response. Opp. 9. But "[u]nder the plain terms of Rule 36(b), absent a formal motion for withdrawal or amendment, [Avadel's] admission stands." *Gregory v. Home Retention Servs., Inc.*, No. 14-5366, 2015 WL 3490092, at *4 (D.N.J. June 2, 2015). Moreover, Avadel could not satisfy its burden and Jazz would be unduly prejudiced should Avadel be permitted to nullify its admission made more than a year ago on the eve of trial. *See, e.g.*, *Revlon Consumer Prod. Corp. v. L'Oreal S.A., Cosmair, Inc., Maybelline, Inc., Maybelline Sales, Inc.*, 170 F.R.D. 391, 403–04 (D. Del. 1997) (denying amended RFA response where "discovery is now closed, and Revlon would be prejudiced").

'062 Patent ascribes any special meaning to "core," so the plain and ordinary meaning would necessarily apply there as well. Avadel's last-ditch effort to avoid summary judgment fails.

## III.  CONCLUSION

For the foregoing reasons and those set forth in Jazz's Opening Brief (C.A. No. 21-691, D.I. 394), the Court should grant Jazz's motion for partial summary judgment of infringement for the Sustained Release Patents.

| | |
|---|---|
| Dated: December 22, 2023 | Respectfully submitted, |
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | /s/ *Jeremy A. Tigan* |
| F. Dominic Cerrito | Jack B. Blumenfeld (#1014) |
| Eric C. Stops | Jeremy A. Tigan (#5239) |
| Evangeline Shih | 1201 North Market Street |
| Andrew S. Chalson | P.O. Box 1347 |
| Gabriel P. Brier | Wilmington, DE 19899 |
| Frank C. Calvosa | (302) 658-9200 |
| QUINN EMANUEL URQUHART | jblumenfeld@morrisnichols.com |
|   & SULLIVAN, LLP | jtigan@morrisnichols.com |
| 51 Madison Avenue, 22nd Floor | |
| New York, NY 10010 | *Attorneys for Plaintiffs* |
| (212) 849-7000 | *Jazz Pharmaceuticals, Inc. and* |
| | *Jazz Pharmaceuticals Ireland Limited* |