IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW <br><br> **PUBLIC VERSION** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S CONCISE COUNTER-STATEMENT
OF FACTS IN SUPPORT OF ITS OPPOSITION
TO JAZZ'S MOTION FOR SUMMARY JUDGMENT NO. 2**

Plaintiffs respond to Defendant's Concise Counter-Statement of Facts in Support of its Opposition to Plaintiffs' Motion for Summary Judgment No. 2, as follows.

**Plaintiffs' Response to CoF ¶ B-1:**  Undisputed that Dr. Charman has opined that the asserted claims of the '079 patent are not supported by sufficient written description.. Disputed in that Dr. Charman ignores the full scope of the disclosures in the '079 Patent.  *See* A2504-567.  Further disputed in that Dr. Charman's opinions on written description are not relevant to whether the asserted claims of the '079/'782 Patents are obvious.

**Plaintiffs' Response to CoF ¶ B-2:**  Undisputed as to the quoted portions of Dr. Little's Rebuttal Expert Report regarding the '079/'782 Patents.  Disputed in that Avadel quotes Dr. Little out of context and ignores other relevant testimony regarding disclosures of the '079/'782 Patents.  *See* A2504-567.  Further disputed in that Dr. Little's opinions on written description are not relevant to whether the asserted claims of the '079/'782 Patents are obvious.

**Plaintiffs' Response to CoF ¶ B-3:**  Disputed in that Avadel mischaracterizes the examples of the '079/'782 Patents.  In addition, Avadel mischaracterizes Dr. Little's testimony to the extent Avadel implies that a POSA would understand there was written description support for the claimed inventions absent the disclosures of the '079/'782 Patents.  Dr. Little repeatedly testified that "reading the whole specification and the situation with this particular drug, that that would be understood by a person of ordinary skill in the art."  A2464, 244:1-9; *see also id.* at 244:19-23 (Dr. Little responding to Avadel's question regarding only 4 lines of the specification and testifying, "It doesn't explicitly say that [in those 4 lines], but in context overall, it's my opinion that a person of ordinary skill in the art would understand that.").  Avadel also ignores the full scope of the disclosures in the '079/'782 Patents.  *See* A2504-567.  And further disputed in that

Dr. Little's opinions on written description are not relevant to whether the asserted claims of the '079/'782 Patents are obvious.

**Plaintiffs' Response to CoF ⁋ B-4:** Undisputed that the '079 Patent issued from the '041 application which claims priority to U.S. Patent Application No. 15/047,586, filed on February 18, 2016.  A0614.

**Plaintiffs' Response to CoF ⁋ B-5:** Undisputed that the '782 Patent issued from the '064 application which claims priority to U.S. Patent Application No. 15/047,586, filed on February 18, 2016.  A0633.

**Plaintiffs' Response to CoF ⁋ B-6:** Undisputed.

**Plaintiffs' Response to CoF ⁋ B-7:** Undisputed regarding the contents of claim 1 from Jazz's '041 application filed on December 10, 2020, claim 1 from Jazz's '064 application filed on March 23, 2021, claim 1 of Avadel's '990 patent publication, claim 1 of Avadel's '866 patent, and Dr. Davies' report.  Further undisputed that the claims are similar.  Disputed in that the December 10, 2020 claims of Jazz's '041 application and the March 23, 2021 claims from Jazz's '064 application are different than the claims that issued in the '079 and '782 Patents.  *See* A0630-631; A0651.  Further disputed to the extent that Avadel implies that there is anything improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market, or that it is in any manner improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application.

**Plaintiffs' Response to CoF ⁋ B-8:** Undisputed in that Dr. Klibanov relied on Jazz's contentions regarding written description to form his obviousness opinions.  Disputed in that the

statement that Dr. Klibanov's obviousness analysis was "proper" is attorney argument rather than a fact.

**Plaintiffs' Response to CoF ¶ B-9:** Undisputed as to the content of the quoted portion of Dr. Klibanov's report. Disputed to the extent that Avadel implies that Dr. Klibanov's obviousness analysis was proper, as that is attorney argument rather than a fact.

- 4 -

Dated: December 22, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*