IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-691 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1138 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1594 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] PRELIMINARY JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

I.      INTRODUCTION AND ROLE OF THE JURY ................................................. 1

II.     NOTE-TAKING ................................................................................................. 2

III.    OVERVIEW OF THE CASE ............................................................................. 4

IV.     UNITED STATES PATENTS ............................................................................ 5

V.      EVIDENCE ........................................................................................................ 6

VI.     BURDENS OF PROOF ..................................................................................... 8

VII.    CREDIBILITY OF WITNESSES: WEIGHING CONFLICTING TESTIMONY .......... 10

VIII.   EXPERT TESTIMONY .................................................................................... 11

IX.     DEPOSITION TESTIMONY ........................................................................... 12

X.      ADMITTED FACTS ......................................................................................... 13

XI.     DEMONSTRATIVES ...................................................................................... 14

XII.    CONDUCT OF THE JURY ............................................................................. 15

XIII.   BENCH CONFERENCES AND RECESSES ................................................. 17

XIV.    COURSE OF THE TRIAL ............................................................................... 18

XV.     TRIAL SCHEDULE ......................................................................................... 19

## I.       INTRODUCTION AND ROLE OF THE JURY[1]

Members of the jury: Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear.  Also, because this case involves patents, I will give you some preliminary instructions regarding patents.  I will give you more detailed instructions on the law at the end of the trial.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.  You and only you will be the judges of the facts.  I play no part in judging the facts.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.  You must follow that law whether you agree with it or not.  Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

---

[1] Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

## II.     NOTE-TAKING[2]

You have been given a notebook that contains the following:

- A copy of both of the patents-in-suit;

- A listing of the Court's claim constructions;

- A copy of the sample patent discussed in the video we watched earlier.

You have also been given a notepad and a pen.  If you wish, you may, but are not required to, take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  But do not let note-taking distract you to the point that you miss hearing other testimony from the witness.

A word of caution is in order.  There is generally a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  And your notes are not to be given or read to anyone else.

---

[2]     Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

During the trial, documents or other physical items may be received into evidence.  You will not be supplied with a list of exhibits that are received in evidence.  Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating.  You will be given a hardcopy of every admitted exhibit to take to the jury room to use during deliberations.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there.  No one will read your notes but you.  Your notes will be destroyed after the trial is over.

At the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript of the testimony to review.  So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

III.     **OVERVIEW OF THE CASE**

During the jury-selection process, I advised you that this is a civil action arising under the patent laws of the United States.  The plaintiffs in this case are Jazz Pharmaceuticals Incorporated and Jazz Pharmaceuticals Ireland Limited, which are collectively referred to as "Jazz" for short. The defendant is Avadel CNS Pharmaceuticals, or "Avadel" for short.

Jazz is the owner of two patents that are at issue in this case: U.S. Patent Nos. 10,758,488 and 11,147,782.  You will hear the patents referred to as the '488 patent and the '782 patent.  I will refer to the patents together as the "asserted patents" or the "patents-in-suit."

Avadel sells a drug called "Lumryz."  Jazz contends that Avadel's Lumryz product infringes the asserted patents.  Lumryz may be referred to as the "accused product."

Avadel disputes that it infringes the '488 patent.  Avadel does not dispute infringement of the '782 patent.  Avadel also contends that each asserted claim of both patents-in-suit is invalid.

You must decide whether or not the '488 patent has been infringed and whether or not the asserted patents are invalid.  If you decide that any of the asserted claims has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Jazz to compensate it for Avadel's past infringement of the asserted patents.

## IV.     UNITED STATES PATENTS[3]

As I just mentioned, this case is about patents.  To help you understand what patents are, why they are needed, the role of the Patent Office, and why disputes over patents arise you will now be shown a video.  This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system.  During the video, reference will be made to a sample patent.  A copy of the sample patent is contained in your juror notebooks for you to follow along.  The video will run for approximately 17 minutes.  At the conclusion of the video, I will provide you with additional instructions.

[*The video will be played.*]

---

[3]   Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

## V.      EVIDENCE[4]

Your role in this case is to listen to the evidence and use that evidence to make your factual

determinations.  The evidence consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated—that is, formally agreed to by the parties; and

4.      Facts that the Court takes judicial notice of and that I instruct you to take as true.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by the lawyers;

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.

Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence

your decision in any way.

There are rules that control what can be received into evidence.  When a lawyer asks a

question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not

permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is

requesting that I make a decision on a particular rule of evidence.  You should not be influenced

by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an

---

[4]  Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

There are two types of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist.  For example, the fact that it snowed overnight could be proven directly ("I saw it snow last night") or circumstantially ("When I went to sleep the grass was green, when I woke up there was a foot of snow on the ground").  Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that is presented to you.

## VI.    BURDENS OF PROOF

[**Jazz's Proposal:**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."  In a case involving patents, two different burdens of proof are used.  The first is the easier standard to meet and is called "preponderance of the evidence."  The second is harder to meet and is called "clear and convincing evidence."[5]

Jazz asserts that Avadel infringes the asserted claims of the patents-in-suit.  Jazz bears the burden of proving infringement by a preponderance of the evidence.  That means, in order for Jazz to prevail, it must prove to you, in light of all the evidence, that infringement is more likely true than not.  To put it differently, if you were to put all the evidence in support of Jazz's claims on one side of a scale, and Avadel's evidence countering Jazz's claims on the opposite side of the same scale, the evidence supporting Jazz's claims would have to make the scales tip slightly on its side.[6]

Avadel contends that the asserted claims of the patents-in-suit are invalid under different legal theories that I will explain to you at the end of the case.  Clear and convincing evidence is evidence that leads to an abiding conviction that the truth of the factual contentions are highly probable and instantly tilts the scales in the favor of invalidity when weighed against the opposing evidence.[7]  It is a much higher burden of proof than preponderance of the evidence.[8]  Because each

---

[5]    Source: *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

[6]    Source: *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

[7]    Source:  *Procter & Gamble Co. v. Teva Pharma. USA, Inc.,* 566 F.3d 989, 994 (Fed. Cir. 2009) (quoting *Colorado v. New Mexico,* 467 U.S. 310, 316 (1984)).

[8]    Source: *Id.*

claim of each patent that Jazz is asserting is presumed valid independently of the validity of each other claim, this puts the burden on Avadel of proving invalidity by clear and convincing evidence on a claim-by-claim basis that each of the asserted claims is invalid.[9]]

[**Avadel's proposal:**[10]

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence." Your verdict depends on whether you find certain facts have been proved either by a preponderance of the evidence or by clear and convincing evidence.

Jazz - which is the party alleging patent infringement - has the burden of proving its case by a preponderance of the evidence. That means that Jazz has to prove to you, in light of all the evidence, that what they claim is more likely true than not true.

Avadel is challenging the validity of the patents-in-suit and has the burden of proving by clear and convincing evidence that the patents-in-suit are invalid. Clear and convincing evidence means that it is highly probable that the fact is true. Proof by clear and convincing evidence is a higher burden of proof than a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. You should therefore not consider that burden of proof in this case.]

---

[9]  Source: *Agere Sys., Inc. v. Atmel Corp.*, No. 02-CV-864, 2005 WL 2994702, at *3 (E.D. Pa. Aug. 17, 2005).

[10]  Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

## VII.   CREDIBILITY OF WITNESSES: WEIGHING CONFLICTING TESTIMONY[11]

You are the sole judges of each witness's credibility.  That is, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  This instruction applies to the testimony of all witnesses, including expert witnesses.

---

[11]   Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

## VIII.   EXPERT TESTIMONY[12]

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.  In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

You are free to accept or reject the testimony of experts, just as with any other witness.

---

[12]   Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

## IX.     DEPOSITION TESTIMONY[13]

I will now talk about the form of some of the evidence you will hear during trial.  You may hear witnesses testify through deposition testimony.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  The deposition may also be recorded on videotape.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.  If played by video, the deposition testimony may be edited or cut to exclude irrelevant testimony. You should not attribute any significance to the fact that the deposition videos may appear to have been edited. Deposition testimony is entitled to the same consideration you would give it had the witnesses personally appeared in court.

You may hear from certain corporate witnesses referred to as "Rule 30(b)(6)" witnesses for the parties. A Rule 30(b)(6) corporate witness is a person that a corporation has chosen to designate to speak on behalf of the corporation. This type of witness must be knowledgeable to speak on the specific identified topics and is required to give complete and knowledgeable answers on the corporation's behalf. [14]

---

[13]    Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

[14]    Source: *Boston Scientific Scimd, Inc. v. Edwards Lifesciences Corp.*, 16-cv-275-JFB (Preliminary Instructions) (D.I. 541).

**X.      ADMITTED FACTS[15]**

The parties have stipulated that certain facts are true, and those admitted facts may be read to you during trial.  You must treat these admitted facts as having been proven for purposes of this case.

---

[15]   Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions) and *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions).

XI.     **DEMONSTRATIVES**[16]

Certain charts, summaries, and PowerPoints may be shown to you in order to help explain the facts disclosed by the underlying evidence in the case.  Those charts or summaries or PowerPoints are called demonstratives and are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these demonstratives and determine the facts from the documents, testimony, or other underlying evidence.  Demonstratives are not admitted into evidence and should not be considered as evidence.

---

[16]    Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

## XII.   CONDUCT OF THE JURY[17]

Now a few words about your conduct as jurors.

First, until you have heard all of the evidence and retired to the jury room to deliberate after closing arguments, you are not to discuss the case with anyone, not even among yourselves during the trial.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is not because they are being rude, but because they are not supposed to talk with you, nor you with them.  If anyone should try to talk to you about the case, please bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence.  By that, I mean, if there is a newspaper or internet article or television or radio report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own.  Let me elaborate.  During the course of the trial, you must not conduct any independent research about the case, the matters in the case, the technology involved in the case, or the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet.  Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report.  It is important that you decide this case based solely on the evidence presented in the courtroom.  Please do not try to find out information from any other sources.

---

[17]   Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

I know that many of you use cell phones, iPhones and other smartphones, iPads and other tablets, the internet, and other forms of technology.  You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone or smartphone, through e-mail, your tablet, text messaging, on X, through any blog or website, through any internet chat room, or by way of any other social networking web sites, including but not limited to Facebook, X, Instagram, TikTok, WeChat, WhatsApp, Snapchat, LinkedIn, and YouTube.  Please do not use any such technology or social media to communicate about this case, even if I have not specifically mentioned it here.

Finally, you should not form any conclusion as to the claims and defenses until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.  You will receive detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## XIII.   BENCH CONFERENCES AND RECESSES[18]

During the trial it may be necessary for me to talk with the lawyers outside your hearing, either by having a bench conference while you are present in the courtroom, sometimes called a sidebar, or by me calling a recess.  That may mean that some of the lawyers and I gather at sidebar so that we can talk.

If we have a bench conference, please understand that while you are waiting, the lawyers and I are working.  This is a timed trial.  That means I have allocated each party a maximum number of hours in which to present all portions of its case.  During the bench conferences, the parties are being charged for the time, i.e., the time spent comes out of their total trial time.  We are not trying to keep important information from you.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If you would like to stand or stretch or walk around the jury box while we are conferring, you should feel free to do so.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[18]   Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions) and *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions).

## XIV.   COURSE OF THE TRIAL[19]

The trial will begin shortly.

First, each side may make an opening statement.  An opening statement is not evidence but is simply an outline of what that party intends to prove to help you follow the evidence that will be presented.

After the opening statements, the parties will present their evidence.  Presentation of evidence will follow the burden of proof.  Jazz will go first and present its case-in-chief on infringement and damages.  Avadel will then present its response on infringement and damages together with its case-in-chief on invalidity.  Jazz will then present its response on invalidity.

After all the evidence is presented, the attorneys will offer closing arguments.  The closing arguments are not evidence.  Their purpose is to summarize and interpret the evidence for you.

After that, I will give you instructions on the law and describe for you the matters you must resolve.

After that, you will retire to the jury room to deliberate on your verdict.

---

[19]   Sources: *CAO Lighting, Inc. v. Gen. Elec. Co. et al.*, C.A. No. 20-681-GBW, D.I. 393 (Preliminary Jury Instructions), *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GBW, D.I. 602 (Preliminary Jury Instructions), and *Bd. of Regents, The University of Texas Sys. v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Preliminary Jury Instructions (Phase I)).

## XV.    TRIAL SCHEDULE

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As I mentioned previously, once trial begins, this case is expected to take up to five days to try, between now and Friday, March 1st.  We will normally begin the day at 9:30 A.M.  We will go until around 1:00 P.M., when there will be about a 45-minute break for lunch, before continuing until no later than 5:30 P.M.  There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule.  It is possible there will be some interruptions if I have to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  At that point, you will be permitted to deliberate as late as you wish.

As I mentioned, this is a timed trial.  That means I have allocated each party a maximum number of hours in which to present all portions of its case.  This allows me to assure you that the case is expected to be completed by Friday, March 1st.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.