## M<small>ORRIS</small>, N<small>ICHOLS</small>, A<small>RSHT</small> & T<small>UNNELL</small> <small>LLP</small>

1201 N<small>ORTH</small> M<small>ARKET</small> S<small>TREET</small>
P.O. B<small>OX</small> 1347
W<small>ILMINGTON</small>, D<small>ELAWARE</small>  19899-1347

302 658 9200
302 658 3989 F<small>AX</small>

J<small>EREMY</small> A. T<small>IGAN</small>
(302) 351-9106
jtigan@morrisnichols.com

February 16, 2024

The Honorable Gregory B. Williams    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 26, Room 6124
Wilmington, DE  19801-3555

      Re:    *Jazz Pharms., Inc., et al. v. Avadel CNS Pharms., LLC*,
             C. A. Nos. 21-691, 21-1138, 21-1594 (GBW)

Dear Judge Williams,

      Plaintiff Jazz Pharmaceuticals Inc. ("Jazz") writes pursuant to the Court's directive during the Final Pretrial Conference to address the dispute raised in ¶ 109 of the Proposed Joint Pretrial Order regarding "Designation of Rule 30(b)(6) Deposition Testimony" for witnesses appearing live at trial.

      Contrary to what Avadel argued at the Final Pretrial Conference, Federal Rule of Civil Procedure 32(a)(3) does not dictate that Rule 30(b)(6) depositions of the opposing party "may be used *at any time* or *in any manner* as [the other] party sees fit." *Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. 2015) (emphasis in original).  Instead, "courts have precluded the playing of deposition testimony and required live testimony – even of officers, directors, and managing agents – when the adverse witness is available to testify live." *Micron Tech., Inc. v. Rambus Inc.*, No. 00-792, 2007 WL 9771144, at *2 (D. Del. Aug. 29, 2007).  That is because "[t]he provisions of Rule 32 must be balanced against Rule 611(a) of the Federal Rules of Evidence." *Id.*  Federal Rule of Evidence 611(a) states that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth, (2) avoid wasting time, and (3) protect witnesses from harassment or embarrassment."  As explained below, courts—including this District—routinely rely on this evidentiary rule to restrict the use of Rule 30(b)(6) deposition videos to impeachment purposes only when the witness is testifying live at trial.

      Jazz respectfully requests that this Court do the same.  The parties should not be permitted to use Rule 30(b)(6) deposition testimony for witnesses appearing live, except for impeachment

The Honorable Gregory B. Williams
February 16, 2024
Page 2

purposes.  The practical import of Jazz's proposal is best illustrated by Clark Allphin, the co-inventor of both patents-in-suit and Jazz's Rule 30(b)(6) designee on his work for those inventions.  Mr. Allphin is coming to trial and Jazz will call him to testify Day 1.  Avadel has already told Jazz that it will cross-examine Mr. Allphin at that time.  But Avadel has also informed Jazz that, during Avadel's rebuttal case (which will be days after Mr. Allphin first takes the stand), Avadel intends to play about 4 hours and 17 minutes of Mr. Allphin's testimony taken during two depositions in this case from October 2022 and January 2023.  *See* D.I. 535-1, Proposed Joint Pretrial Order, Exhibit 14 at p. 1-5.  In order to put Avadel's designations into proper context, Jazz has counter-designated about 30 minutes of testimony (*id.*), and may recall Mr. Allphin live at trial during Avadel's rebuttal case.  Jazz expects that this testimony will be cumulative of Mr. Allphin's Day 1 testimony.  And no matter whether Avadel plays Mr. Allphin's video during its rebuttal case, or during Jazz's case-in-chief, doing so would introduce juror confusion, waste time, be cumulative, and be prejudicial to Jazz, especially given the trial's time limits.[1]

Avadel should not be permitted to go forward on a path that courts routinely do not permit.  *Gonzalez* is directly on-point.  There, the court denied a defense request under Rule 32(a)(3) to play deposition excerpts of plaintiff's Rule 30(b)(6) designees who were scheduled to testify live at trial.  *See* 310 F.R.D. at 342.  In so doing, the court rejected the exact argument that Avadel is making here—i.e., that Rule 32(a)(3) allows them to introduce the Rule 30(b)(6) deposition in this manner.  *Id*. at 344.  Instead, the court permitted the use of the deposition for purposes of impeachment only.  *Id*. at 342.  Courts in this District and within the Third Circuit have followed this same approach.  *See, e.g.*, *Micron*, 2007 WL 9771144, at *2; *ATD-Am. Co. v. Krueger Int'l, Inc.*, No. 12-32, 2014 WL 3952848, at *20 (E.D. Pa. Aug. 12, 2014) (holding that it was a "waste of the jury's time" to play deposition testimony of a Rule 30(b)(6) witness that testified at trial and further declining "to let the deposition be played unless the witness gave an inconsistent answer on the stand"); *Hilburn v. New Jersey Dep't of Corr.*, No. 07-6064, 2012 WL 3133890, at *22 (D.N.J. July 31, 2012) (limiting use of Rule 30(b)(6) deposition because "the use of the deposition is still subject to generally applicable rules of evidence"); *see also Fenstermacher v. Philadelphia Nat. Bank*, 493 F.2d 333, 337-338 (3d Cir. 1974) (finding no error where the district court refused to introduce the depositions of defendant's officers into evidence on the grounds that the deposed parties were present and had testified).

And courts have consistently explained the problem with Avadel's suggested approach:

> Using [the Rule 30(b)(6) witnesses'] deposition when they are present in the courtroom may be confusing for the jury.  The Court is concerned the jury will speculate as to why witnesses who are sitting in the courtroom are not testifying or wonder if they should give some special emphasis to the recorded testimony as opposed to the later, live testimony. Moreover, the procedural aspects are equally confusing and awkward as these witnesses would be called live for

---

[1] Although Jazz gives the example of Mr. Allphin, there are at least five other Rule 30(b)(6) witnesses on the parties' "will call" lists.

> their cross-examination and redirect even though the direct [video] testimony took place months ago. Confusion, prejudice, and inefficiencies would abound. Although Rule 32 would permit Plaintiffs' request, the Court is not required to honor that request.

*Short v. Marvin Keller Trucking, Inc.*, No. 19-471, 2021 WL 5410888, at *1 (E.D. Ky. Nov. 18, 2021); *see also Feinwachs v. Minnesota Hosp. Ass'n*, No. 11-8, 2019 WL 4298085, at *11 (D. Minn. Sept. 11, 2019) (not allowing Rule 30(b)(6) "testimony via videotape deposition" because it "very likely would be disjointed and confusing for a jury, particularly when contrasted with his presentation of live testimony," and "also increases the risk of undue delay, wasted time, and cumulative evidence"); *Gardner v. Liberty Ins. Corp.*, No. 20-147, 2023 WL 7002781, at *4 (S.D. Ohio Oct. 23, 2023) (allowing Rule 30(b)(6) deposition video for impeachment only because "[u]sing video deposition in lieu of her testimony runs the risk of confusing the jury and disrupting trial efficiency. Any cross-examination or redirect examination would be taken of Ms. Ziegler herself, and the jury could become confused as to why the witness is testifying by video rather than live"); *Stansbury v. Hopkins Hardwoods, Inc.*, No. 15-16, 2018 WL 2977439, at *5 (W.D. Ky. Mar. 2, 2018) ("Stansbury may use Christ's [Rule 30(b)(6)] deposition for the purpose of impeachment, but . . . they may not read his deposition into the record as a substitute for live testimony if Christ is present and available to testify at trial.").

"Here, [the 30(b)(6) witnesses are] available, and will be testifying at trial. Defendants will have the opportunity to ask [them] the precise questions that they asked [at] deposition and, if the answers differ, may use the deposition for impeachment purposes." *AWGI, L.L.C. v. Atlas Trucking Co.*, No. 17-12131, 2019 WL 7288766, at *4 (E.D. Mich. Dec. 30, 2019). "Because live testimony would allow the [jury] to assess [the witnesses] credibility in responding to Defendants' questions, it is the preferred manner of eliciting [their] testimony." *Id.* "Also, the probative value of the deposition transcript itself is substantially outweighed by the risk of undue delay, wasted time, and cumulative evidence. Thus, generally, it would not be appropriate for Defendants to read or admit the deposition transcript in lieu of live testimony." *Id.*

For these reasons, Jazz respectfully submits that the Court should adopt its proposal for handling Rule 30(b)(6) deposition testimony of witnesses who are appearing live at trial.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record (via CM/ECF and e-mail)