

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

May 22, 2024

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Gregory B. Williams
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re:   *Jazz Pharms., Inc., et al. v. Avadel CNS Pharms., LLC*, C.A. No. 21-691 (GBW)
      *Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC*, C.A. No. 22-941 (GBW)
      *Avadel CNS Pharms., LLC, et al. v. Jazz Pharms., Inc.*, C.A. No. 22-487 (GBW)

Dear Judge Williams,

      We write on behalf of Avadel in response to Jazz's May 20, 2024 letter requesting that the Court hear oral argument on pending motions in the trade secret (22-487) and antitrust (22-941) cases, in addition to Jazz's pending request for a permanent injunction in the patent case (21-691) during the June 4, 2024 hearing. Avadel respectfully requests that the Court decline Jazz's request, or alternatively, advise the parties by May 28, 2024 if the Court intends to hear arguments on the additional motions, over Avadel's objection.

      The June 4th hearing was set by the Court on March 19, 2024 to hear argument on Jazz's motion for a permanent injunction barring Avadel from continuing to sell Lumryz (*see, e.g.*, D.I. 585 ¶ 2 in C.A. 21-691). As set forth in Avadel's opposition to Jazz's motion, Jazz's requested permanent injunction would have substantial adverse consequences on the public and specifically to Avadel. Avadel respectfully submits that the full time allocated for the hearing should be focused on Jazz's motion for a permanent injunction and related relief, and that Avadel's presentation should not be curtailed to address two unrelated motions filed by Jazz in two other cases.

      Moreover, the two motions Jazz seeks to argue in two other cases would be argued by different attorneys for Avadel, who would not otherwise be present for the June 4th hearing, because the June 4th hearing relates only the patent case, not the trade secret or antitrust cases. While Avadel's strong preference remains that the June 4th hearing be limited to argument on Jazz's motion for a permanent injunction in the patent case, to the extent the Court intends to hear argument on Jazz's motions in the trade secret and antitrust cases, Avadel respectfully requests that the Court advise the parties by May 28, 2024, to ensure that counsel in those cases can be present at the June 4th hearing and prepared to argue those motions.

ME1 48562430v.1

Respectfully submitted,

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)

cc:     All counsel of record (via CM/ECF and E-Mail)

ME1 48562430v.1