# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jeremy A. Tigan**
(302) 351-9106
jtigan@morrisnichols.com

June 13, 2024

The Honorable Gregory B. Williams  *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street   REDACTED - PUBLIC VERSION
Wilmington, DE 19801-3555

      Re:    *Jazz Pharms., Inc., et al. v. Avadel CNS Pharms., LLC*,
              C. A. Nos. 21-691, 21-1138, 21-1594 (GBW)

Dear Judge Williams,

      We write on behalf of Jazz in response to Avadel's June 12, 2024 letter that Avadel filed without seeking leave of Court. *See* D.I. 647. There is no doubt that Avadel's letter should be stricken. The Court directed the parties to *not* submit additional briefing on the injunction issue at the June 4 hearing. *See* Tr. 126-27. Avadel shows a complete disregard for this Court's directive.[1] Should Avadel's letter be considered, however, Jazz respectfully submits this short response. In particular, there is no basis for Avadel to ask the Court to defer a ruling on enjoining Avadel's infringement with respect to idiopathic hypersomnia ("IH") given that Jazz's Xywav is the only product that is FDA-approved to treat IH, Xywav has been clinically shown to be safe and effective for once-nightly treatment of IH, and Avadel is currently making infringing sales for that indication.

      The public interest factor requires balancing the patentee's property right and any alleged public harm. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011). Avadel advocates for the weight of Jazz's property right to be reduced to zero. There is no legal basis to reach that conclusion. Instead, the Court should grant the full scope of Jazz's requested injunction. Despite its voluminous briefing, Avadel has *not cited a single case* where an injunction was denied on the facts present here. Avadel is an adjudicated infringer that chose to launch its product before a decision on the merits; chose to become a one-product

---

[1] Avadel claims that the purpose of its letter is "to address issues raised by Jazz" at the June 4 hearing regarding whether Avadel should "be enjoined from conducting a clinical trial for idiopathic hypersomnia ('IH')." *Id.* Jazz has never disputed that Avadel could conduct those studies. In fact, Jazz's requested injunction explicitly carves out clinical studies (D.I. 587 at 17), and, therefore, the entire premise for Avadel's improper letter is pretext.

The Honorable Gregory B. Williams
June 13, 2024
Page 2

company; and chose (and continues to choose) to not use a non-infringing alternative to claim 24. Moreover, there is no evidence that Lumryz is more safe or effective than Jazz's oxybate products, and Jazz does not seek to take Lumryz away from patients who receive prescriptions as of the injunction's effective date in any event. The entire weight of the case law supports Jazz's requested injunction. *See, e.g.*, *Amgen, Inc. v. F. Hoffman La-Roche Ltd.*, 581 F.Supp.2d 160, 210-228 (D. Mass. 2008) (permanent injunction granted even where infringing product had more convenient dosing); *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1379 (Fed. Cir. 2020) (affirming injunction for 3 of 5 products where non-infringing alternative existed); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) (vacating injunction denial that was based on conclusion that it would put infringer out of business).

And at the very least, Avadel should be enjoined from selling its infringing dosage form for IH. Avadel's suggestion that the Court should wait *years* before resolving this injunction invites reversible error. "[I]njunctions are tools for prospective relief designed to alleviate future harm," that issue based on both past and prospective acts of the infringer. *i4i*, 598 F.3d at 862 (Fed. Cir. 2010). Here, Avadel has not contested that it is currently infringing claim 24 by selling Lumryz off-label to treat IH. 6/4/24 Tr. at 64:5-6. Avadel admits that its infringing sales to IH patients would grow with insurance coverage. *Id.* at 64:12-14. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And Avadel's letter makes clear that Avadel would continue infringing claim 24 by seeking FDA approval to add an IH indication to its labeling for Lumryz and promoting its product for that use. As recently as yesterday, Avadel told investors that "another underappreciated opportunity is IH, Idiopathic Hypersomnia, as Greg noted, we are all systems go to enroll first patient in the second half of this year, proceed with that trial get the readout. And then proceed with an approval process with the FDA." Ex. A at 7.

Avadel also cannot credibly argue that the balance of the hardships tips in its favor for IH given that Avadel has told investors that it stands to make billions of dollars from Lumryz in the narcolepsy market alone. *See* D.I. 587 at 4 (citing Tr. 525:13-527:22; PTX1899.7). And, there can be no public interest argument in Avadel's favor given that Xywav is currently approved as a safe and effective once-nightly treatment for IH. *See* D.I. 587, Ex. 16 at JPION00472955. That disposes of Avadel's reliance on *BASF Plant Science, LP v. Commonwealth Scientific and Industrial Research Organisation*, 28 F.4th 1247 (Fed. Cir. 2022). Unlike here, where Jazz already has a once-nightly oxybate product for IH, the patentee in *BASF* "had not yet entered the commercial market and had not established that entry was coming soon." *Id.* at 1276.[2]

---

[2] Avadel's other cited cases are irrelevant given that they concerned either a situation where a company sought to prevent the county government from bringing potential future enforcement actions regarding the company's manufacture of lead-based paint, or where it was unclear whether a forestry service's future actions with respect to its logging plan would result in too many trees being cut. *See Sherwin-Williams Co. v. County of Delaware, Pennsylvania*, 968 F.3d 264, 272 (3d Cir. 2020); *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 1672 (1998).

The Honorable Gregory B. Williams
June 13, 2024
Page 3

Avadel's letter also mischaracterizes the record. For example, Avadel states that "77% of Xywav patients [] must currently follow a twice-nightly dosing regimen" for IH. D.I. 647. That 77% number is taken from the percentage of patients that took Xywav twice-nightly for IH in Jazz's Phase III clinical trial *before there was any clinical finding that Xywav is safe and effective to use once-nightly to treat IH*. *See* D.I. 587, Ex. 16 at JPION00472975. As Jazz has shown, that clinical trial established that Xywav is safe and effective to treat IH once-nightly. D.I. 587 at 15-16 (citing Ex. 16 at JPION00472955); D.I. 610 at 3 (citing Ex. 26 at 63, supp. Appendix p. 2). Avadel cannot point to any evidence to the contrary and Avadel has provided absolutely no data to show that there are any patients who "must" take Xywav twice nightly for IH, much less 77% of patients. Accordingly, Avadel's citation to the 77% of patients taking Xywav twice-nightly in the clinical study that occurred before the efficacy of Xywav once-nightly was established is misleading and should be ignored.

Given the above, Avadel's request that the Court wait to enjoin Avadel from seeking approval to market Lumryz to treat IH until after Avadel has conducted clinical studies is baseless. What Avadel is advocating could be said about every case and would turn the law regarding injunctions on its head. Avadel's approach would effectively mean the record is never closed and the court can never make a decision, which is not an efficient or orderly process. As the Court recognized during the June 4 hearing, Avadel's proposal to allow a company to avoid an injunction by saying it would come up with some differentiating factor at an indefinite point later in time would open the door to unfettered infringement. *See* 6/4/24 Tr. at 78:15-25. Avadel has no case law that supports opening that door.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
Enclosure
cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record (via e-mail)