## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br> ▮▮▮▮▮▮▮▮▮▮▮▮ |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW <br> ▮▮▮▮▮▮▮▮▮▮▮▮ |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW <br> ▮▮▮▮▮▮▮▮▮▮▮▮ |

**DECLARATION OF JENNIFER GUDEMAN**

I, Jennifer Gudeman, declare:

1. I submit this Declaration in support of Avadel's Motion for a Stay Pending Appeal. I have personal knowledge of the facts stated herein. If called as a witness in this matter, I could and would competently testify to each of the facts set forth below.

2. I am the Senior Vice President, Medical and Clinical Affairs at Avadel Pharmaceuticals. I joined Avadel in December 2020 in that position.

3. I have over twenty years of experience in the pharmaceutical industry. I am a pharmacist by training and received a bachelor's degree in pharmacy and a doctorate in pharmacy from St. Louis College of Pharmacy in 1999 and 2000, respectively.

## I. IDIOPATHIC HYPERSOMNIA

4. Avadel is currently conducting its phase 3 REVITALYZ trial of Lumryz for the treatment of idiopathic hypersomnia. The purpose of the REVITALYZ trial is to support Avadel's eventual application for the use of Lumryz to treat idiopathic hypersomnia. It is a double-blind, placebo-controlled, randomized withdrawal, multicenter study of the efficacy and safety of Lumryz with an open-label extension period in patients diagnosed with idiopathic hypersomnia. Details are at https://clinicaltrials.gov/study/NCT06525077?term=NCT06525077&rank=1). Avadel cannot apply for FDA approval for the use of Lumryz to treat idiopathic hypersomnia until the trial is completed, that is, a successful trial is a predicate for that application.

5. Avadel has begun enrolling patients for the REVITALYZ trial, with some already undergoing treatment. Avadel expects the complete trial will enroll approximately 150 subjects to ensure a minimum of 104 subjects complete the study. That final patient number was determined in order to ensure that the REVITALYZ trial has sufficient statistical power to demonstrate efficacy, which would support FDA approval of Lumryz for the treatment of

1

idiopathic hypersomnia. Patients are enrolled on a rolling basis as the study investigators propose the trial to individual patients who must then consent to be enrolled.

6. If Avadel is enjoined from enrolling additional patients in the REVITALYZ trial, it would result in significant, irreparable harm to the patients, study investigators, and Avadel. Halting enrollment before a sufficient number of patients have joined the study may mean that Avadel would not be able to continue with the study, which would result in patients currently receiving Lumryz for IH losing access to their medication, as well as other clinical care that they are receiving as part of the study. Additionally, early termination of the study could potentially alter the risk-benefit relationship under which the patients consented to participate and the investigators agreed to conduct the study by limiting the benefit of the study and depriving the scientific community of important information. Such knowable changes in the risk-benefit relationship should generally be avoided where possible. Study participants who have agreed to be a part of a clinical trial so as to help with the development of a new treatment option could see their contributions go to waste.

7. With respect to investigators, investigators participating in the REVITALYZ trial have invested significant time and resources in enrolling patients, training for the study, and recording the necessary data, all of which has the potential to be wasted if Avadel cannot continue with the trial due to low enrollment.

8. Finally, halting enrollment would irreparably harm Avadel in a number of ways. First, a freeze on enrolling patients would delay the completion of the REVITALYZ trial, which would ultimately delay any potential application with FDA for approval of an idiopathic hypersomnia indication for Lumryz. There are strict procedures that must be followed so that data generated from a clinical trial can be used to support potential FDA approval. We cannot even

begin to assess the data from the REVITALYZ trial until a sufficient number of patients have been enrolled and then have completed the study. Every day that we cannot enroll additional patients pushes out the date on which we can assess the data from the trial, which is a necessary first step before we can even apply for FDA approval. Further, a freeze on enrollment would damage the confidence of study investigators and harm Avadel's reputation in the sleep medicine community. Regardless of whether the injunction is ultimately lifted, a potential or actual interruption in patient care as a result of the injunction would make investigators less likely to recommend that patients enroll in either restarted REVITALYZ trial or other Avadel trials. Indeed, even a potential freeze or other legal issue surrounding a trial can cause investigators concerns. Additionally based on my experience in the pharmaceutical industry, many patients and investigators who become aware of a pause on enrollment will attribute it to safety concerns. Even if Avadel takes steps to correct that misapprehension, many patients and investigators will still incorrectly believe that there is a safety issue with Lumryz, damaging Avadel's reputation. Additionally, Avadel has engaged a contract research organization to support the trial. That organization has dedicated significant resources to helping run the trial and a disruption to it would damage Avadel's reputation and make it more difficult to find willing contract research organizations to work with in the future.

9. Similarly, if Avadel is enjoined from conducting additional clinical studies or if the open label extension that is a part of REVITALYZ is halted, that would also result in irreparable harm to Avadel. The open label extension portion of REVITALYZ is a part of the trial itself and important for patients considering participation. Thus, even if Avadel were allowed to continue enrolling patients in a version of REVITALYZ that does not have the open label extension, blocking an open label extension would make recruitment more challenging.

10. Even if there are no additional delays and no further studies needed, Avadel will still require time to complete its Phase 3 study and prepare its application for an idiopathic hypersomnia indication. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

11. Avadel does not currently market or promote Lumryz for any off-label uses, including the treatment of idiopathic hypersomnia.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 3, 2024.

Signed by:

*Jennifer Gudeman*

Jennifer Gudeman

Signer Name: Jennifer Gudeman
Signing Reason: I approve this document
Signing Time: 03-Sep-2024 | 8:44:57 AM CDT
81CADD0FE04A4B31B520F0DC35B6527D

4

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on September 3, 2024 on the following counsel in the manner indicated below.

### VIA EMAIL:

Jack B. Blumenfeld
Jeremy Tigan
Cameron Clark
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Catherine T. Mattes
Abigail DeMasi
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
catherinemattes@quinnemanuel.com
Abigaildemasi@quinnemanuel.com

*Attorneys for Plaintiffs*

Dated: September 3, 2024          */s/ Daniel M. Silver*
                                  Daniel M. Silver (#4758)